**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Bank of America, NA, and Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,** | Case No. 10-CV-3111-PA |
| Plaintiffs, | Defendants Bank of America, NA and Mortgage Electronic Registration Systems, Inc.'s |
| v. | REQUEST FOR JUDICIAL NOTICE |
| **NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | |
| Defendants. | |

Pursuant to Federal Rule of Evidence ("FRE") 201, defendants Bank of America, NA ("Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS") respectfully request this Court to take judicial notice of the documents attached to the Declaration of Stephen P. McCarthy submitted with this request. Alternatively, defendants Bank of America

PAGE 1 -   REQUEST FOR JUDICIAL NOTICE

and MERS request the Court to consider them pursuant to the incorporation by reference doctrines.

FRE 201 gives the Court the power to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b). Judicial notice may be taken at any stage of the proceedings. FRE 201(f). This Court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings[.]"). In addition, "documents whose contents are alleged in a complaint and whose authenticity no party questions * * * may be considered" in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)).

Documents that are properly subject to the incorporation by reference doctrine may also be considered by the Court at the motion to dismiss stage. In the Ninth Circuit, the doctrine of "incorporation by reference" has been extended to situations in which "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). When a plaintiff fails to introduce a pertinent document as part of her pleading, the defendant may do so as part of its motion to dismiss, and such documents will not be considered outside the pleadings. *Branch*

PAGE 2 -   REQUEST FOR JUDICIAL NOTICE

*v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

The following documents are the proper subject of judicial notice or should be incorporated by reference because they are a matter of public record, publicly available, and whose accuracy is not reasonably subject to debate.  FRE 201(b).

1. The Rescission of Notice of Default recorded September 20, 2010 in the official records of Jackson County as Record No. 2010-031346.

2. The Appointment of Successor Trustee recorded September 20, 2010 in the official records of Jackson County as Record No. 2010-031347.

3. The Notice of Default and Election to Sell recorded September 20, 2010 in the official records of Jackson County as Record No. 2010-031348.

For the foregoing reasons, Bank of America and MERS respectfully request that the Court grant their request for judicial notice or incorporation by reference.

DATED:  October 14, 2010

LANE POWELL PC

By   s/ Stephen P. McCarthy
    Stephen P. McCarthy, OSB No. 894152
    Pilar C. French, OSB No. 962880
    Telephone:  503.778.2100
Attorneys for Defendants Bank of America, NA,
and Mortgage Electronic Registration Systems, Inc.

PAGE 3 -   REQUEST FOR JUDICIAL NOTICE