**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants Bank of America, NA and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,**<br><br>                              Plaintiffs,<br><br>v.<br><br>**NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br><br>                              Defendants. | Case No. 10-CV-3111-PA<br><br>Defendants Bank of America, NA and Mortgage Electronic Registration Systems, Inc.'s<br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

## I. INTRODUCTION

Defendants Bank of America, NA and Mortgage Electronic Registration Systems, Inc. ("MERS"), (collectively "Bank Defendants"), move to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim for relief, and 8(a), for failure to provide a short and plain statement of the claim showing the pleader is entitled to relief.  Plaintiffs are borrowers obligated on a residential loan and trust deed.  On or about

PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

September 1, 2009, plaintiffs materially defaulted on their loan obligations resulting in the commencement of a non-judicial foreclosure by trustee Northwest Trustee Services, Inc.

Plaintiffs are in gross breach of the loan agreement. They have not made a regular monthly payment for approximately 13 months. Even though plaintiffs expressly agreed to permit foreclosure if they defaulted, plaintiffs claim that defendants are not permitted to foreclose. In support of that claim, plaintiffs argue that the trust deed unlawfully identifies MERS as the "beneficiary" and nominee for GN Mortgage, LLC, the originating lender. For the reasons discussed more fully below, the Court should dismiss plaintiffs' claims:

1. Oregon's Trust Deed Act does not prohibit MERS from being identified as the beneficiary in the trust deed.

2. The publicly recorded documents relating to the non-judicial foreclosure establish that Northwest Trustee Services, Inc. has properly instituted a non-judicial foreclosure.

3. By failing to contest that they are in default or allege that they can cure the default, plaintiffs have failed to plead sufficient facts to show they would be entitled to declaratory relief.

4. Bank Defendants have not breached the loan agreement. In fact, plaintiffs are the breaching parties and Bank Defendants should be awarded their reasonable attorney fees for having to defend this lawsuit.

## II. STATEMENT OF FACTS[1]

A. **Plaintiffs Entered Into a Loan Agreement With GN Mortgage, LLC.**

On or about November 17, 2005, in exchange for a loan of $260,000, which plaintiffs received, plaintiffs gave originating lender GN Mortgage, LLC an assignable promissory note and executed a deed of trust as security. (Complaint, ¶ 2, Ex. 1.) Pursuant to the terms of the

---

[1] Defendants recite the Statement of Facts in the light most favorable to plaintiffs solely for purposes of this motion and based on allegations alleged in plaintiffs' Complaint and documents that are incorporated into the Complaint.

PAGE 2 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

promissory note and deed of trust, plaintiffs agreed to make payments as required by the note, and that if they failed to pay as promised, they would be in default. (*Id.,* Ex. 1 at pp. 4, 10.) Plaintiffs further agreed that if they failed to cure the default, upon written notice, the note holder would be able to demand the total amount due. (*Id,* Ex. 1 at p. 13.) Plaintiffs also agreed that if the holder of the note were forced to incur expenses, including reasonable attorney fees to enforce its rights under the note, that it could recover those expenses under the terms of the note. (*Id,* Ex. 1 at p. 13.)

The deed of trust executed by plaintiffs granted a security interest in the residential property commonly known as 1380 Daisy Creek Road, Jacksonville, Oregon 97350 ("the Property"). (Complaint, Ex. 1, p. 2-3.) The deed of trust was recorded in the official records of Jackson County on November 23, 2005, under Record No. 2005-071547. (*Id.*, Ex. 1, p 1.) The deed of trust identifies MERS as grantee and nominee for the originating lender, GN Mortgage, LLC, plaintiffs as the borrower, and Regional Trustee Services Corp. as the Trustee. (Complaint, Ex. 1, pp. 1, 2.)

