

# CIRCUIT COURT OF OREGON
FIFTH JUDICIAL DISTRICT
CLACKAMAS COUNTY COURTHOUSE
807 MAIN STREET
OREGON CITY, OR 97045

503-722-2732
Fax: 503-655-8280

HENRY C. BREITHAUPT
Judge Pro Tem

March 12, 2009

Roger J Leo
Attorney at Law
520 SW Yamhill Street Ste 1025
Portland OR 97204

Kevin J Tillson
Hunt & Associates PC
101 SW Main Street Ste 805
Portland OR 97204

Teresa M Shill
Routh Crabtree Olson PC
11830 SW Kerr Parkway Ste 385
Lake Oswego OR 97035

Re: Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

Dear Counsel:

This matter is before the court on the application by Defendant Mortgage Electronic Registration Systems (MERS) for an award of attorney fees pursuant to ORCP 68. This court has reviewed the entire court file in this matter, the recordings of both the ORCP 21 hearing, and the initial hearing on the motion for summary judgment.

As a preliminary matter, Plaintiff objects that this request is somehow defective because no judgment has been entered. ORCP 68 C(5)(a) clearly contemplates that the matter of fees can be addressed before a judgment is entered or, pursuant to ORCP 68 C(5)(b), by way of an application and a supplemental judgment following an earlier entry of an earlier underlying judgment. The decisions on the underlying motions of MERS were based on decisions announced orally at the hearing on the motions. The disposition sheet in the file indicated that "supplemental briefing may occur on atty's fees." MERS ultimately submitted a form of order that ordered that MERS bring its motion against Plaintiff under ORS 20.105 "separately in the form of a motion for Supplemental Judgment within the ORCP 68 timeframe." With matters proceeding in parallel on discussion of the order on the motions for summary judgment and the application for fees, MERS did file a Motion for Supplemental Judgment for Attorney's Fees and Costs. Discussion among the parties and the court occurred, and the court permitted MERS to

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

Page 1 of 7

proceed over an objection by Plaintiff that a motion for supplemental judgment was not proper as there was, as yet, no underlying judgment. On this point Plaintiff is technically correct as no judgment has yet been entered as between MERS and Plaintiff. However this technical imperfection must be disregarded and the motion for fees must be treated as an application for fees to be included in a judgment. ORCP 12 mandates such action where, as here, there was no prejudice to Plaintiff from the error. Plaintiff had full opportunity to and did fully resist the application for fees both in briefing and at a hearing on the matter.

Next, Plaintiff objects that MERS cannot recover fees because its allegation of a right to fees under ORS 20.105 was stricken from its complaint in a proceeding before Judge Redman on a motion filed by Plaintiff under ORCP 21 E. This court is of the opinion that the action of Judge Redman in the hearing on the motion to strike was either in error or irrelevant to the ability of MERS to seek fees.

ORCP 68 C(2)(a) requires that a party seeking fees "allege the facts, statute *or rule that provides a basis* for the award of such fees * * * ." No attorney fees shall be awarded unless a right to recover such fees is *alleged* as provided in this subsection." (Emphasis added). The rule goes on to provide that an opposing party can move to strike an allegation, and Plaintiff here did move to strike the allegation of a right to fees under ORS 20.105 on the basis that it was a sham, frivolous, or irrelevant. Plaintiff argued at the hearing that there were no facts alleged that would give right to an award of fees. To the extent Judge Redman relied on that argument, and there was no other argument, the reliance was misplaced because the rule permits an allegation of facts *or* a statutory basis for the claim, and the statutory basis was clearly set out. *Parkhurst v. Faessler*, 62 Or App 539, 541-42, 661 P2d 571 (1983). Further, ORCP 68 C(2)(a) specifically provides that "[a]ttorney fees may be sought before the substantive right to recover such fees accrues."

