James J. Stout, OSB #93473
E-Mail: jjstout1@aol.com
James J. Stout, PC
419 S. Oakdale Ave.
Medford, OR 97501
Phone: (541) 618-8888
Fax: (541) 618-9015
     Attorney for Plaintiffs Hooker

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| IVAN HOOKER AND KATHERINE HOOKER, <br>      Plaintiffs, <br>    vs. <br> NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. <br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No.: 10-CV-03095-PA

RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs respond to defendants' motion to dismiss as follows:

### PRELIMINARY STATEMENT

Defendants' motion to dismiss misses the point.  The point is not whether or not plaintiffs are in default, the point is whether or not the defendants have the authority and right to foreclose, and whether the defendants have followed the proper procedures of ORS Chapter 86 to foreclose the trust deed.

## PARAGRAPH B STANDARD FOR FED RULE CIVIL PROCEDURE

**Standard for Fed. R. Civ. P 12(b)(6) Motion to Dismiss**.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Court stated that "Fed. R. Civ. P 8(a)(2) states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "[D]etailed factual allegations" are not required.  *[Citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)], but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*,. at 570, 127 S. Ct. 1955, 167 L. Ed 2d 929.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed 2d.  Plaintiffs have satisfied the requisite pleading standard herein.

### D.    MERS is Not a Beneficiary and Has No Authority to Assign Interests in the Trust Deeds.

In order to understand what MERS is and what it is not, it is helpful to examine the structure of MERS as defined by the Supreme Courts of Kansas and Nebraska and the Court of Appeals of New York (New York's highest court):

> "MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing right in mortgage loans.  Through the MERS system, MERS becomes the Mortgagee of record for participating members through assignment of the Member's interest to MERS.  MERS is listed as the grantee in the official records maintained at county register of deeds offices.  The lenders retain the promissory notes, as well as the servicing rights to the mortgages.  The lenders can then sell these interests to investors without having to record the transaction in the public record.  MERS is compensated for its services through fees charged to participating members."

Landmark Nat. Bank v. Kesler, 216 P.3d '58, 164 (Kan. 2009)(emphasis supplied), citing Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking & Finance, 704 N.W.2d 784, 785 (Neb. 2005)(where MERS disclaimed a position in order to avoid payment of taxes).

In 1993, members of the real estate mortgage industry created MERS, an electronic registration system for mortgages. Its purpose is to streamline the mortgage process by eliminating the need to prepare and record paper assignments of mortgage, as had been done for hundreds of years. To accomplish this goal, MERS acts as nominee and as mortgagee of record for its members nationwide and appoints itself nominee, as mortgagee, for its members' successors and assigns, thereby remaining nominal mortgagee of record no matter how many times loan servicing, or the mortgage itself, may be transferred. MERS hopes to register every residential and commercial home loan nationwide on its electronic system. Merscorp. Inc. v. Romaine, 861 N.E.2d 81, 86(N.Y. 2006).

In analyzing this defined role of MERS against the standard MERS language in a mortgage document, the Superior Court of Rutland, Vermont in the matter of Mortgage Electronic Registration Systems, Inc. v. Johnston, Docket No. 420-6-09-Rdcv (2009), noted the definition of "nominee" from Black's Law Dictionary, 1076 (8th Edition, 2004) as being "a person designated to act in place of another in a very limited way" and as "a party who holds bare legal title for the benefit of others and distributes funds for the benefit of others". Legal title is defined as "a title that evidences apparent ownership but does not necessarily signify full and complete title or a beneficial interest", Black's Law Dictionary at 1523. This is in contrast to "equitable title", which is "a title that indicates a beneficial interest in property and gives the holder the right to acquire formal legal title".

The Vermont court held that the mortgage deed consistently referred to MERS "solely as a nominee" and that it holds "only legal title". The court further noted that the mortgage deed consistently referred to the Lender's rights to the property, and not MERS', which was consistent with MERS limited authority to act "solely as nominee". Against this backdrop of established decisional law and admissions of MERS, the Vermont court held that MERS could not enforce the underlying obligation, and may not enforce the mortgage deed it holds in its name with only "bare legal title". The fact that the Defendants herein have acknowledged the presence of this same MERS language in the Deed of Trust the subject of this action, results in MERS being subject to the same caveats as

set forth in the body of decisional law set forth herein.  MERS is only authorized to track loans electronically period.

