IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NATACHE D. RINEGARD-GUIRMA,** | Civil Case No. 10-1065-PK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LA SALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF AUGUST 1, 2006, GSAMP TRUST 2006-HE5, MERS, LITTON LOAN SERVICING LP,** and the **ORIGINAL AND PURPORTED SUCCESSOR TRUSTEES, LSI TITLE COMPANY OF OREGON, LLC, AND QUALITY LOAN SERVICING CORPORATION OF WASHINGTON,** | |
| Defendants. | |

KING, Judge:

Plaintiff Natache D. Rinegard-Guirma filed a Motion for a Temporary Restraining Order and Preliminary Injunction (#18) seeking to enjoin a foreclosure sale of her residence, scheduled for September 21, 2010 at 11:00 am. For the following reasons, the Court grants Rinegard-Guirma's motion for preliminary injunction and **continues to enjoin the foreclosure of Rinegard-Guirma's property** until the claim regarding Mortgage Electronic Registration Systems, Inc. is resolved.

## BACKGROUND

Rinegard-Guirma brings an action against the following defendants: Bank of America; National Association, as successor by merger to LaSalle Bank National Association[1]; Mortgage Electronic Registration Systems, Inc. ("MERS"); Litton Loan Servicing LP; LSI Title Company of Oregon, LLC; and Quality Loan Servicing Corporation of Washington. Am. Compl. at 1.[2]

Rinegard-Guirma alleges the following in her Amended Complaint:

She alleges all of the defendants have "conspired and colluded" to take her home by means of an "illegal" foreclosure. Am. Compl. at 2. She alleges flaws in the assignments and that the trustee has no standing to foreclose as a result. Specifically, she alleges LSI Title Company of Oregon, LLC purports to be the successor trustee, but there is nothing recorded in the public records confirming that appointment. Additionally, she alleges MERS had no authority to assign

_____

[1] The entity's full name is LaSalle Bank National Association, as trustee under the Pooling and Servicing Agreement dated as of August 1, 2006, GSAMP Trust 2006-HE5.

[2] Rinegard-Guirma has permission to file a Second Amended Complaint, which is due October 8, 2010. The claims she proposes for her Second Amended Complaint, that are relevant to this motion, are identical to those in her Amended Complaint.

the Deed of Trust. She also makes some assertions about LaSalle Bank National Association not having the authority to foreclose since it is not the "real party in interest." Am. Compl. at 3, ¶¶ 3, 4.

In her Motion for Temporary Restraining Order and Preliminary Injunction, Ringard-Guirma reiterates that defendants do not have an interest in the Deed of Trust and that they do not have standing to foreclose. She asserts that without a restraining order, defendants will continue "their discriminatory and fraudulent conduct." Mot. at 2. She also asserts she will be irreparably harmed because she will lose her house if the foreclosure sale proceeds.

The Court held a hearing on September 14, 2010. None of the defendants appeared. Ringard-Guirman submitted into evidence documents establishing that she faxed the Complaint and motion to Litton Loan Servicing and to Quality Loan Service Corporation of Washington.[3] She also submitted into evidence several documents she had obtained from the Multnomah County Recorder's Office.

In an Opinion and Order filed on September 15, 2001, the Court found that Ringard-Guirma was likely to succeed on the merits on at least one of her claims: nothing recorded with Multnomah County demonstrated that LSI Title Company of Oregon, LLC is the successor trustee. As a result, the Court concluded LSI Title Company of Oregon, LLC did not have the power of sale to foreclose on Ringard-Guirma's home. Additionally, the Court found Ringard-Guirma was likely to experience irreparable harm if her home was foreclosed upon. However, Ringard-Guirma had neglected to sue and serve LSI Title Company of Oregon, precluding the Court from

---

[3]At that time, Ringard-Guirma had not named Quality Loan Service Corporation of Washington as a defendant. She has since named the company as a defendant.

Page 3 - OPINION AND ORDER

enjoining the foreclosure. See ORS 86.790(4) (trustee a "necessary and proper party").

Additionally, the Court noted it was limited in its ability to issue a temporary restraining order

without notice to the adverse party. See Fed. R. Civ. P. 65(b).

