**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Bank of America, NA, and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,** | Case No. 10-CV-3111-PA |
| Plaintiffs, | REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS |
| v. | |
| **NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | |
| Defendants. | |

### I. INTRODUCTION

Plaintiffs bring this action seeking a "declaratory judgment" declaring that the foreclosure of the subject property is unlawful and enjoining foreclosure pursuant to the deed of trust until defendants' comply with Oregon's Trust Deed Act, ORS chapter 86. Defendants Bank of America, NA ("Bank of America") and Mortgage Electronic Registration Systems, Inc., ("MERS") (collectively "defendants") have moved to dismiss plaintiffs' complaint for failure to

PAGE 1 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

state a claim for relief, and for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, and following plaintiffs' response, submit this reply memorandum in support of their motion.

## II.  SUMMARY OF ARGUMENTS

Although they admit that they borrowed the money, that they have been in default for failure to make payments since September 2009, and that they agreed to foreclosure of the subject property if they defaulted, plaintiffs claim that defendants may not foreclose. In support of that claim, plaintiffs argue that the trust deed unlawfully identifies MERS as the "beneficiary" and nominee for GN Mortgage, LLC, the originating lender, and its successors and assigns.

Notwithstanding their own express contractual agreement to that arrangement, plaintiffs allege that MERS cannot act as beneficiary, and thus lacks authority to assign the trust deed to Bank of America. Complaint ¶¶ 5.A, 5.B. For this reason, plaintiffs allege that Northwest Trustee Services, Inc. ("NWTS"), the successor trustee appointed by Bank of America, lacks authority to foreclose. *Id.* Finally, plaintiffs allege that MERS' actions are void because it was not licensed to do business in Oregon, and the appointment of NWTS was unlawful. Complaint ¶¶ 5.C., 5.D.

In their motion to dismiss, defendants argue that Oregon's Trust Deed Act does not prohibit MERS from being identified as the beneficiary in the trust deed, and that the assignment of the trust deed from MERS to Bank of America, and Bank of America's appointment of NWTS, was properly recorded. Defendants cite extensive case law in support of their arguments. Defendants also point out that Oregon statutes do not require MERS be licensed to do business in this state. Finally, defendants argue that where they do not dispute their default, or allege ability to cure it, plaintiffs do not establish a basis for the only relief they seek, which is declaratory relief and an injunction.

In their response to the motion to dismiss, plaintiffs appear to abandon their contention that MERS' actions are void because it was not licensed to do business in Oregon. Indeed,

PAGE 2 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

plaintiffs argue that their own default or ability to cure is irrelevant—"the point is whether defendants have the right to foreclose"—even though that remedy is clearly granted by the deed of trust.

The central premise of plaintiffs' argument in opposition to dismissal is that MERS could not act as the beneficiary under the deed of trust, because it was not itself the lender and had no authority to assign the promissory note, and that MERS therefore could not assign the deed of trust to Bank of America. Plaintiffs also argue that "when the note and trust deed are split, the transfer of the trust deed alone is ineffective." Response, p. 6.

Plaintiffs are wrong on both counts. Under the terms of their contract, under the Oregon Trust Deed Act, and under the weight of authority, MERS is permitted to act as a nominee beneficiary, and had authority to assign the deed of trust. Contrary to plaintiffs' assumption, the note and trust deed were never "split"—rather MERS continued to serve as a nominee beneficiary, first with respect to the original lender and then with respect to its subsequent successors and assigns. The only assignment of the deed of trust to Bank of America was properly recorded, as was Bank of America's appointment of the successor trustee; under Oregon law, assignments of the note are not required to be recorded.

## III. DISCUSSION

**A.      MERS is the Trust Deed Beneficiary as Nominee of the Lender and its Successors**

     **1.      <u>Plaintiffs' Contract:  What the Trust Deed Says</u>.**

As defendants established in their opening brief, the trust deed signed by plaintiffs identifies MERS as beneficiary and provides, as Oregon's Trust Deed Act allows, that the beneficiary can assign the trust deed or appoint substitute trustees who are empowered to commence foreclosures. MERS was appointed, with plaintiffs' express consent in the trust deed, as nominee (or agent) of the original lender, *and* any successors and assigns:

> MERS is a separate corporation that is acting solely as a nominee for Lender *and Lender's successors and assigns*. **MERS is the beneficiary under this Security Instrument.**

PAGE 3 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

\* \* \* \*

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and assigns)* has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]

Complaint, Exhibit 1, at 1-3) (emphasis added). As defendants pointed out in their opening brief, ORS 86.705 defines "beneficiary" as "the person *named or otherwise designated* in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest" (emphasis added) and nothing in that statute prohibited MERS from being designated as beneficiary and "nominee for GN Mortgage, LLC, the originating lender.

