James J. Stout, OSB #93473
E-Mail: jjstout1@aol.com
James J. Stout, PC
419 S. Oakdale Ave.
Medford, OR 97501
Phone: (541) 618-8888
Fax: (541) 618-9015
        Attorney for Plaintiffs Hooker

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| IVAN HOOKER AND KATHERINE HOOKER, <br>     Plaintiffs, <br> vs. <br> NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. <br>     Defendants. | Case No.: 10-CV-3111-PA <br><br> SUPPLEMENTAL REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

<u>1.</u>

DECLARATORY RELIEF IS PROPER.

ORS 28.010 states as follows: "Courts of record within their respective jurisdiction shall have the power to declare rights, status and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment

Page 1 of 8 – PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO DISMISS.

is prayed for. The declaration maybe either affirmative or negative in form and effect, and such declaration shall have the force and effect of a judgment."

A complaint for declaratory judgment may not be dismissed for failure to state a claim, if it states a judicial controversy. Hanson v. FDIC, 81 Or App. 516, 726 P2nd 409 (1986). Failure to state a claim is not a proper basis for dismissing a declaratory judgment action. Edwin v. Oregon State Bar, 941 P. 2d 1094 (1997).

The defendants' assertion that since the plaintiffs did not allege that they can cure the default or tender the debt to disrupt the non-judicial foreclosure. Plaintiffs rely on the Hogan vs. Northwest Trust Services, Inc., 2010 WL1872945(D.OR.). Judge Hogan pointed out that since plaintiffs neither pled nor offered any evidence to suggest that the declaratory relief they seek is based in common law and therefore equitable, that the request for declaratory judgment in denied. Basically, Judge Hogan found that there was no justiciable controversy, based on the pleadings by the pro se plaintiff.

As can be seen from the plaintiff's complaint in Hogan (attached hereto as Exhibit "1", and by this reference incorporated herein), this was a pleading issue based on the pro se complaint of the plaintiffs. Plaintiffs in that case failed to allege several elements necessary for a declaratory judgment, including that a justiciable controversy exists. Plaintiffs' complaint was full of conjecture and supposition and therefore Judge Hogan dismissed it.

There is nothing in the record or any other case law that would declare that a plaintiff must tender or prove that they can cure the default in order to set forth a declaratory judgment action in a wrongful foreclosure case.

In this case, plaintiffs are asking the court to declare the relative rights and responsibilities of both the plaintiffs and the defendants regarding this non-judicial foreclosure. A justiciable controversy exists, because the defendants have not followed the statutory provisions of ORS Chapter 86 regarding trust deed foreclosure. Those elements are set forth plainly in the complaint. The other cases referenced by the defendant, including <u>Daddabbo vs. Countrywide Home Loans, Inc</u>., 2010 WL 2102485 (W.D. Wash.); <u>Stewart v. MERS</u>, 2010 WL 105-5131 (D.OR), are along the same lines of the Hogan case. These pleading were shoddy at best and included multiple TILA and RESPA claims which had no basis in fact, and were in fact barred by the statute of limitations. It is no wonder those cases were dismissed.

Basically, what the defendants would have the court believe is that if the plaintiffs cannot prove and show a tender or a cure, that there is no declaratory judgment. This is a ridiculous claim. Assume that the defendants failed to advertise the sale pursuant to ORS 86.750(2). Would the court deny a declaratory judgment declaring the rights and responsibilities of the respective parties simply because the plaintiffs could not prove tender, when the defendants failed to advertise as required by statute? No. Since a justiciable controversy exists, defendants' motion must be denied.

2.

DEFENDANTS FAILED TO COMPLY WITH THE TRUST DEED ACT ORS CHAPTER 86.705 ET.SEQ.

Defendants have violated Oregon's Trust Deed Act in the following respects:

1. MERS in not a proper beneficiary and therefore had no authorization to assign the trust deed.  ORS 86.705(1) defines beneficiary as: "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, …".  ORS 86.705(5) defines a trust deed as: "a deed executed in conformity with ORS 86.705 to 86.795 and conveying a interest in real property to a trustee in trust to secure the performance of an obligation owed by the grantor or other person named in the deed to a <u>BENEFICIARY</u>."  Emphasis added.

MERS fails on both definitions.  MERS is not owed any money and the trust deed was not given for the benefit of MERS.  See <u>In re: Allman</u>, 2010 WL 3366405 (D. OR).

In this case, MERS was listed on the deed of trust (Exhibit 1 to plaintiffs' complaint).  MERS is not listed on the note (Exhibit 1 to plaintiffs' complaint). All of the documentation stated that "lender" is GN Mortgage.  All "promises to pay" are directed at GN Mortgage. All notices of default and terms of default refer to "the note holder or lender".

MERS does not appear anywhere except for as nominee on the deed of trust.  ORS Chapter 86 consistently uses the term "beneficiary", as the one to whom the debt is owed (lender).  See ORS 86.710, 86.720, 86.735, 86.737, and

86.753. With a complete reading of ORS Chapter 86, it is clear that MERS is a "straw man" as set forth in <u>Allman</u> and <u>Landmark National Bank v. Kesler</u>, 289 Kan. 528 (2009). MERS should be held to what it is, an electron bulletin board that electronically tracks ownership of the loans of its members. It is not a proper beneficiary, nor does it have the powers of a normal beneficiary under Oregon law.

