## 2010 NY Slip Op 33376

**LNVCORP., Plaintiff,**
v.
**MADISON REAL ESTATE, LLC, Defendant.**

### Index No.: 103576/2010

### SUPREME COURT OF THE STATE OF NEW YORK
### COUNTY OF NEW YORK: IAS PART 2

### Dated: December 6, 2010

DECISION/ORDER

**LOUIS B. YORK, J.S.C.:**

Plaintiff LNV Corporation, a banking corporation organized under the laws of the State of Nevada, brings this action for foreclosure against Defendant, Madison Real Estate, LLC, (Madison Real Estate) the owner of 55 Wall Street Unit 633 (55 Wall Street). The complaint alleges that Defendant executed a note whereby it agreed to pay $513,000 with interest to Wall Street Mortgage Bankers LTD (Wall Street). As security for the payment, Defendant executed and delivered a mortgage for the property at 55 Wall Street in the amount of the debt. Under the original mortgage agreement between Wall Street and Madison Real Estate in the section titled "Borrower's Transfer to lender of Rights in the Property", Mortgage Electronic Registration Systems (MERS),

> "holds only legal title to the rights granted... by me in this Security Instrument, but, if necessary to comply with law or custom MERS (as nominee for Lender and Lender's successors and assigns) has the right:
> (A) To exercise any or all of those rights, including but not limited to, the right to foreclose and sell the Property; and

Page 2

> (B) To take any action required of lender, including but not limited to, releasing and cancelling this Security Instrument."

The agreement also defines MERS as a separate corporation acting as mortgagee for the purposes of recording the mortgage for Wall Street.

Plaintiff alleges that under this mortgage agreement, MERS had the authority to transferee mortgage and underlying note to Plaintiff on behalf of Wall Street. Plaintiff bases this cause of action on Defendant's failure to comply with the conditions of the mortgage and note because Defendant did not pay the principal and interest that were due and payable on March 1, 2009. Plaintiff now calls due on the entire amount with interest that was secured by the mortgage.

Presently, Defendant moves to dismiss the complaint. According to Defendant, Plaintiff does not have standing under CPLR § 3211 (a)(3) because Plaintiff is not the owner of the note underlying the mortgage. Defendant also alleges that Plaintiff does not state an actionable claim under CPLR § 3211(a)(7) because Plaintiff did not send a notice of breach to Defendant and therefore failed to comply with a condition precedent to accelerating the cause of action for foreclosure.

Standing

A defendant may seek dismissal of a claim if the plaintiff cannot show that it has legal capacity to sue. CPLR § 3211 (a)(3). If Defendant shows that Plaintiff lacks standing to sue, Plaintiff may not proceed in this action. See Stark v. Goldberg, 297 A.D.2d 203, 204, 746 N.Y.S. 2d 280, 281 (1st Dept. 2002). In an action for foreclosure Plaintiff must show that it is the owner of the note as well as the mortgage at the time the action is commenced. See LPP Mortgage Ltd v. Sabine Properties, No. 103648/10,

Page 3

2010 N.Y. Misc. LEXIS 4216, at *7 (Sup. Ct. N.Y. Co. Sept. 1, 2010), (quoting LaSalle Bank Nat'l Ass'n v. Lamy, 12 Misc3d 1191 [A] 1191, 824 N.Y.S.2d 769, 2006 NY Slip Op 51534[U] (Sup Ct Suffolk Co. 2006)).

Defendant argues that Plaintiff does not hold title to both the note and the mortgage in this case. Absent an effective transfer of the debt as well as the note, the assignment of the mortgage is void and Plaintiff cannot foreclose on the property for nonpayment of the note. See U.S. Bank Nat'l Ass'n v. Merino 16 Misc. 3d 209, 212, 836 N.Y.S.2d 853, 855 (Sup. Ct. Suffolk Co. 2007); Merrit v. Bartholick 36 N.Y. 44, 45 (1867). According to Defendant, Plaintiff cannot foreclose because "a necessary element of the plaintiff's cause of action for foreclosure of the mortgage is precluded where the plaintiffs ownership interest in both the note and the mortgage is not ascertainable from the pleadings and the documentation submitted in support of the motion." Lamy, 824 N.Y.S.2d at 769 (Sup. Ct. Suffolk Co. 2006).