**B.    MERS Assigns the Deed of Trust to Bank of America.**

On or about May 3, 2010, MERS as nominee for GN Mortgage, LLC assigned the deed of trust to Bank of America, National Association c/o Wells Fargo Bank, NA. (Complaint at ¶ 4 and Ex. 2.) On May 7, 2010, the Assignment of Deed of Trust was recorded in the official records of Jackson County under Record No. 2010-014400. (*Id.*)

**C.    Northwest Trustee Services, Inc. is Appointed Successor Trustee and Issues a Notice of Default and Election to Sell.**

On or about May 3, 2010, MERS as nominee for GN Mortgage, LLC appointed Northwest Trustee Services, Inc. to serve as the successor trustee for the deed of trust. (Complaint, ¶ 4, Ex. 3.) The Appointment of Successor Trustee was executed on May 3, 2010, and recorded in the official records of Jackson County on May 7, 2010 under Record No. 2010-014401. (*Id.*)

PAGE 3 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

On May 3, 2010, Northwest Trustee Services, Inc. executed a Notice of Default and Election to Sell the Property. (Complaint, ¶ 4, Ex. 4.) On May 7, 2010, the Notice of Default and Election to Sell was recorded in the official records of Jackson County under Record No. 2010-014402. The notice recites that plaintiffs had failed to make monthly payments of $1,590.60, plus late charges and advances since September 2009. (*Id.*)

**D.   Northwest Trustee Services, Inc. Rescinds the Notice of Default and Election to Sell.**

After receiving plaintiffs' complaint, Northwest Trustee Services, Inc. recognized that certain documents were recorded out-of-order. On September 16, 2010, Northwest Trustee Services, Inc. signed a Rescission of Notice of Default. (Declaration of Stephen P. McCarthy in Support of Request for Judicial Notice ("McCarthy Decl."), Ex. 1.) The Rescission of Notice of Default was recorded in the official records of Jackson County on September 20, 2010 under record number 2010-031346. (*Id.*)

**E.   Appointment of Successor Trustee.**

On September 13, 2010, Wells Fargo Bank, as attorney-in-fact for Bank of America, National Association, executed an Appointment of Successor Trustee appointing Northwest Trustee Services, Inc. as successor trustee. (McCarthy Decl., Ex. 2.) The Appointment of Successor Trustee was recorded in the official records of Jackson County on September 20, 2010, under Record No. 2010-031347. (*Id.*)

**F.   Second Notice of Default and Election to Sell Issued.**

On September 16, 2010, Northwest Trustee Services, Inc. executed a Notice of Default and Election to Sell. (McCarthy Decl., Ex. 3.) The Notice of Default and Election to Sell was recorded in the official records of Jackson County on September 20, 2010, under Record No. 2010-031348. (*Id.*) The foreclosure sale of the Property is set for January 25, 2011. (*Id.*)

PAGE 4 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### III. ARGUMENT

**A.   Standard of Review.**

The court must dismiss a complaint when plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that a court must dismiss a complaint when a plaintiff has not pleaded "enough facts to state a claim for relief that is plausible on its face." 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (*Twombly*'s pleading standards apply to all claims); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (the Court should grant a Rule 12(b)(6) motion to dismiss when a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).

In evaluating a motion to dismiss, the Court must construe plaintiffs' complaint in the light most favorable to the plaintiffs and accept all well-pleaded allegations as true. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). The court need not accept as true, however, allegations that contradict facts that may be judicially noticed. *Id.* When a plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may do so as part of its motion to dismiss. *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). Such documents are not considered to be outside the pleadings. *Id.; accord, In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (court may take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions") (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). This court also may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See*

PAGE 5 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings").

**B.     Plaintiffs' Claims Should Be Dismissed for Failure to State a Claim**.

Plaintiffs have asked the Court to declare that the planned non-judicial foreclosure is wrongful and seeks a declaration that none of the Bank Defendants hold an interest in the Property because they purportedly failed to comply with Oregon's Trust Deed Act. Plaintiffs frame their action as one for declaratory judgment, but the relief they seek is essentially equitable and injunctive. Plaintiffs want the Court to enjoin the foreclosure of the Property. (Complaint, ¶¶ 5-11.) Plaintiffs admit that they have been paid and that none of the defendants have been repaid by them because they stopped paying anyone since September 2009. (Complaint ¶¶ 2, 4 and Ex. 4.) Bank Defendants respectfully submit that these allegations are at best self-serving speculation and insufficient to survive a motion to dismiss under standards articulated by the United States Supreme Court.