To bar a party from an award of fees in a situation such as this would serve no purpose to which the rule addresses itself. As the Court of Appeals has recognized, the purpose of the requirement that a party plead the basis for a fee award is simply to put the opposing party on notice that a request for fees may be filed after the case has been decided on the merits. *Walker v. Grote*, 106 Or App 214, 217, 806 P2d 725 (1991). That purpose was fully served by the allegation in the initial answer filed by MERS and further by its reassertion of that claim for fees in its motion for summary judgment. Additionally, because, under *Dimeo v. Gesik*, 197 Or App 560, 562, 106 P3d 697 (2005) a right to fees may arise in the course of the litigation or be amplified in such course, it would be unreasonable to require a party to plead facts that might not yet have occurred. Indeed, just such a situation occurred here. Counsel for MERS attempted to dissuade Plaintiff from proceeding with its action, asserting in correspondence the arguments that, in the end, proved successful at the summary judgment stage. Nonetheless, Plaintiff persisted, but did so *without* including in its pleadings the facts or theories on which it relied at summary judgment (those being the claims that MERS was incapable of appearing in court, that it was not the real party in interest, and that the recordation of its trust deed somehow violated the Oregon recording statutes and was not entitled to the benefit of ORS 87.025(6)).

At such time as the broader outline of Plaintiff's attack was known, MERS moved for summary judgment and in connection with that motion reasserted its right to fees under

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT __1__ PAGE _2_ OF _7_

ORS 20.105. The court notes that, at the time that MERS raised its right to fees under ORS 20.105 by motion, the motion to strike the allegation of the right to fees under ORS 20.105 had not been ruled upon. This court can see no reason that MERS has not met the requirements of ORCP 68, especially considering that in naming MERS as a defendant in its foreclosure suit without alleging facts to support relief against a prior lienholder, Plaintiff acted in derogation of clearly established Oregon case law.

It is to that case law that the court will now turn. In *Giesy v. Aurora State Bank, et al.*, 122 Or 1, 255 P 467, *reh'g den*, 122 Or 1 (1927), the Oregon Supreme Court dealt with a property encumbered with a prior lien and a subsequent lien. The court spoke within the context of section 423 Oregon Laws, *see id.* at 6, a statute whose provisions are the predecessor of the current ORS 88.030, which provides:

> "Any person having a lien subsequent to the plaintiff upon the same property or any part thereof, or who has given a promissory note or other personal obligation for the payment of the debt, or any part thereof, secured by the mortgage, or other lien which is the subject of the suit, shall be made a defendant in the suit, and any person having a prior lien *may be made defendant* at the option of the plaintiff, or by the order of the court when deemed necessary. The failure of any junior lien or interest holder who is omitted as a party defendant in the suit to redeem within five years of the date of a sheriff's sale under ORS 88.080 shall bar such junior lien or interest holder from any other action or proceeding against the property by the person on account of such person's lien or interest." (Emphasis added).[1]

In *Giesy*, the subsequent lienholder (Weiner) named the prior lienholder ("the company") and alleged only that the company claimed an interest in the property but that such interest was subordinate to the interests of Weiner. 122 Or at 6-7. That is essentially what Plaintiff alleged in this case as to MERS. The court in *Giesy* stated of that allegation:

> "This is a mere legal conclusion. If the company's mortgage had been paid, but was unsatisfied of record, or if it was fraudulent or invalid, and for that reason inferior to Weiner's claim, the pleader should have set forth the facts showing such to be the case. Whenever a litigant in a suit to foreclose a mortgage lien seeks to challenge the validity of a prior recorded mortgage, or the right of the mortgagee therein named to a superior lien, it is mandatory upon him to allege facts from which it would appear that the prior mortgage was invalid, or that it would be inequitable that such mortgagee's lien be made superior to his."