The Vermont court examined the Nebraska decision where affirmative representations were made by MERS that:

"(a)  it does not acquire mortgage loans because it only holds bare legal title in a nominee capacity;
(b)  it is contractually prohibited from exercising any rights with respect to the mortgages, i.e. foreclosure, without the authorization of its members;
(c)  it does not own the promissory notes secured by the mortgages and has no rights to payments on the notes; and
(d)  it does not take applications, underwrite loans, make decisions on whether to extend credit, collect mortgage payments, hold escrows for taxes and insurance, or provide any loan servicing functions whatsoever.  MERS merely tracks the ownership of the lien and is paid for its services through membership fees charged to its members, concluding that MERS does not acquire "any loan or extension of credit secured by a lien on real property", and that MERS "does not itself extend credit or acquire rights to receive payments on mortgage loans; that the lenders retain the promissory notes and servicing rights to the mortgage, while MERS acquires legal title to the mortgage for recordation purposes."

The Vermont court went on to note that counsel for MERS in the Kansas decision "explicitly declined to demonstrate to the trial court a tangible interest in the mortgage", citing the case at 216 P.3d at 167, and that the Kansas court found that MERS had no stake in the outcome of any independent action for foreclosure, as it did not lend money, nor was anyone involved in the case required to pay MERS any money.  The Kansas court concluded by holding that "If MERS is only the mortgagee, without ownership of the mortgage instrument, it does not have an enforceable right", adding that while the note is essential, the mortgage itself is only "an incident" to the note.  Emphasis added.

The Vermont court, expounding further on the holding of the Kansas decision which itself noted what MERS argued to the Nebraska Supreme Court, found that MERS was not authorized to engage in practices that it would make it a party to either the enforcement of mortgages or the transfer of mortgages.  The Vermont court also noted that MERS and the lender intentionally split the obligation and the mortgage deed, and held that MERS lacked standing to bring a foreclosure action in its own name or as "nominee" on behalf of the lender.

The United States Bankruptcy Court for the District of Nevada in the matter of In Re Joshua and Stephanie Mitchell, Case no. BK-S-07-16226-LBR (Decision of August 19, 2008), in analyzing what MERS stated it was according to its own website; the testimony of the Secretary of MERS; and the definition of "beneficiary" from Black's Law Dictionary 165 (8th Edition 2004, the same as that used by the Vermont Court), held that "MERS is not a beneficiary as it had no rights whatsoever to any payments, to any servicing rights, or to any of the properties secured by the loans." (emphasis supplied) The Court cited the same MERS "Terms and conditions" set forth above in the MERS v. Girdvainis decision from 2006.

Thus and in view of the overwhelming weight of this now established decisional law, Defendants' assertion herein that MERS has some alleged authority to assign the trust deed essentially specious.  Defendants' argument violates the very caveats of MERS' own contract, and Defendants' assertion of what MERS is purportedly permitted to do is "diametrically opposite" of what MERS purports to be, as affirmatively represented to and found by the Courts of Nebraska (Supreme Court), Kansas (Supreme Court), New York (Court of Appeals), Vermont, South Carolina, and Nevada (Federal).  MERS was created to electronically track loans, not assign trust deeds, promissory notes, appoint successor trustees or institute foreclosure.

### MERS HAS NO AUTHORITY TO ASSIGN THE PROMISSORY NOTE

MERS is not listed on the promissory note and never had any right, title or interest in the note at any time.  It is a long established legal principle, that assigning the trust deed without assigning the underlying note is a legal nullity. Schleef v. Purdy, 107 OR 71, (1923); Flyer v. Sullivan, 284 A.D. 697 (1954); Hill v. Favour, 87p.2d 575 (1938); U.S. v. Hoffman, 826 p.2d. 340 (1992).  See the opinion of United States District Judge Garr M. King in Rinegard-Guirma v. Bank

of America, et al, District of Oregon, Portland Division, case #10-1065-PK. (Exhibit 1 to this motion)

In Re Allman, a case from the United States Bankruptcy Court for the District of Oregon, the court described MERS as "more akin to that of a straw man than to a party possessing all the rights given a buyer." Binkr. nl. 08-31282-ELP7, 2010 WL 3366405, @*10 (BINKR.D.OR.AUG 24, 2010) (Quoting Landmark National Bank, 289 Kan. @539). The court considered the meaning of "beneficiary" under Oregon's Trust Deed Statute as "the person named or otherwise designated in a trust deed as the person for whose benefit the trust deed is given…" ORS 86.705(1). The court then concluded after examining the language of the trust deed that it is almost identical to the language contained in the trust deed here, that MERS was not "in any real sense of the word, particularly as defined by ORS 86.705(1), the beneficiary of the trust deed." ID. Instead, MERS was a nominee and the trust deed was for the benefit of the lender.