Rinegard-Guirma subsequently filed an Amended Complaint naming LSI Title Company of

Oregon, LLC, thereby curing the flaw identified in the September 15 Opinion and Order, as well as

a substantially similar second Motion for a Temporary Restraining Order and Preliminary

Injunction. At a hearing on September 20, 2010, the Court granted Rinegard-Guirma's second

motion for a temporary restraining order. The Court accepted Rinegard-Guirma's representations

that she had provided all of the recorded documents to the Court, and the Court noted that an

appointment of a successor trustee, naming LSI Title Company of Oregon, LLC, was not among

those documents. The Court concluded the successor trustee did not have the power of sale and, as

a result, Rinegard-Guirma was likely to succeed on at least one of her claims. See ORS 86.735

(permitting foreclosure by advertisement and sale but only if "any appointment of a successor

trustee [is] recorded in the mortgage records in the counties in which the property described in the

deed is situated"). The Court also found Rinegard-Guirma was likely to suffer irreparable harm.

Additionally, Rinegard-Guirma offered sufficient evidence that she had notified the defendants of

her Complaint and of the hearing on her motion.

The Court scheduled a preliminary injunction hearing for October 4, 2010.

Defendants Bank of America National Association, MERS, and Litton Loan Servicing

submitted a response in opposition to Rinegard-Guirma's motion for a preliminary injunction, as

well as copies of documents recorded with the Multnomah County Recorder's Office. Defendants

request that I take judicial notice of these documents.

Page 4 - OPINION AND ORDER

The Court takes judicial notice of the documents and notes that Rinegard-Guirma signed a

promissory note on June 27, 2006 in the amount of $382,500, payable to Mortgage Lenders

Network USA, Inc.  She secured repayment of the loan by executing a Deed of Trust, conveying to

Mortgage Lenders Network USA an interest in her real property, located at 5731 NE 10th Ave,

Portland, Oregon 97211.  The Deed of Trust names Rinegard-Guirma as the borrower, Mortgage

Lenders Network USA, Inc. as the lender, and Stewart Title of Oregon, Inc. as the trustee.  The

Deed of Trust also contains the following language:  "Mortgage Electronic Registration Systems,

Inc. (MERS) is the Grantee of this Security Instrument."  Defs.' Judicial Notice, Ex. 1 at 1.  It

further explains:  "'MERS' is Mortgage Electronic Registration Systems, Inc.  MERS is a separate

corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.

**MERS is the beneficiary under this Security Instrument.**"  Id. at 2 (emphasis in original).

The Deed of Trust also provides, however:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender
> and Lender's successors and assigns) and the successors and assigns of MERS. . . .
> **This Security Instrument secures to Lender**: (i) the repayment of the Loan . . . ;
> and (ii) the performance of Borrower's covenants and agreements under this
> Security Instrument and the Note.

Id. at 3 (emphasis added).  The Deed of Trust further provides:

> Borrower understands and agrees that **MERS holds only legal title** to the interests
> granted by **Borrower in this Security Interest**, but, if necessary to comply with
> law or custom, MERS (as nominee for Lender and Lender's successors and assigns)
> has the right:  to exercise any or all of those interests, including, but not limited to,
> the right to foreclose and sell the Property; and to take any action required of Lender
> including, but not limited to, releasing and canceling this Security Instrument.

Id. (emphasis added).  Payments are to be made to Mortgage Lenders Network USA, Inc., not

MERS, and the lender can invoke the power of sale.

On April 15, 2008, at 4:56 a.m., Marti Noriega, acting as Vice President for "Mortgage

Electronic Registration Systems, Inc as nominee in favor of Mortgage Lenders Network USA, Inc."

signed an assignment of the Deed of Trust to LaSalle Bank National Association, as trustee under

the Pooling and Servicing Agreement dated as of August 1, 2006, GSAMP Trust 2006-HE5

("LaSalle Bank National Association"). The assignment was recorded on April 29, 2008. On

April 21, 2008, LaSalle Bank National Association, acting through Litton Loan Servicing LP as

attorney in fact, appointed LSI Title Company of Oregon, LLC as successor trustee.