Plaintiffs' response ignores their contractual agreement to this agency relationship, and fails to address *any* of defendants' legal authority, which include decisions supporting the view that MERS has the legal ability under Oregon law, to act as a "beneficiary" under Oregon's Trust Deed Act, and decisions from Ninth Circuit nonjudicial foreclosure jurisdictions such as Washington, California and Arizona, holding that MERS has the standing, power and authority to assign a deed of trust, appoint trustees, or foreclose in its own name pursuant to the laws of those states.

2.     **Plaintiffs' Case Law**.

Without discussing the decisions cited by defendants, or the terms of their trust deed, plaintiffs first present a handful of cases outside Oregon for the proposition that MERS is not a beneficiary and has no authority to assign interests in trust deeds. Plaintiffs rely most heavily on a Kansas case, *Landmark Nat'l Bank. v. Kesler*, 216 P.3d 158 (Kan. 2009), but fail to mention that the case involved only the question of whether MERS, as beneficiary of a second lien, should have been served with notice of a *judicial* mortgage foreclosure brought by the lender under Kansas mortgage foreclosure statutes. The court found that MERS did not qualify as a

PAGE 4 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

party entitled to such notice because the note holder, for whom MERS held the security, had received notice. MERS, as a nominee with legal title, did not qualify as a "necessary party" to the case under Kansas' procedural rules for judicial foreclosure.

Here, MERS is not seeking to judicially foreclose the trust deed, and so whether it could appear in court (or receive notice concerning court proceedings) is irrelevant to whether it can, under the contract and Oregon law, appoint a trustee and assign the trust deed. As discussed in defendants' opening brief, Oregon law does not require that MERS prove that it is the holder of the note in order to foreclose the trust deed. *See Stewart v. MERS,* 2010 WL 1055131, 12 (D. Or.) (Oregon Trust Deed Act "does not require presentment of a promissory note or any other proof of 'real party in interest' or 'standing,' other than the Deed of Trust"). *See also Diessner v. Mortgage Electronic Registration Systems, Inc., et al.*, 618 F. Supp. 2d 1184 (D. Az., 2009), *aff'd* 09-16497, 2010 WL 2464899 (9th Cir. 2010) (presentment of note not required in Arizona nonjudicial foreclosure).

Courts in nonjudicial foreclosure states such as California and Arizona have refused to adopt the *Landmark* court's holding to restrict foreclosures under power of sale. *See, e.g., Blau v. America's Servicing Company*, No. CV 08-773 (D. Ariz., Sept. 28, 2009); *Newbeck v. Washington Mutual Bank*, No. CV 09-1599 (N.D. Cal., Jan. 19, 2010); and *Chilton v. Federal National Mortgage Association*, No. CV 09-2187 (E.D. Cal., Jan. 10, 2010). All three courts specifically mention *Landmark* in their decisions, decided it is not persuasive, and ruled in favor of MERS or the MERS member attempting to foreclose.

Another decision that plaintiffs cites to several times, *Bellistri v. Ocwen Loan Servicing, LLC,* 284 S.W.3d 619 (Mo. App. 2009) has been overturned, for all practical purposes, by the United States District Court for the Eastern District of Missouri. *See Mortgage Electronic Registration Systems, Inc. v. Bellistri*, 2010 WL 2720802 *6, ¶ 37 (E.D. Mo. July 1, 2010). The federal court recognized that MERS' status as nominee beneficiary for the lender gives MERS the right to enforce the deed of trust. *Bellistri,* 2010 WL 2720802. In that case, MERS sought a