     2. The assignment of the deed of trust was executed by MERS by itself, and not as nominee, power of attorney or agent for any other entity. There was no power of attorney, nominee agreement or any other legal document recorded, which would allow MERS to execute the assignment on its own authority. As such, the assignment of the trust deed to Bank of America is invalid. Since the assignment is invalid, Northwest Trustee Services lacks the authority to foreclose.

     3. In the alternative, if the court finds that the assignment to Bank of America was valid, then the appointment of Northwest was unlawful and therefore, Northwest has no authority to issue the notice of default and notice of sale or to foreclose as successor trustee. MERS transferred all of its right, title and interest, whatever that may have been, to Bank of America prior to appointing the successor trustee. Since MERS transferred all of its right, title and interest, MERS lacked the authority to appoint his successor trustee. It was no longer the beneficiary. Since the appointment was invalid, Northwest does not have the authority to foreclose.

If the court finds that the assignment to Bank of America was invalid, then Northwest is foreclosing for the wrong beneficiary.  If the assignment was invalid, Bank of America is not the proper beneficiary and the foreclosure is unlawful.

## ALL ASSIGNMENTS NEED TO BE RECORDED

It is defendants' position that only the last assignment, from MERS to Bank of America is the only assignment that needs to be recorded in order to comply with ORS 86.735.  It is plaintiff's contention, that ORS 86.735 requires <u>ALL</u> assignments to be recorded.

However, in <u>Burgett v MERS</u>, 09-6244-HO, Judge Hogan has already ruled that all prior assignments need to be recorded in order to foreclose. Quoting Judge Breithaupt in <u>Parkin v. Saftencu</u>, he reasons as follows:

> "It is clear that such an recorded assignments of rights are permissible under Oregon's trustee statute, because ORS 86.735 provides, if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure.  The trust deed statute therefore clearly contemplates that assignments of the beneficial interest in obligations and security rights will occur and may, in fact, not have been recorded prior to foreclosure.  The legislature was clearly aware of such assignments occurred and nowhere provided that assignments need to be recorded to maintain rights and the lien statutes, except where foreclosure by sale was pursued.  ORS 86.735 provides that if foreclosure by sale is pursued, all prior unrecorded assignments must be filed in connection with the foreclosure."

As such, the law is well settled in Oregon that any and all unrecorded assignments have to be recorded.

In this case, the prior assignments were not recorded.  There was no assignment from GN Mortgage to Bank of America or anyone else.  The defendants did not comply with ORS chapter 86, and therefore the foreclosure is wrongful.

### MERS Cannot Assign the Trust Deed

It is a long established legal principle that a person or entity cannot transfer the mortgage without also transferring the debt and the note. In an action for foreclosure, plaintiff must show that it is the owner of the note as well as the mortgage at the time the action is commenced. <u>LVNCORP v. Madison Real Estate, LLC</u>, 2010 NY Slip Op 33376. (Attached hereto as Exhibit 2, and by this reference incorporated herein). The court went on to discuss the legal principles and stated the following:

> "In this case, plaintiff has not provided any evidence which shows that when MERS assigned the mortgage to plaintiff, it also transferred the interest in the underlying note. According to the mortgage assignment contract, MERS held legal title to the mortgage. There is no language in the agreement which transfers interest in the note to MERS. Because MERS did not hold title to the underlying note, it could not transfer any rights to the underlying note, when it assigned the mortgage to plaintiff."

Basically, since MERS did not have any right in the promissory note to assign, the assignment from MERS to Bank of America is void and ineffective. As such, Bank of America has no standing to enforce or foreclose the deed of trust.

Dated: Monday, January 31, 2011

**JAMES J. STOUT, P.C.**

By __/s/ James J. Stout_____
James J. Stout
OSB No. 93473
Attorney for Plaintiffs Hooker

CERTIFICATE OF SERVICE

Case No.  10-CV-3111-PA

I, James J. Stout, hereby certify that I served the foregoing **SUPPLIMENTAL RESPONSE TO MOTION TO DISMISS** on Monday, January 31, 2011, via ECF:

John M. Thomas
Routh Crabtree Olson, PC
11830 SW. Kerr Pkwy., Suite 385
Lake Oswego, OR 97035
    Attorney for Defendant NWTS

Stephen P. McCarthy
Pilar C. French
Lane Powell PC
601 SW. 2nd Ave., Suite 2100
Portland, OR 97204-3158
    Attorneys for Defendants MERS
    and Bank of America

Monday, January 31, 2011

    __/s/ James J. Stout, PC_____
James J. Stout
OSB No. 93473
419 S. Oakdale Ave.
Medford, Oregon 97501
Phone: 541-618-8888
Fax: 541-618-9015
jjstout1@aol.com
    Attorney for plaintiff Hooker
    (clients/Hooker/certmail)

Page 8 of 8 – PLAINTIFFS' SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION TO DISMISS.