Plaintiff argues that it has standing because MERS validly executed the assignment of the mortgage and transferred the underlying note on behalf of Wall Street. Plaintiff cites to the section of the mortgage agreement titled "Borrower's Transfer to Lender of Rights in the Property," where it states that "MERS has the right:... (B) to take any action required of Lender including, but not limited to, releasing and cancelling the Security Instrument." See Exhibit B in Defendant's Notice of Motion. Plaintiff contends that this language authorized MERS to assign the mortgage and that the assignment included the right to foreclose on the property if the Defendant defaulted on payments of the note.

Page 4

A plaintiff who seeks to foreclose on a mortgage must hold legal or equitable interest in it. See Katz v. East-Ville Realty Co., 249 A.D.2d 243, 243, 672 N.Y.S.2d 308, 309 (1st Dept. 1998). The parties do not dispute that the mortgage was assigned to Plaintiff. However, because Plaintiff seeks to recover for non-payment of the note, the issue is whether the assignment of the mortgage contract to Plaintiff also transferred interest in the underlying note. There is little precedent which speaks directly to the standing issue in this case. However, after careful consideration, the court concludes that Plaintiff lacks standing to sue under CPLR § 3211(a)(3).

The court in *Katz* cites to a Second Department case which elaborates on the ownership interests associated with the transfer of a mortgage. In *Kluge v. Fugazy*, 145 A.D.2d 537, 538, 536 N.Y.S.2d 92, 93 (2nd Dept. 1988), the plaintiff attempted to foreclose upon a note where it held title to the mortgage, but not the underlying note. There, the court held that "absent transfer of the debt, the assignment of the mortgage is a nullity." Implicitly, therefore, *Katz* approved of the holding that a plaintiff may foreclose on a mortgage if it shows that it holds title to the mortgage as well as the underlying debt.

In this case, Plaintiff has not provided any evidence which shows that when MERS assigned the mortgage to Plaintiff, it also transferred the interest in the underlying note. According to the mortgage assignment contract, MERS held legal title to the mortgage. There is no language in the agreement which transfers interest in the note to MERS. Because MERS did not hold title to the underlying note, it could not transfer any rights to the underlying note when it assigned the mortgage to Plaintiff. *See LPP Mortgage Ltd v. Sabine Properties* No. 103648/10, 2010 N.Y. Misc. LEXIS 4216, at

Page 5

*7 (Sup. Ct. N.Y. Co. Sept. 1, 2010); Lamy, 824 N.Y.S.2d at 769 (Sup. Ct. Suffolk Co. 2006); HSBC Bank USA v. Miller, 26 Misc. 3d 407, 411, 889 N.Y.S.2d 430, 433 (Sup. Ct. Sullivan Co. 2009). Without a transfer of title to the underlying note, Plaintiff cannot foreclose on the property based on default payment and lacks standing under CPLR § 3211(a)(3).

### Acceleration

Defendant also argues that dismissal of the case is warranted because Plaintiff violated a condition precedent to acceleration when it did not provide Defendant with notice of breach. Though the court does not reach this issue as Plaintiff has no standing, it notes that Defendant's argument has no merit. Defendant contends that pursuant to the mortgage agreement, Plaintiff had to send a letter of breach before it commenced a foreclosure action and because Plaintiff did not provide Defendant with notice, the claim should fail under CPLR § 3211(a)(7). However, as Plaintiff points out, the relevant statute does not require that it plead a condition precedent in the initial complaint. *See* CPLR § 3015(a). According to the statue, Plaintiff must prove the occurrence or performance of a condition precedent at trial.

Therefore, it is

ORDERED that Defendant's motion to dismiss is granted; and it is further

ORDERED that this action is dismissed; and it is further

ORDERED that the clerk of the court directed to enter judgment accordingly.

Dated: December 6, 2010