To the extent that plaintiffs articulate any other theories in support of their claims, they all—explicitly or implicitly—come down to this: according to plaintiffs, MERS lacked the legal authority to hold or assign any beneficial interest in the deed of trust, and for that reason, the assignments and appointments relied upon to support defendants' security interest in the Property, including the right to foreclose that interest, must fail.

In support of their "First Claim for Relief" for wrongful foreclosure, plaintiffs initially contend that MERS has no authority or right to assign the deed of trust (Complaint ¶ 5A), notwithstanding their own more specific allegations concerning the recorded assignment from MERS to Bank of America, as nominee for GN Mortgage, LLC (the original lender) and appointment of Northwest Trustee Services, Inc. as successor trustee to initiate the foreclosure (Complaint ¶ 4 and Exs. 2-3). Plaintiffs next allege that "MERS has no authority/right to assign the trust deed" because it never had "any actual interest in the loan" and its listing as a

PAGE 6 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

beneficiary "is a sham" (Complaint ¶ 5A), that the "assignment from MERS to Bank of America was a legal nullity" (Complaint ¶ 5B), that because "MERS is not licensed to do business in Oregon" its actions in foreclosure are "ultra vires and should be deemed void" (Complaint ¶ 5C), and that the appointment of Northwest Trustee Service was "unlawful" because MERS transferred its rights before appointing the successor trustee to commence foreclosure proceedings. (Complaint ¶ 5D.) All of plaintiffs' theories depend upon the legal assumption that MERS cannot act as the nominee of the original lender. (Complaint ¶ 5A-D.)

For the reasons explained below, the Court should dismiss plaintiffs' complaint and award defendants their reasonable attorney fees incurred in filing this motion.

**C.    Oregon's Trust Deed Act Does Not Prohibit MERS From Being Designated as a Beneficiary as Nominee for the Lender.**

Plaintiffs first contend that Oregon's Trust Deed Act does not permit MERS to be designated as beneficiary as the nominee of the lender. Plaintiffs are incorrect.

ORS 86.705 defines "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)." Nothing in that statute prohibited MERS from being designated as beneficiary or "nominee for" GN Mortgage, LLC, the originating lender.

A nominee such as MERS is recognized to have the powers of a limited agent and "is generally understood as a person designated to act in place of another." *In re Huggins*, 357 B.R. 180, 183 (D. Mass. 2006) (holding MERS has standing to seek relief from bankruptcy stay); *see also* Gerald Korngold, *Legal And Policy Choices In The Aftermath Of The Subprime And Mortgage Financing Crisis*, 60 S.C. L. Rev. 727, 741-42 (2009).

*Black's Law Dictionary* defines "nominee" in relevant part as "[a] person designated to act in place of another, usu. in a very limited way[,] [or] [a] party who holds bare legal title for the benefit of others[.]" *Black's Law Dictionary* (9th 2009) at 1149. Plaintiffs specifically

PAGE 7 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

agreed to MERS's role as the nominee beneficiary for the original lender and its successors and assigns when they executed the Trust Deed. (Complaint, ¶ 3, Ex. 1.) The Deed of Trust states in pertinent part:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.**
>
> * * * *
>
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.
>
> * * * *
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]*

(*Id.*, Ex. 1, at 1-3) (emphasis added).

The Trust Deed is a standard form uniform instrument created and approved by Fannie May and Freddie Mac, specifically, the "Oregon-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." (*Id.* at 1.) Thus, use of the MERS system and MERS's status and powers as nominee beneficiary is expressly contemplated by these Congressionally-chartered organizations. Simply put, MERS is properly "empowered to act on behalf * * * [of] the equitable owner of the rights in the Deed of Trust" because "the Deed of Trust itself makes clear that MERS * * * may, if necessary, exercise all of the substantive rights of the * * * party who holds the beneficial ownership of the Deed of Trust." *In re Roberts*, 367 B.R. 677, 684 (Bankr. D. Colo. 2007). Thus, MERS had the authority to transfer the note and Trust Deed to subsequent assignees, including Northwest Trustee Services, Inc.