*Giesy*, 122 Or at 7. In this case, no such allegations were made. Plaintiff alleged only the conclusion that its lien was in parity with or superior to that of MERS even though the title records established that Plaintiff's lien was later in time. Plaintiff alleged no facts and stated no theories by which this reversal of priority would be justified. Those facts and theories were first

---

[1] While the current statute, as was true of the statute in *Giesy*, permits joinder of senior interests, that permission does not act to insulate a party from a fee award if the claim made is without foundation in fact or law.

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727                           Page 3 of 7

presented in Plaintiff's papers at the summary judgment stage and they involved the three claims mentioned above: that MERS was disqualified from maintaining its defense in the proceeding, that MERS was not the real party in interest, and that the MERS position was obtained in violation of the Oregon recording statutes and was, therefore, either void or without the benefit of ORS 87.025(6). In naming the senior lienholder without allegations of how Plaintiff could obtain priority and without any allegation of facts or theories supporting a claim that the MERS lien was void, Plaintiff's actions were devoid of legal or factual support.

Moreover, each of the grounds that Plaintiff ultimately stated and relied on in connection with the cross-motions for summary judgment is devoid of legal or factual support. Plaintiff first asserted that MERS could not make a claim for attorney fees or other affirmative relief because it was not registered to do business in Oregon. For this proposition Plaintiff cited ORS 60.704, a statute describing the disabilities under which a foreign corporation must live *if it is doing business in Oregon* without proper registration. However, ORS 60.701 explicitly states that maintaining or defending an action *is not doing business* such as to require registration. That statute also provides that creating or acquiring indebtedness and security for indebtedness is not transacting business. Finally, ORS 60.701 provides that securing and collecting debts and enforcing mortgages and other security interests is not doing business so as to require registration. Plaintiff asserted there is a distinction between MERS defending, which Plaintiff says is permitted without registration—and MERS seeking affirmative relief—either a declaration as to priority or attorney fees—which Plaintiff says is not permitted. That distinction finds support in ORS 60.704(5). However, the court cannot see how the remedy of a fee award under ORS 20.105 in connection with the *defense* of an action brought by Plaintiff, and without foundation in fact or law, could be viewed as affirmative relief.

Plaintiff's second position was that MERS is not the real party in interest in this matter as required by ORCP 26. There is no doubt that under the trust deed between the original lender and the borrower, MERS was both listed as the beneficiary of the trust deed and the parties to that contract agreed that MERS could and would act as, in effect, agent for the original lender and any later holder of the rights of the original lender. It is important to consider that under our trust deed statute, the "beneficiary" is "the person named or otherwise designated in a trust deed as the person for whose benefit the trust deed is given, or the person's successor in interest." ORS 86.705(1). The record also reveals that Plaintiff had notice of the role of MERS and the terms of the trust deed very early in the course of this litigation.

ORCP 26 A provides that "a party with whom or in whose name a contract has been made for the benefit of another * * * may sue in that party's own name without joining the party for whose benefit the action is brought * * * ." Under that language, MERS, as the named beneficiary under the trust deed as a nominee for others, could bring an action without being required to name such others and therefore can defend against Plaintiff. Further, if the claim of MERS for declaratory relief and attorney fees is viewed as seeking affirmative relief for such others, ORCP 26 provides that MERS is to be treated as the real party in interest as to such claims.

Plaintiff next asserted that something in the practice of MERS operating as an agent or nominee for others as to liens is such a violation of the spirit and letter of Oregon recording law

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT 1 PAGE 4 OF 7

that the actions of MERS cause any lien naming it as agent to be void or not subject to the beneficial provisions of ORS 87.025(6). Plaintiff cites no statute or case that provides direct support for such a proposition. The only support provided was stated to be in ORS 93.640 and ORS 93.643. ORS 93.640 and ORS 93.643 do not provide that the practices of lenders and MERS as their agent are invalid. Those statutes only provide that unrecorded interests are not entitled to the benefit of constructive notice. The simple answer to this argument is that the interest of MERS, and those for whom it was nominee, in question here was recorded and known to Plaintiff when it received the litigation guarantee document prior to starting this action.