Other courts have found that when the note and the trust deed are split, the transfer of the trust deed alone is ineffective. Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623-24 (Mo.Ct.App. 2009) "an assignment of the deed of trust separate from the note has no "force." Saxon Mortgage Servicing, Inc. v. Hillery, No C-084357EMC, 2008 W.L. 5170180, *5(n.d.cal Dec. 9, 2008) (same as Bellistri).

In addition to holding that MERS has no rights to the mortgage instrument, numerous Courts of the united States have also held that MERS has no rights to the promissory notes and no authority to transfer the same. As a foreclosure requires unity of ownership, by the same party, of both the note and the (incident) mortgage instrument, MERS' legal inability to transfer the Note further precludes it from instituting foreclosure.

The court in the matter of <u>Landmark National Bank v. Kessler</u>, 216 P.3d 158, 289 Kan. 528 (Kan. 2009), held that "a nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee", and that as MERS never held the promissory note, its assignment of the deed of trust to a third party separate from the note had no force, citing <u>Bellistri v. Ocwen Loan Servicing, LLC</u>, 284 S.W.3d 619, 623 (Mo.App. 2009).  The Kansas court also citing <u>In Re Wilhelm</u>, 407 B.R. 392 (Bankr.D.Idaho 2009) for its holding that the "standard note language does not expressly or implicitly authorize MERS to transfer the note", and the decision in <u>Saxon Mortgage Services v. Hillery</u>, 2008 WL 5170180 (N.D.Cal. 2008) as holding "for there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned…MERS purportedly assigned both the deed of trust and the promissory note…however, there is no evidence of record that establishes that MERS either held the promissory note or was given the authority…to assign the note".

The Supreme Court of Arkansas in the matter of <u>Mortgage Electronic Registration Systems, Inc. v. Southwest homes of Arkansas, Inc.</u>, 2009 WL 723182 (Ark. 2009) found that the deed of trust provided that all payments were to be made to the lender; that the lender made all decisions on late payments; no payments on the underlying debt were made to MERS; and MERS did not service the loan in any way as it did not oversee payments or administration of the loan in any way.  MERS asserted to be a corporation providing electronic tracking of ownership interest in residential real property security instruments.

MERS argued in the Arkansas case that it held a property interest through holding legal title with respect to the rights conveyed to the borrower by the lender.  The Court's response: "We disagree".  The Court found that title was conveyed to the trustee; that the deed of trust did not convey title to MERS; and that as such, MERS was not the "beneficiary" even though it is so designated in

the deed of trust.  The Court held that the lender on the deed of trust was the beneficiary as it received payment on the debt secured by the property.

Similarly here, MERS is not the trustee; MERS did not receive any payments; and thus MERS is not the "beneficiary" despite what Defendants claim.  The law cited above is clear and consistent that the "person for whose benefit a trust deed is given" is the lender, not MERS.

As set forth above, the Kansas decision in Landmark cited the case of Bellistri v. Ocwen, 284 S.W. 3d 619 (Mo.App.E.D. 2009).  That case held that the record reflected no evidence "that MERS held the promissory note or that the original lender gave MERS the authority to transfer the promissory note.  MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note was ineffective", citing Black v. Adrian, 80 S.W.3d 909, 914-915 (Mo.App.S.D. 2002).

The Federal Bankruptcy Court in the matter of In Re Wilhelm (cited above) similarly held, finding that although the deeds of trust named MERS as the nominal beneficiary", this language did not, either expressly or by implication, authorize MERS to transfer the promissory notes.  Without any transfer of the Notes, there was no interest in the Note by the party seeking to pursue a foreclosure through a MERS assignment.

Defendants completely ignore this wealth of recent decisional law with its consistent findings and holdings nullifying any alleged authority of MERS to do anything other that electronically tract mortgage loans, which law completely vitiates all of Defendants' positions as to MERS.  In view of this wealth of authority (which is the real "clear majority" of jurisdictions which have addressed the MERS issues), Defendants' arguments should be rejected.