Bank of America Corporation acquired, as part of a larger sale, LaSalle Bank Corporation

and its subsidiary LaSalle Bank National Association. It is the present beneficiary of the Deed of

Trust.

### LEGAL STANDARDS

The party moving for a preliminary injunction must show "that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

### DISCUSSION

Bank of America National Association, MERS, and Litton Loan Servicing point to the

document entitled Appointment of Successor Trustee, which names LSI Title Company of Oregon

the successor trustee to the Deed of Trust; this document refutes the Court's initial conclusion that

Rinegard-Guirma was likely to succeed on the merits. Defs.' Judicial Notice, Ex. 3. Defendants

represent that this appointment was recorded with Multnomah County real property records on

May 8, 2008. I agree with defendants and conclude Rinegard-Guirma is no longer likely to

succeed on her claim regarding the successor trustee's authority to foreclose on her property.

The Court turns to Rinegard-Guirma's remaining claims, which include her claim that

MERS had no right to assign the Deed of Trust because it was not able to assign the promissory

note. As noted above, the Deed of Trust secured performance of her obligation to the lender,

Mortgage Lenders Network USA, Inc., under the promissory note.

MERS' role as a "nominee" for the lender is intended to allow it to track the sale of

mortgage interests. Specifically,

> "MERS is a private corporation that administers the MERS System, a
> national electronic registry that tracks the transfer of ownership interests and
> servicing rights in mortgage loans. Through the MERS System, MERS becomes
> the mortgagee of record for participating members through assignment of the
> members' interests to MERS. MERS is listed as the grantee in the official records
> maintained at county register of deeds offices. The lenders retain the promissory
> notes, as well as the servicing rights to the mortgages. The lenders can then sell
> these interests to investors without having to record the transaction in the public
> record. MERS is compensated for its services through fees charges to participating
> MERS members."

Landmark Nat'l Bank v. Kesler, 216 P.3d 158, 164 (Kan. 2009) (quoting Mortgage Elec. Reg. Sys.,

Inc. v. Nebraska Dep't of Banking, 704 N.W.2d 784, 785 (Neb. 2005)).

The Court takes note of the cases cited by MERS in its memorandum in support of

defendants' motion to dismiss (#33), which support its argument that it is acceptable to conduct

property transactions using MERS in this fashion. These cases stand for the proposition that

MERS is a valid beneficiary under the Deed of Trust and may assign its interest to another entity.

Parkin Elec., Inc. v. Saftencu, Clackamas County Cir. Crt. Case No. LV08040727 (Mar. 12, 2009)

(MERS could act as agent for lender); Ciardi v. The Lending Co., No. CV 10-0275-PHX-JAT,

2010 WL 2079735 (D. Ariz. May 24, 2010) (plaintiffs failed to cite law that beneficiary must have interest in note); Vawter v. Quality Loan Svc. Corp., __ F. Supp.2d ___, 2010 WL 1629355 (W.D. Wash. Apr. 22, 2010) (no facts to support allegation that MERS was not beneficiary under Washington law). According to defendants, pursuant to these cases, all of the subsequent successors and assigns to the Deed of Trust are also valid beneficiaries with the authority to foreclose under the law.

The Court, however, is aware of contrary authority. In In re Allman, a case from the United States Bankruptcy Court for the District of Oregon, the court described MERS as "more akin to that of a straw man than to a party possessing all the rights given a buyer." Bankr. No. 08-31282-elp7, 2010 WL 3366405, at *10 (Bankr. D. Or. Aug. 24, 2010) (quoting Landmark Nat'l Bank, 289 Kan. at 539). The court considered the meaning of "beneficiary" under Oregon's trust deed statute as "the person named or otherwise designated in a trust deed as the person for whose benefit the trust deed is given . . . ." ORS 86.705(1). The court then concluded, after examining language of the trust deed that is almost identical to the language contained in the Deed of Trust here, that MERS was not "in any real sense of the word, particularly as defined in ORS 86.705(1), the beneficiary of the trust deed." Id. Instead, MERS was a nominee and the trust deed was for the benefit of the lender.