PAGE 5 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

declaration that a tax purchaser's failure to provide MERS with notice of redemption rights violated Missouri statute and deprived MERS of due process rights protected by the Fifth and Fourteenth Amendments. The court agreed, concluding that due process protects MERS' interest as nominee for the lender on the deed of trust. The court found that MERS' status as beneficiary under a deed of trust, "as nominee for the Lender and Lender's successors" was a property right entitled to due process. *Bellistri,* 2010 WL 2720802, at *13 (noting that a "nominee" is defined in Black's Law Dictionary as a "party who holds bare legal title for the benefit of others"). The court stated that "MERS has a legal right to file suit to foreclose the mortgage under § 443.190" and "the right to enforce the lien on the property via a power of sale in the trustee." *Bellistri,* 2010 WL 2720802, at *14. The *Bellistri* court held that because MERS' interest is sufficient to bring an action at law, *i.e.,* a foreclosure action, it is a property interest entitled to due process protection. *Id.*

Plaintiffs also discuss the decision of a Vermont trial court that MERS lacked standing to commence a *judicial* foreclosure lawsuit in its own name. Response, pp. 3-4. Other courts have decided differently. *See, e.g., Taylor v. Deutsche Bank Nat'l Trust Co.,* ___ So. 3d ___, 2010 WL 3056612 (Fla. 5th DCA 2010). But that issue is not presented here because the right to sue as a nominee or agent depends on local procedural rules. In contrast, the issue here is whether a party to a contract can do what the contract expressly permits, and do so outside of the judicial process, where the law permits nonjudicial action by the contracting party. As designated beneficiary, under Oregon law MERS has the power to assign the trust deed.

Plaintiffs further cite a Nevada bankruptcy opinion holding that MERS was not a real party in interest entitled to file a motion for relief from stay to initiate a foreclosure. Response, p. 5. This case, again, concerns whether MERS can sue in court, not whether it can act under the contract or a nonjudicial foreclosure statute. Plaintiffs do not advise the court that, on appeal, the federal district court disagreed, noting that numerous federal district judges in Nevada have held that MERS is a *proper* party to initiate nonjudicial foreclosure. *In re Mitchell,* No. 09-668 (D.

PAGE 6 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Nev. Dec. 30, 2009) (affirming on alternate grounds but holding that MERS *is* a real party in interest).

      3.    **<u>Oregon Decisions.</u>**

Plaintiffs next cite two recent federal decisions in this district, *In re Allman*, 2010 WL 3366405 (Bankr. D. Or. Aug. 24, 2010) and *Rinegard-Guirma v. Bank of America, N.A.*, No. 10-1065 (D. Or. Oct. 6, 2010). Response, pp. 5-6. When examined, however, neither should support denial of the pending motion.

*Allman* involves a priority dispute in bankruptcy. The issue presented was whether an escrow agent was required to give notice of a lien discharge to both the lender holding the underlying beneficial interest (CIT) and the lender's nominee beneficiary (MERS), in circumstances where CIT actually received the notice. Although it had received notice of the release of its lien from the escrow agent, First American Title Company, and took no action at the time, CIT later objected that, by statute, notice should have gone to the beneficiary (MERS). On these facts, Judge Perris found that notice to MERS was not required, since it acted solely as nominee for CIT, the party ultimately affected. 2010 WL 3366405, at *9-10.

Relying to a significant extent on the "real party in interest" analysis in the similar lien notice decision in *Landmark Nat'l Bank. v. Kesler, supra*, (the Kansas case previously discussed), Judge Perris concluded that CIT rather than MERS was "'the person for whose benefit' the deed of trust was given" and so, the beneficiary for purposes of notice. The court's discussion is helpful in understanding the context:

> Although MERS was not given notice of the proposed recording of the release, it is not MERS that is here objecting. Instead, CIT, which got the statutory notice and was in a position to object and point out any reasons the release should not have been recorded, failed to object or respond in any way to the notice.
>
> * * * * *
>
> Even if the statute required that notice be given to MERS, which I do not think it does, CIT has not provided any evidence that, had its nominee MERS been given notice as required by the statute, it

PAGE 7 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

>would have acted differently. If the statute required that notice be given to MERS, I conclude that First American substantially complied with the notice statute when it sent the notice to the only party with any real interest in the trust deed, CIT.

*Allman* does not present a debtor/trust deed grantor's objection to foreclosure, and in a more recent opinion, this court found it not an impediment to MERS' actions in its capacity as a specifically-named beneficiary. *See Burgett v. Mortgage Electronic Registration Systems, Inc.*, No. 09-6244-HO, 2010 WL 4282105 (D. Or. October 20, 2010).

The *Rinegard-Guirma* ruling arose in the context of an attempt to enjoin a foreclosure. In his opinion, Judge King first rejected the argument that the trustee appointed by MERS had no power to initiate the foreclosure (slip op. at 6-7)—adopting a position that is diametrically opposed to that hoped for by the plaintiffs here, and arguably inconsistent with *Allman*. Without expressly agreeing or disagreeing with their holdings, Judge King noted the bankruptcy court's decision in *Allman,* and the earlier Kansas decision in *Landmark*. The court then moved on to a discussion of the initial state court decision in *Bellistri*, *supra*, and other cases focusing on MERS' alleged lack of authority to transfer the note. The court considered these cases in light of Oregon case law supporting the much broader proposition that security, such as a deed of trust, is "merely an incident to the debt." Slip op. at 9, *quoting West v. White*, 307 Or. 296, 300, 766 P.2d 383 (1988).[1]

Taking these authorities into account, the court then held that "[a]bsent a decision from the Oregon Supreme Court or the Oregon Court of Appeals, *and absent further briefing from the parties on this specific issue*, I am at least initially persuaded that [plaintiffs] has a likelihood of success" in showing that MERS had no authority to transfer the deed of trust *because it could not also transfer the note*. Slip op. at 9 (emphasis added). The apparent basis for the court's hesitation was case law that suggested since MERS is acting as the nominee of the lender, and

---

[1] As noted below, defendants have no quarrel with this broader proposition, and believe it supports their position that MERS status as a nominee beneficiary does *not* separate the trust deed from the underlying note.

PAGE 8 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

MERS does not assign the note, its assignment of the deed of trust is ineffective. Considered in isolation, such case law may provide grounds for hesitation, particularly in the context of a request for preliminary injunctive relief; it does not provide grounds for denial of defendants' motion on this record, and with the "further briefing" provided here.

In a decision subsequent to *Rinegard-Guirma* and the filing of defendants' motion to dismiss here, Judge Hogan considered the definition of a "beneficiary" under Oregon's Trust Deed Act[2] and found that MERS is a proper "beneficiary" under Oregon law. *Burgett v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 4282105 (D. Or. 2010).[3] In reaching that decision, the court noted that the trust deed specifically designated MERS as the beneficiary. Judge Hogan also cited extensively to Judge Breithaupt's decision in *Parkin Electric, Inc. v. Saftencu, et al.*, Clackamas County Circuit Court No. LV08040727 (March 12, 2009) (analyzing the question under the Oregon Trust Deed Act), which was submitted with defendants' motion here. In *Parkin Electric*, Judge Breithaupt had considered whether a trust deed naming MERS as a beneficiary was void because MERS was allegedly not a real party in interest, but rejected that criticism of MERS, finding instead that the MERS lien had priority over the plaintiffs' construction lien.

As noted, the *Parkin Electric* decision was cited in defendants' opening brief, as was the *Stewart v. MERS* decision, which held that the foreclosing party needs no other proof of standing other than the deed of trust. Both of these decisions, along with *Burgett* and the additional authority discussed below support MERS' position that it is a proper beneficiary under Oregon law. There is also substantial authority addressing the issue which concerned Judge King in

---

[2] "Beneficiary" means the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d). *Id*.

[3] Based on the grounds discussed in this brief, MERS is moving the court in *Burgett* to reconsider its denial of summary judgment in favor of MERS.

PAGE 9 -   REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

*Rinegard-Guirma*: despite plaintiffs' contrary assumption, MERS' status as a nominee beneficiary does not separate the deed of trust from the underlying note.

**B.     There Is No "Separation" of the Note and Deed of Trust.**

Plaintiffs' related argument is that the foreclosure is improper because the assignment of the deed of trust by MERS was ineffective, allegedly because the original transaction "split" the note and deed of trust, leaving their duty to repay unsecured as MERS neither had nor could assign the note. Response, pp. 5-9. In making this argument, plaintiffs do not dispute that they defaulted on the loan and have failed to pay back what they borrowed, but appear to contend that the only parties who could make the assignment have now lost the power to do so. In the deed of trust, however, MERS is explicitly named as nominee for the lender *and* the lender's successor and assigns. *Id.* Thus, the assignment of the note automatically assigns the underlying interest in the trust deed because MERS is nominee for whichever entity is the owner (if the owner is a MERS member). So the factual assumption underlying plaintiffs' "split" argument is incorrect.[4]

**1.     The Weight of Authority is Against Plaintiffs.**

A number of courts have rejected the assertion that no foreclosure could be prosecuted, or even that a loan is unsecured, because MERS' role somehow "split" the note from the trust deed. *See, e.g.*, *Linkhart v. US Bank, N.A.*, 2010 U.S. Dist. LEXIS 48281, at *7 (S.D. Cal. May 17, 2010) (rejecting "splitting" argument as "specious" and holding that MERS has standing and "is entitled to foreclose on plaintiffs' property"); *Nicholson v. OneWest Bank*, 2010 U.S. Dist. LEXIS 45993, at *12 (N.D. Ga. Apr. 20, 2010) ("the nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage"); *Areebuddin v. OneWest Bank*, 2010 WL 1229233, at *3 (E.D. Va. March 24, 2010) (rejecting the "splitting" argument because "when a note is assigned, the

---

[4] The general rule is that "[a] transfer in full of the [note] automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage." Restatement (Third) of Property (Mortgages) § 5.4 comment. b (1997) ("the mortgage follows the note").

PAGE 10 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

deed of trust securing the debt necessarily runs with it"); *Davidson v. Countrywide Home Loans, Inc.*, 2010 WL 962712, at *5 (S.D. Cal. March 16, 2010) ("transfer of the note without the mortgage does not cause the mortgage to become null, nor the note to become unsecured; the mortgage automatically follows the note"); *Horvath v. Bank of New York, N.A.*, 2010 WL 538039, at *2 (E.D. Va. Jan. 29, 2010) (rejecting "splitting" argument and holding that "[t]he deeds of trust continue to grant a promissory note holder security"); *Cervantes*, 2009 WL 3157160, at *10 (rejecting claim because "allegations would foreclose the very splitting of a promissory note from a deed of trust" and "intrude into the realm of third-party beneficiary contracts, as well as assignments and delegations"). The content of the deed of trust itself—which plaintiffs studiously avoids discussing—established the parties' intent that the trust deed, and MERS' agency relationship, follow the note. Indeed, the trust deed effectuates the principle cited by plaintiffs.

More recent decisions addressing MERS' role in the foreclosure process are reaching the same conclusion. In *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485, at *5 (W.D. Wash. 2010) held that MERS had the ability to foreclose under Washington's Deed of Trust Act even when MERS does not hold the promissory note secured by the deed of trust. "The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interests, including the right to foreclose and sell the Property." *Id.* (citations omitted). The court specifically held that even though MERS was not the holder of the note at the time that MERS was designated as the beneficiary, or thereafter, it had the power to act by contract, so those facts did not affect any actions taken by MERS as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns.

In another recent decision, the federal court handling multidistrict litigation challenging numerous aspects of MERS' conduct in nonjudicial foreclosure states issued a decision on the omnibus motions to dismiss filed there. *In re MERS Litigation*, No. 09-2119 (D. Az. Sept. 30,

PAGE 11 - REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/888476.1

2010). The court rejected the argument that MERS could not appoint substitute trustees, and rejected the contention that MERS' status as nominee beneficiary somehow "split" the note from the deed of trust (rendering the loan unsecured). The ruling was consistent with the same court's earlier ruling in *Cervantes v. Countrywide Home Loans, Inc.*, which was cited in defendants' opening brief, rejecting arguments that MERS could not act as a beneficiary under the deed of trust.

In *Lane v. Vitek Real Estate Indus. Group,* 2010 U.S. Dist. LEXIS 54831 (E.D. Cal. May 11, 2010), the district court cited numerous cases to hold that MERS can initiate foreclosure, assign the deed of trust, and appoint successor trustees:

> MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party. *See, e.g., Morgera v. Countrywide Home Loans, Inc.,* No. Civ. 2:09-01476 MCE GGH, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (collecting cases); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177 (N.D. Cal. 2009); *Castaneda v. Saxon Mortg. Servs., Inc.,* 687 F. Supp. 2d 1191, 2009 WL 4640673, at *4 (E.D. Cal. 2009); *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009); *Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 334-35, 85 Cal. Rptr. 3d 532 (2008). MERS properly substituted Cal-Western Reconveyance Corp. as a Trustee and assigned its beneficial interest to CMI on September 15, 2009.[5]

---

[5] *See also Trent v. Mortgage Elec. Registration Sys., Inc.,* 288 Fed. Appx. 571 (11th Cir. 2008) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Azize,* 965 So. 2d 151 (Fla. App. 2 Dist. 2007)*; Mortgage Elec. Registration Sys., Inc. v. Revoredo,* 955 So. 2d 33 (Fla. App. 3 Dist. 2007)*; In re Huggins,* 357 B.R. 180 (Bankr. D. Mass. 2006)*; In re Sina, No.* A06-200, 2006 Minn. App. Unpub. LEXIS 1094, 2006 WL 2729544 (Minn. Ct. App. Sept. 26, 2006) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Ventura,* No. CV 054003168S, 2006 Conn. Super. LEXIS 1154, 2006 WL 1230265 (Conn. Super. Ct. April 20, 2006) (unpublished)*; Mortgage Elec. Registration Sys., Inc. v. Leslie,* No. CV044001051, 2005 Conn. Super. LEXIS 1360, 2005 WL 1433922 (Conn. Super. Ct. May 25, 2005) (unpublished)."); *Jackson v. Mortgage Elec. Registration Sys., Inc.,* 770 N.W.2d 487 (Minn. 2009); *Diessner v. Mortgage Electronic Registration Systems, Inc., et al.,* 2:09cv00095 (D. Az., 2009), *aff'd* 09-16497 (9thCir. 2010) (presentment of note not required in nonjudicial foreclosure)*, and Mansour v. Mortgage Electronic Registration Systems, Inc., et al.,* 2:09cv00037 (D. Az., 2009), *aff'd* 09-16778 (9thCir. 2010) (9th Circuit affirmed that MERS was entitled to foreclose and did not need to be in possession of the original note).

PAGE 12 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

*See also In re Tucker*, No. 10-61004 at *14 (Bankr. W.D. Mo. Sept. 19, 2010) (recognizing the language of the trust deed as "more than sufficient to create an agency relationship between MERS and the Lender and its successors," the court found that MERS was authorized "to act on behalf of the Lender in serving as the legal title holder to the beneficial interest under the Deed of Trust and exercising any of the rights granted to the Lender thereunder").

### 2. MERS' Role As Nominee Beneficiary.

The approach taken by these courts is consistent with Restatement (Third) Property, and with Oregon law holding that the trust deed must follow the note. The Restatement explains:

> *Mortgage may not be enforced except by a person having the right to enforce the obligation or one acting on behalf of such a person.* As mentioned, in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation. For example, assume that the original mortgagee transfers the mortgage alone to A and the promissory note that it secures to B. Since the obligation is not enforceable by A, A can never suffer a default and hence cannot foreclose the mortgage. B, as holder of the note, can suffer a default. However, in the absence of some additional facts creating authority in A to enforce the mortgage for B, B cannot cause the mortgage to be foreclosed since B does not own the mortgage. ***The result is changed if A has authority from B to enforce the mortgage on B's behalf. For example, A may be a trustee or agent of B*** with responsibility to enforce the mortgage at B's direction. A' enforcement of the mortgage in these circumstances is proper . . . ***The trust or agency relationship may arise from the terms of the assignment, from a separate agreement, or from other circumstances. Courts should be vigorous in seeking to find such a relationship, since the result is otherwise likely to be a windfall for the mortgagor and the frustration of B's expectation of security.***

Restatement (Third) Property, § 5.4, comment e (emphasis in bold is added). *See also Id.*, § 5.4 (c) ("mortgage may be enforced only by, *or on behalf of*, a person who is entitled to enforce the obligation the mortgage secures") (emphasis added).

The courts that do examine the theory that the deed of trust is "split" from the note reject plaintiffs' theory, based on an examination of the argument, the contract, and the law. This court should reach the same result.

PAGE 13 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Accordingly, no deed of trust assignments are missing from plaintiffs' chain of title related to the subject loan. Because MERS remained the nominee trust deed beneficiary for each successive note holder, the only assignment of the trust deed occurred when MERS assigned to Bank of America prior to the institution of nonjudicial foreclosure. Participating mortgage lenders contractually agree to appoint MERS to be the beneficiary of the deed of trust and serve as the common nominee or agent for all MERS member lenders on all mortgage loans they register on the MERS System. When MERS becomes the deed of trust beneficiary of record, as is the case here, MERS remains the beneficiary of record when beneficial ownership interests or servicing rights are sold from one MERS member to another, and the transfer is tracked electronically on the MERS System.[6] This point was emphasized in *Ciardi v. Lending Co., Inc.*, 2010 WL 2079735 (D. Ariz. 2010) where the district court dismissed a similar borrower's complaint, finding that the "very language of the deed of trust…states that MERS will serve as the nominee for the original lender as well as the original lender's successors and assigns. Thus, from the very language of the deed of trust, to which [the borrower] agreed to in entering into the home loan transaction, MERS is still acting as the nominee for the current holder of the promissory note. Plaintiffs have failed to allege any facts suggesting that MERS is not the nominee of the current owner of the promissory note…." The Court went on to explain,

> Plaintiffs also argue that MERS is not a valid beneficiary entitled to initiate foreclosure. Again, Plaintiffs ignore the language of the deed of trust, which Plaintiff Bianca Ciardi freely entered into. The deed of trust, as quoted in Plaintiffs' amended complaint, designates MERS as the beneficiary and authorizes MERS to take any action to enforce the loan, including the right to foreclose and sell the property…. Because the deed of trust explicitly states that MERS is the beneficiary with the authority to foreclose and sale the property, the Court finds Plaintiffs' arguments unavailing.

---

[6] *See, e.g.,* Finding of Facts, Summary Judgment Memorandum and Order, *Mortgage Electronic Registration Systems, Inc. et al. v. Robert Bellistri*, 2010 WL 2720802 *6-8(E.D. Mo. July 1, 2010)

PAGE 14 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

*Id*.  The subject deed of trust in this matter also specifically states that MERS is acting as the nominee "for Lender and Lender's successors and assigns."  There are no assignments missing in the chain of title.

MERS' status as the nominee of the lender and its successors is a type of agency relationship.  *See Rough & Ready Lumber Co., v. Blue Sky Forest Prod.*, 105 Or. App. 227, 231 (1991).  An agency relationship exists when a principal manifests assent to have an agent act on its behalf, subject to the principal's control and consent of the agent.  Restatement (Third) of Agency § 1.01 (2006).  An agent may act on behalf of both a disclosed principal (the original lender) and a later unidentified principal (lender's successor and assign).  *Id.* at § 1.04.  The recorded deed of trust agreement, as executed by the borrower, expressly spells out the principal-agency relationship between MERS and the lender.  *Id.* at § 2.02 ("An agent has actual authority to take action designated or implied in the principal's manifestations to the agent and acts necessary or incidental to achieving the principal's objectives . . .").

Accordingly, under established legal principles, MERS can do those things that its principal can do, and any actions taken by MERS are necessarily actions taken by the lender, its successors or assigns.  The terms of the deed of trust clearly define the powers of MERS under the agency relationship to act in place of the lender, its successors and assigns, an arrangement plaintiffs approved and to which plaintiffs are contractually bound.  Therefore, as record beneficiary, MERS is the agent of the lender, and its successors and assigns, with respect to the deed of trust.

The agreement between MERS and its members further defines the agency relationship agreed to in the deed of trust.  The Terms and Conditions that govern the relationship state that "MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes."  *See* MERSCORP, Inc., Terms and Conditions, Rule 2, § 6 (available at:

PAGE 15 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

http://www.mersinc.org/MersProducts/publications.aspx?mpid=1).[7] Whether initiated by the holder of the promissory note following an assignment, or by MERS, as nominee for the lender/note holder, the foreclosure is initiated on behalf of and for the benefit of the holder of the note, a fact which must be ultimately verified to the trustee. *See* ORS 86.735. In the end, the intent of the contracting parties and of the Oregon Deed of Trust Act is met. If the borrowers/grantors fail to make payments, the lender or current note holder is entitled to have the property sold to satisfy the delinquent debt; indeed, once the foreclosure is complete, the recitals in the trustee's deed to the purchaser (relating to the default, assignments, etc.) are conclusive in favor of a purchaser for value in good faith relying upon them. ORS 86.780.

C.  **Plaintiffs Do Not State a Claim for Declaratory or Other Relief**

Plaintiffs do not plead a basis for declaratory relief, and their speculative conclusions do not meet the standard imposed under Rule 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court must dismiss a complaint when a plaintiff has not pleaded "enough *facts* to state a claim for relief that is plausible on its face"); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (*Twombly*'s pleading standards apply to all claims); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988) (the Court should grant a Rule 12(b)(6) motion to dismiss when a plaintiffs' complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).

While their complaint is ostensibly for declaratory relief, unless plaintiffs can plead the ability to cure the admitted loan default, any alleged uncertainty concerning the beneficiary of

---

[7] MERS requests that the court take judicial notice of the applicable Terms and Conditions (also attached hereto as "Exhibit 1"). Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of a fact that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The court is required to take judicial notice if requested by a party and supplied with the necessary information. FRE 201(d). Judicial notice may also be taken at any stage in the proceeding. FRE 201(f).

PAGE 16 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

their loan is simply moot. The court may refuse to render or enter a declaratory judgment where such judgment, if entered, would not resolve the controversy giving rise to the proceeding.

Oregon courts require that there be a justiciable or actual controversy, and have frequently dismissed declaratory judgment proceedings upon the ground that the proceeding presented no justiciable controversy. *Mitchell Bros. Truck Lines v. Lexington Ins. Co.*, 287 Or. 217, 598 P.2d 294, 295 (Or. 1979) *citing Oregon Medical Assn. v. Rawls*, 276 Or. 1101, 1107, 557 P.2d 664 (1977); *Hale v. Fireman's Fund Ins. Co.*, 209 Or. 99, 302 P.2d 1010 (1956). For there to be a justiciable controversy, there must be "a sufficient practical need for the determination of the matter" under "an accrued state of facts as opposed to hypothetical state of facts." *Mitchell Bros. Truck Lines v. Lexington Ins. Co.*, 287 Or. 217, 598 P.2d 294, 295 (Or. 1979) *citing* 1 Anderson, Declaratory Judgments, § 9 (1972 Supp.). This standard is the same in a case brought under the federal Declaratory Judgment Act. *See* 28 U.S.C. § 2201(a); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (declaratory relief is limited to "case[s] of actual controversy").

Here, plaintiffs' complaint poses the following hypothetical state of facts: *if* plaintiffs could pay their home loan (which they cannot), then who is entitled to payment, and who is entitled to enforce the terms of the security instrument? Since plaintiffs' complaint poses only a hypothetical question, this court should decline their request for a declaratory judgment. Essentially, plaintiffs want to have it both ways—on the one hand, they claim that their uncertainty about whether their deed of trust has been properly assigned by MERS necessitates a judicial declaration by the court; but, on the other hand, they do not suggest that they could or would cure the loan default to avoid the foreclosure. *See* Response, p. 1 ("Defendants' motion to dismiss misses the point. The point is not whether or not plaintiffs are in default…"). Without such an allegation, plaintiffs' complaint poses a "hypothetical state of facts" and fails to state a claim for declaratory relief.

PAGE 17 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## IV. CONCLUSION

Defendants' motion to dismiss should be granted, with prejudice, and defendants should be allowed to recover their reasonable costs and attorney fees incurred herein.

DATED: November 29, 2010

                                          LANE POWELL PC

                                         By /s/ Stephen P. McCarthy
                                                  Stephen P. McCarthy, OSB No. 894152
                                                  Pilar C. French, OSB No. 962880
                                                  Telephone: 503.778.2100
                                   Attorneys for Defendants Bank of America, NA,
                                   and Mortgage Electronic Registration Systems, Inc.

PAGE 18 -  REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/888476.1