PAGE 8 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Numerous other courts have considered the argument plaintiffs assert here and have ruled that mortgage lenders and their assigns via MERS have standing to foreclose and enforce secured obligations, and that MERS has the power to take various actions on behalf of its member beneficiaries. *Vawter v. Quality Loan Service Corporation of Jackson,* 2010 WL 1629355 (W.D. Wash. April 22, 2010) (even accepting plaintiff's allegation that MERS merely exists to maintain records regarding ownership of mortgages, that does not mean that MERS cannot hold a beneficial interest under the trust deed); *In re Roberts*, 367 B.R. at 684 (holding MERS is properly "empowered to act on behalf * * * [of] the equitable owner of the rights in the Deed of Trust" because "the Deed of Trust itself makes clear that MERS * * * may, if necessary, exercise all of the substantive rights of the * * * party who holds the beneficial ownership of the Deed of Trust"); *Jackson v. MERS, Inc.*, 770 N.W.2d 487, 496 (Minn. 2009) (holding MERS does not need to record assignments of underlying indebtedness to initiate foreclosure proceedings); *Mortgage Electronic Registration Systems, Inc., v. Azize*, 965 So.2d 151, 153 (Fla. App. 2d 2007) (acknowledging MERS could have standing to enforce obligation); *Mortgage Electronic Registration Systems, Inc., v. Revoverdo*, 955 So.2d 33, 34 (Fla. App. 3d 2007) (MERS has standing to initiate foreclosure proceedings); *MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.E.2d 81 (2006) (MERS trust deeds do not violate real property law).

The federal courts have reached the same conclusion in a growing number of cases. *See In re Huggins*, 357 B.R. at 183 (MERS as nominee has standing to seek relief from Stay). *Elias v. HomeEq Servicing*, 2009 WL 481270, at *1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Blau v. America's Servicing Co.*, 2009 WL 3174823, at *7-8 (D. Ariz. 2009) (MERS was authorized to act on behalf of, and exercise the rights of, the loan originator); *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, at *11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *Derakshan v.*

PAGE 9 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 63176, *17-*18 (C.D. Cal. 2009) (same).[2]

Earlier this year, this court dismissed with prejudice the action of a plaintiff alleging, among other things, that defendants MERS, U.S. Bank and Northwest Trustee Services lacked standing based on contentions that defendants were not a real party in interest. *Stewart v. MERS, et al.*, CV No. 09-687-PK, 2010 WL 1055131 (D. Or. 2010) (construing Oregon Trust Deed Act). *See also Parkin Electric v. Saftencu, et al.*, Clackamas County Circuit Court Case No. LV08040727, Opinion dated March 12, 2000 by the Honorable Henry C. Breithaupt (copy attached as Exhibit 1). Analyzing the Oregon statutes, Judge Breithaupt found the plaintiff's claims "were devoid of legal or factual support" and awarded MERS its attorney fees pursuant to ORS 20.105. *Id.* at 4, 6-7.

**D.    Under Oregon Law, MERS Need Not Be Licensed to Do Business in This State.**

The Court should also reject plaintiffs' assertions that any action of MERS is void because it was not licensed by the state of Oregon. (Complaint ¶ 5C.) Plaintiffs' claim relies on the premise that a foreign corporation must be licensed in Oregon in order for its corporate acts to be valid. This premise is wrong as a matter of law. *See* ORS 60.701; 60.704. Oregon statutory law specifically excludes corporations that engage in certain corporate business activities in the state from licensing requirements, and also specifically provides that the corporate acts of unlicensed foreign corporations are not invalid. *Id.*

Generally "[a] foreign corporation may not transact business in this state until it has been authorized to so by the Secretary of State." ORS 60.701(1). The activities of MERS with respect to the Deed of Trust and the Property, however, are not activities that constitute "transacting business" such that MERS is required to obtain the authority of the Oregon

---

[2] *Cf.* Opinion and Order of Judge King dated October 6, 2001, in *Rinegard-Guirma v. Bank of America, NA*, USDC Case No. 10-1065-PK (D. Or.), discussing *In Re Allman,* USBC. No. 0831282-elp7 (D. Or.).

PAGE 10 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Secretary of State. ORS 60.701(2). ORS 60.701(2) identifies certain activities that, even if conducted in Oregon, do not subject a corporation to the requirement that it be authorized by the Oregon Secretary of State to conduct business in the Oregon. ORS 60.701(2) states, in pertinent part:

> The following activities among others, do not constitute transacting business within the meaning of subsection (1) of this section:
>
> (a) Maintaining, defending or settling any proceeding.
>
> * * * *
>
> (g) Creating or acquiring indebtedness, mortgages and security interests in real or personal property.
>
> (h) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts.
>
> * * * *
>
> (i) Owning without more real or personal property.
>
> * * * *
>
> (k) Transacting business in interstate commerce.

ORS 60.701(3) further states that, "[t]he list of activities in subsection (2) of this section is not exhaustive." Finally, even if MERS' actions did not fall within any of the exceptions provided for in the statute, ORS 60.701(5) provides that "[n]otwithstanding subsections (1) and (2) of this section, the failure of a foreign corporation to obtain authority to transact business in this state does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state."

E.  **Bank of America Properly Initiated A Non-Judicial Foreclosure.**

Plaintiffs also purport to invalidate the foreclosure proceedings by alleging in a conclusory manner that Bank of America lacks legal authority to act or otherwise failed to comply with procedures for instituting a non-judicial foreclosure. (Complaint, ¶¶ 5-7.) The

PAGE 11 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Court should reject plaintiffs' allegations because they are devoid of the requisite factual content to meet the standards set forth in *Twombly* and *Iqbal.*

Bank Defendants are also entitled to dismissal because the documents in the official records of Jackson County concerning the non-judicial foreclosure establish as a matter of law compliance with the requisite elements of Oregon law. (Complaint ¶¶ 2-3 and Exs. 1-4, Request for Judicial Notice, Ex. 1.) Contrary to plaintiffs' allegations, those documents establish the following:

- Since the Trust Deed was assigned to Bank of America c/o Wells Fargo, NA, it was the proper party to commence foreclosure proceedings. (*Id.*)

- Bank of America through Wells Fargo, NA was the proper party to appoint Northwest Trustee Services, Inc. as the successor trustee. (*Id.*)

- The Assignment of Trust Deed was properly executed. (McCarthy Decl., Exs. 2-3.)

- The Notice of Default and Election to Sell was properly issued by the successor trustee and identifies the beneficiary. As previously discussed, MERS was properly identified as the beneficiary and nominee of the original lender and its assignee.

- The assignment and appointment were properly recorded before the recording of the Notice of Default and Election to Sell. (*Id.* at Exs. 2-5.)

Accordingly, the publicly recorded documents relating to the non-judicial foreclosure plainly establish that Bank of America has properly instituted a non-judicial foreclosure. Plaintiffs' claims fail as a matter of fact and law.

Plaintiffs also contend that Bank of America cannot foreclose because, based on their speculations and assumptions concerning the legality of the assignment by MERS, Bank of America is not the holder of the note and trust deed. (Complaint at ¶¶ 5-7.) As this Court found in *Stewart v. MERS,* 2010 WL 1055131, at *12 (D. Or.), however, the Oregon Trust Deed Act

PAGE 12 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

"does not require presentment of a promissory note or any other proof of 'real party in interest' or 'standing,' other than the Deed of Trust." Here, under the Oregon statute, the Trust Deed, Assignment of Trust Deed, and Appointment of Successor Trustee collectively establish that Bank Defendants have authority to foreclose.

### F. Plaintiffs Are Not Entitled to Declaratory Relief and Cannot State a Claim for Wrongful Foreclosure or to Quiet Title.

The Court should dismiss plaintiffs' claim for declaratory relief because they do not contest their default or claim that they can cure it. In *Hogan v. NW Trust Services,* 2010 WL 1872945, *5 (May 7, 2010), this Court recently rejected a claim for declaratory relief, concluding that the claim amounted to nothing more than a collateral attack on Oregon foreclosure law.

The Court reasoned:

> Plaintiffs have not complained that they were not properly served with the Notice on the subject property. Nor do plaintiffs deny that they are in default on their loans or offer anything to indicate that they were able to tender the debt in order to disrupt the non-judicial foreclosure. Thus while a mortgage is said to carry with it the equity of redemption, that right exists only until the foreclosure sale and only if the mortgagor reimburses the mortgagee and cures the default.

*Id.*

Here as in *Hogan,* plaintiffs' claim is deficient. They do not dispute that they are in default, and have failed to plead that they can cure their default. Nor have they plead any basis for granting declaratory relief. Similarly, the Court should dismiss plaintiffs' claims for wrongful foreclosure and to quiet title by abrogating Bank Defendants' security interest in the Property.

Plaintiffs have not pleaded any facts to show that Bank Defendants are in breach of the loan agreement. In fact, plaintiffs have alleged that they are in breach by defaulting on their loan, and filed suit seeking to prevent Bank Defendants from exercising Bank of America's contractual right to foreclose. Viewed in light of the specific statutory authorizations provided

PAGE 13 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

under Oregon's statutes governing the foreclosure of trust deeds, plaintiffs' claims lack any objectively reasonable legal or factual basis. Accordingly, this Court should award defendants their reasonable costs and attorney fees incurred in defending against this lawsuit under the terms of the parties' contractual agreements, and under ORS 20.105, pursuant to the procedure set forth in Fed. R. Civ. P. 54(d).

### G. Plaintiffs' Claims Should Also Be Dismissed for Failure to Comply With Fed. R. Civ. P. 8.

The purpose of Rule 8 is to protect defendants from undefined charges and to keep federal courts free of frivolous suits. *Howard v. Koch*, 575 F. Supp. 1299, 1304 (E.D.N.Y. 1982). To allow a defendant to frame a responsive pleading, Fed. R. Civ. P. 8(a)(2) requires a pleading which sets forth a claim for relief to contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(e)(1) requires each averment to be "simple, concise, and direct." Fed. R. Civ. P. 10(b) requires claims to be limited to the extent possible to a "statement of a single set of circumstances." Plaintiffs' Complaint fails to satisfy these requirements.

Plaintiffs' pleading does not clearly and concisely allege the legal basis for their action. The appropriate recourse, in this jurisdiction as in others, is to dismiss the Complaint. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir.), *cert. denied*, 474 U.S. 1021, 106 S. Ct. 571, 88 L. Ed. 2d 555 (1985) (court upheld dismissal of a complaint exceeding 70 pages which was confusing and conclusory and not in compliance with Rule 8); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981) (dismissal with prejudice upheld). Otherwise, the Complaint "becomes a springboard from which the parties dive off into an almost bottomless sea of interrogatories, depositions, and pre-trial proceedings on collateral issues, most of which may have little relationship to the true issue in the case." *New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp.*, 16 F.R.D. 203, 206 (S.D.N.Y. 1954). Even if the factual elements of the claim are present, but are dispersed throughout the Complaint and not organized into a "short and

PAGE 14 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

plain statement of the claim," dismissal for failure to satisfy the requirements of Rule 8(a) is proper. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

### IV.  CONCLUSION

For the foregoing reasons, Defendants Bank of America and MERS' Motion to Dismiss should be granted with prejudice, and Bank Defendants should be allowed to recover their reasonable costs and attorney fees incurred herein.

DATED:  October 14, 2010

LANE POWELL PC


By     s/ Stephen P. McCarthy
    Stephen P. McCarthy, OSB No. 894152
    Pilar C. French, OSB No. 962880
    Telephone:  503.778.2100
Attorneys for Defendants Bank of America, NA and Mortgage Electronic Registration Systems, Inc.

PAGE 15 -  MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

707220.0017/880231.1

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200