The statutes do not prohibit liens to be recorded in the deed records of counties under an agreement where an agent will appear as lienholder for the benefit of the initial lender and subsequent assignees of that lender—even where the assignments of the beneficial interest in the record lien are not recorded. It is clear that such unrecorded assignments of rights are permissible under Oregon's trust deed statute because ORS 86.735 provides that if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure. The trust deed statutes therefore clearly contemplate that assignments of the beneficial interests in obligations and security rights will occur and may, in fact, not have been recorded prior to foreclosure. The legislature was clearly aware that such assignments occurred and nowhere provided that assignments needed to be recorded to maintain rights under the lien statutes except where foreclosure by sale was pursued.

Ultimately, MERS sought the protection of the lien statutes in ORS chapter 87. Those provisions do not provide rights, obligations or status in respect of "lenders," as Plaintiff repeatedly sought to establish. Those statutes look only to notices to and the states of "mortgagees" and only the beneficiary of a trust deed is treated as a mortgagee under ORS 87.005(6). The statutes do not prevent agency arrangements as agreed upon among borrowers, lenders, trustees and beneficiaries. In this case, very early on Plaintiff received a title report document that, in fact, showed that the property that it sought to lien had two prior trust deeds filed against it. One was the lien in question here, as to which MERS was shown as "beneficiary" and contact information to MERS was provided. The other was a later line of credit trust deed as to which Bank of America was listed as "beneficiary." Plaintiff proceeded to name in its complaint Bank of America—a "beneficiary"—but did not initially name MERS, the other listed "beneficiary." Instead, Plaintiff named the original lender who initially was the principal for MERS as agent or nominee and did not name MERS.

Plaintiff may also have failed to provide certain notices to MERS that impaired its rights to collect attorney fees in its foreclosure action. This action, for which Plaintiff has only itself to blame—MERS was, after all, shown as the beneficiary on the litigation guarantee—cannot affect the rights of MERS. The notice provisions in the lien statutes do not direct notices be given to lenders but rather direct that they be given to "mortgagees." Moreover, as will be next discussed, no amount of notice to MERS or any person for whom it acted would have allowed Plaintiff to obtain a position superior to that of MERS or such other persons. They had the protection of Oregon's priority statutes and were not subject to an exception under ORS 87.025(6).

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT 1 PAGE 5 OF 7

From the moment MERS became a target of Plaintiff's efforts, its counsel asserted that MERS had priority over Plaintiff's construction lien by reason of the provisions of ORS 87.025(6). At the hearing on the summary judgment motions in this matter, Plaintiff attempted to establish that its lien was superior to that of MERS because its lien had the benefit of ORS 87.025(2). In its argument, Plaintiff completely ignored the opening clause of that statute which provides that its rules do not apply in the case that ORS 87.025(6) applies.[2]

When Plaintiff finally addressed ORS 87.025(6), it asserted that MERS had the burden of proof with respect to the factual predicate stated in the statute that could give a lien, like Plaintiff's, created under ORS 87.010, priority as to certain alterations or repairs. That predicate is that the deed of trust over which priority is sought must have been given to finance the alteration or repair. *If that predicate is not satisfied*, the statute provides that Plaintiff's lien "shall not take precedence over the mortgage or trust deed." Thus, for a lien claimant to get the benefit of the exception in ORS 87.025(6), the lien claimant must be involved in an alteration or repair and the trust deed involved must have been given to finance the alteration or repair. The court is of the opinion, and so ruled at hearing on this matter, that on such questions the plaintiff would have the burden of proof as it would be the party taking any benefit from positive findings on such factual questions. Plaintiff contested this conclusion but admitted that it did not have evidence in the record that the contract was a contract for alteration or repair. Plaintiff does not appear to have ever asserted that the trust deed in question was given to finance any repair or alteration. Interestingly, the record appears to fully support, and permit no factual conclusions other than, that Plaintiff's contract was for alteration or repair. Indeed, *Plaintiff* alleged that its contract was for "remodeling." The record also establishes without doubt that the trust deed in question was given long before Plaintiff ever visited the property and was not given to finance the "remodeling" that Plaintiff undertook.

Plaintiff's arguments as to the operation of ORS 87.025(6) were devoid of legal or factual support. Plaintiff could avoid the clearly adverse effect of that statute only if it somehow established that MERS was not the beneficiary of a trust deed or that MERS was somehow disabled from making an assertion that it was the beneficiary of a trust deed. For this purpose it made the arguments on corporate qualification to do business, real party in interest and violation of the recording statutes that were discussed above and found to be devoid of basis in fact or law.

Plaintiff chose to go on a crusade in this case against the contractual practices that lenders, borrowers, and MERS have chosen to use. Those practices are not proscribed by law. Although Plaintiff at the hearing on summary judgment in this matter admitted that it was not authorized to act as a private attorney general as to the question of the validity of the MERS system, this is exactly what it has chosen to do—arguing numerous public policy and revenue interests that it asserts are violated by the MERS system. Whatever its motivations were, MERS should not have to bear the economic consequence of defending against this crusade.

Plaintiff did not request an evidentiary hearing on the question of reasonableness of the fee request. It did object to the amount although it did not object to the hourly rate on which the

---

[2] Plaintiff appeared to also argue that it could claim the benefit of ORS 87.025(3) because MERS had not shown the work was not original construction. However, Plaintiff had actually alleged that the work was for "remodeling" and was estopped from asserting otherwise.

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727                                Page 6 of 7

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT 1 PAGE 6 OF 7

request is based. Plaintiff asserted that the time invested by counsel for MERS in this matter was excessive and not reasonably calculated to protect the interests of MERS. Plaintiff asserts that the fees were charged due to a "contest of wills" that was unnecessary because counsel for Plaintiff offered reasonable alternatives to litigation. The court concludes that, if there was a contest of wills, Plaintiff's counsel initiated the contest. This court has considered ORS 20.075 and finds the amount of the fee and cost request to be reasonable for the following reasons:

(1) MERS early on sought to obtain the result it obtained in this matter, and for the reasons it ultimately prevailed. Plaintiff rebuffed all such attempts to resolve the matter;

(2) The court is not aware of any reason why MERS was obliged to accept alternatives suggested by Plaintiff in order to escape from litigation brought against it by Plaintiff. Plaintiff brought no evidence to the court, other than the assertions of its own counsel that it would be viewed as unreasonable for MERS to resist the crusade on which Plaintiff embarked;

(3) Plaintiff served discovery requests on MERS to which responses were demanded, but which had little or nothing to do with the claims ultimately made by Plaintiff against MERS. Those requests required attention by counsel to MERS;

(4) Notwithstanding clear Oregon case law to the contrary, Plaintiff did not plead facts or theories that would support its position that its asserted lien would be superior to that of MERS;

(5) The claims and positions of Plaintiff were in no way reasonable. The ultimate claim of Plaintiff, never contained in its pleadings, was in substance, for a declaration that the MERS system is invalid. That substantive position was, however, asserted in the guise of numerous other arguments that required attention and work to dispute and which were without basis in fact or law; and

(6) An award in this instance will not deter good faith claims in other cases and this award will, hopefully, deter litigation behavior of the type undertaken by Plaintiff.

The application for fees and costs is granted. Counsel for MERS is directed to prepare a form of judgment based on this decision and the earlier order entered in this matter.

Very Truly Yours,

//s// *Henry Breithaupt*

Henry C. Breithaupt
Judge

Parkin Electric, Inc. v. Saftencu, et al., No. LV08040727

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

EXHIBIT __1__ PAGE __7__ OF __7__