More and more courts continue to come to this conclusion.  One of the most recent is the United States Bankruptcy Court for the Eastern District of California in the matter of <u>In Re Rickie Walker</u>, Case No. 10-21656 (opinion issued May 20, 2010) which cited the <u>Landmark v. Kesler</u> case cited hereinabove and other decisions from New York, Ohio, and the <u>In Re Vargas</u> case from California in support of its conclusion that "Since no evidence of MERS ownership in the underlying note has been offered, and other courts have concluded that MERS does not own the underlying notes, this court is convinced that MERS had no interest it could transfer to Citibank" and based thereon, "Since MERS did not own the underlying note, it could not transfer the beneficial interest in the Deed of Trust to another.  Any attempt to transfer the beneficial interest of a trust deed without ownership of the underlying note is void under California law."

## MERS HAD NO AUTHORITY TO APPOINT A SUCCESSOR TRUSTEE

On May 3, 2010, MERS attempted to assign the trust deed and also appoint a successor trustee.  The assignment of trust deed was recorded as document #2010-014400, in the official records of Jackson County, Oregon, and is attached to plaintiffs' complaint as Exhibit 2.  The appointment of successor trustee was recorded as document #2010-014401, in the official records of Jackson County, Oregon, and is attached to plaintiffs' complaint as Exhibit 3.

Either MERS does not have the authority or the capacity to assign the trust deed or appoint a successor trustee as set forth above; or MERS lacked the authority to appoint a successor trustee, after it assigned all of its right, title and interest to Bank of America.

Once the assignment of the deed of trust was recorded, MERS had assigned all of its right, title and interest in the deed of trust to Bank of America. Once that occurred, MERS had absolutely no authority to take any action whatsoever, including appointing a successor trustee.  Bank of America became the beneficiary and only the beneficiary can appoint a successor trustee.  ORS

86.790.  Since any authority that MERS may have had to act as beneficiary as "nominee" vanished after it assigned all of its right, title and interest to Bank of America, the appointment of a successor trustee by MERS was unlawful and illegal nullity.  As such, Northwest was not properly appointed as successor trustee and the foreclosure is wrongful.

CONCLUSION

1.  MERS does not have the authority to assign the trust deed.  MERS' sole function is to electronically track the assignments of loans in the Mers system.  It is not authorized to foreclose, assign trust deeds, notes, appoint successor trustees or any other functions.  There was no assignment of the trust deed from GN Mortgage, LLC or its successors in interest.

Defendants must have the proper assignments in order to foreclose under ORS chapter 86.  For this reason alone, defendants' motion to dismiss should be denied.

2.  MERS has no authority to assign the promissory note.  It is clear that an assignment of the trust deed without the underlying note is a legal nullity.  Since MERS could not assign the promissory note to Bank of America, Bank of America lacks the authority to take any action to foreclose.  For this reason alone, defendants' motion to dismiss should be denied.

3.  MERS had no authority to appoint a successor trustee, after it had assigned all of its right, title and interest in the deed of trust to Bank of America.  Since the appointment of the successor trustee was unlawful, the successor trustee lacks the authority to issue the notice of default and notice of sale and to foreclose.

Plaintiffs have properly pled ultimate faction to support each cause of action alleged.  The court should deny defendant's motion to dismiss, allow plaintiffs to proceed with discovery and hear this matter on the merits.

Dated: Tuesday, November 09, 2010

**JAMES J. STOUT, P.C.**

By __/s/ James J. Stout_____
James J. Stout
OSB No. 93473
Attorney for Plaintiffs Hooker

## CERTIFICATE OF SERVICE

### Case No. 10-CV-03095-PA

I, James J. Stout, hereby certify that I served the foregoing **RESPONSE TO MOTION TO DISMISS** on Tuesday, November 09, 2010, via ECF:

John M. Thomas
Routh Crabtree Olson, PC
11830 SW. Kerr Pkwy., Suite 385
Lake Oswego, OR 97035
      Attorney for Defendant NWTS

Stephen P. McCarthy
Pilar C. French
Lane Powell PC
601 SW. 2nd Ave., Suite 2100
Portland, OR 97204-3158
      Attorneys for Defendants MERS
      and Bank of America

Tuesday, November 09, 2010

        __/s/ James J. Stout, PC_____
        James J. Stout
        OSB No. 93473
        419 S. Oakdale Ave.
        Medford, Oregon 97501
        Phone: 541-618-8888
        Fax: 541-618-9015
        jjstout1@aol.com
          Attorney for plaintiff Hooker
           (clients/Hooker/certmail)