Additionally, other courts have held that MERS does not have authority to transfer the note, even though it has authority to transfer the trust deed. Those courts have noted that when the note and deed of trust are split, the transfer of the deed of trust is ineffective. Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623-24 (Mo. Ct. App. 2009) (in spite of deed language purporting to transfer the promissory note, MERS never held the note and the lender never gave

MERS the authority to transfer the note; thus MERS' transfer of the deed of trust, separate from the note, was ineffective and the successor lender lacked a legally cognizable interest in the property); Saxon Mortg. Serv., Inc. v. Hillery, No. C-08-4357 EMC, 2008 WL 5170180, at *5 (N.D. Cal. Dec. 9, 2008) (same as Bellistri); In re Wilhelm, 407 B.R. 392 (Bankr. D. Idaho 2009) (successor lender had no standing to seek relief from bankruptcy stay and move forward with foreclosure because MERS had no authority to transfer the note).

Oregon cases support the notion that the security, here the Deed of Trust, is "merely an incident to the debt." West v. White, 307 Or. 296, 300, 766 P.2d 383 (1988); see also U.S. Nat'l Bank of Portland v. Holton, 99 Or. 419, 428, 195 P. 823 (1921) ("The assignment of a mortgage, independent of the debt which it is given to secure, is an unmeaning ceremony.").

Federal courts are bound by pronouncements of the state's highest court on applicable state law. If the state's highest court has not decided an issue, and there is no relevant precedent from an intermediate appellate court, the federal court is to predict how the state high court would resolve it. "In assessing how a state's highest court would resolve a state law question– absent controlling state authority–federal courts look to existing state law without predicting potential changes in that law." Ticknor v. Choice Hotels International, Inc., 265 F.3d 931, 939 (9th Cir. 2001); see also Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 994 (9th Cir. 2007).

Absent a decision from the Oregon Supreme Court or the Oregon Court of Appeals, and absent further briefing from the parties on this specific issue, I am at least initially persuaded that Rinegard-Guirma has a likelihood of success on the merits.

As for irreparable harm, loss of a home is a grievous injury. Rinegard-Guirma informed the Court at the hearing on October 4 that she anticipated a decrease in her income long before she

Page 9 - OPINION AND ORDER

Case 1:10-cv-03111-PA    Document 12-2    Filed 11/09/10    Page 10 of 11    Page ID#:
121
Case 3:10-cv-01065-PK    Document 39    Filed 10/06/10    Page 10 of 11    Page ID#: 300

went into default–she works in sales–and she called the loan servicer to find out what her options were.  The servicer informed her that it could not help her until she was past-due on her payments. Ringard-Guirma has offered a sufficient explanation for her predicament and that she has made impressive efforts to keep her home.

I also find that the balance of equities weighs in Ringard-Guirma's favor.  Defendants lose nothing by preserving the status quo, particularly with my conclusion below that Ringard-Guirma must make payments as security during the pendency of this injunction.  Furthermore, the public interest is served by ensuring that foreclosure sales occur only when there is no defect in the preceding property transactions.

Accordingly, I grant Ringard-Guirma's motion for a preliminary injunction.  The defendants are enjoined from foreclosing Ringard-Guirma's property described as:  Lot 2, Block 16, Highland Park, in the City of Portland, County of Multnomah and State of Oregon, Assessor's Parcel Number R180361, commonly known as 5731 NE 10th Ave., Portland, OR 97211.

Pursuant to Federal Rule of Civil Procedure 65(c), I have considered the issue of security.  I order Ringard-Guirma to pay $500 to Litton Loan Servicing LP by Friday, October 15, 2010, and thereafter pay $1,000 by the fifteenth day of every month until the injunction is dissolved.  The total amount Ringard-Guirma pays during this time is to be credited against any amount she is deemed to owe.

## CONCLUSION

For the foregoing reasons, Ringard-Guirma's Motion for a Temporary Restraining Order and Preliminary Injunction (#18) is GRANTED.  **The defendants are enjoined from foreclosing Ringard-Guirma's property described as:  Lot 2, Block 16, Highland Park, in the City of**

**Portland, County of Multnomah and State of Oregon, Assessor's Parcel Number R180361,**

**commonly known as 5731 NE 10th Ave., Portland, OR 97211 until the claims against MERS**

**are resolved.**

IT IS SO ORDERED.

Dated this _____6th_____ day of October, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge