**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Bank of America, NA, and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,** | Case No. 10-CV-3111-PA |
| Plaintiffs, | Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s |
| v. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** |
| **NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | |
| Defendants. | |

## I.      INTRODUCTION

Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. (the "Defendants") submit this Supplemental Memorandum in further support of their Motion to Dismiss the Complaint of plaintiffs Ivan and Katherine Hooker (the "Plaintiffs"). For the

PAGE 1 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
            MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

707220.0017/902018.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

reasons set forth in this Motion, Reply, and this Supplemental Memorandum, Defendants' Motion to Dismiss should be granted.

## II. ARGUMENT

Plaintiffs argue that Defendants have failed to comply with Oregon's Trust Deed Act because MERS is not a proper beneficiary and there was no recorded authorization allowing MERS to act as the nominee for any other entity. Plaintiffs' argument fails.

**A. MERS may act as a nominee-beneficiary under the Oregon Trust Deed Act.**

As Defendants have previously argued, the Oregon Trust Deed Act's definition of a "beneficiary" does not preclude the designation of a nominee; indeed the language of the Act appears to contemplate that possibility. *See* ORS 86.705(1) (defining "beneficiary" as "the person *named or otherwise designated* in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest") (emphasis added). The concept is also supported by Restatement (Third) Property, § 5.4 (c) ("mortgage may be enforced only by, *or on behalf of*, a person who is entitled to enforce the obligation the mortgage secures") (emphasis added). *See also* § 5.4, comment e.

Plaintiffs may rely on *Landmark Nat'l Bank. v. Kesler*, 216 P.3d 158 (Kan. 2009), and *In re Allman*, 2010 WL 3366405 (Bankr. D. Or. Aug. 24, 2010), to support their interpretation of the Oregon Act, both cases turned on issues on MERS' entitlement to notice under circumstances where the lender or note holder had received notice. In contrast, the Oregon decisions cited by Defendants, are more directly focused on MERS' authority to act. *See Burgett v. Mortgage Electronic Registration Systems, Inc.*, No. 09-6244-HO, 2010 WL 4282105 (D. Or. October 20, 2010) (Judge Hogan) (holding that MERS is a proper "beneficiary" under Oregon law); *Parkin Electric, Inc. v. Saftencu, et al.,* Clackamas County Circuit Court No. LV08040727 (March 12, 2009) (Judge Breithaupt) (rejecting arguments that a trust deed naming MERS as a beneficiary was void because MERS was not a real party in interest and holding that the MERS lien had priority over the plaintiff's construction lien).

PAGE 2 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
          MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/902018.1

Like *Landmark*, other decisions Plaintiffs may rely on have come primarily from states requiring judicial foreclosure, or providing for non-judicial foreclosure under procedures that differ significantly from those in Oregon. In contrast, many other courts from non-judicial foreclosure jurisdictions have considered the claim Plaintiffs assert here and have ruled that MERS is a proper beneficiary of a deed of trust and has standing to foreclose in its own name as nominee/agent for the lender. These courts have also held that a deed of trust assignment from MERS is valid and confers the power and authority to foreclose on behalf of the lender. Moreover, as discussed below, many of those courts examining the issue have examined either identical or strikingly similar trust deed statutes to those at issue here.

      **a.**    **Idaho's Trust Deed Act**. Idaho's non-judicial foreclosure statute (the "Idaho Act") contains language almost identical to that found in Oregon's Trust Deed Act. In Idaho, a "beneficiary" is defined as:

> The person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or his successor in interest, and who shall not be a trustee.

Idaho Code Ann. § 45-1502(1). This is nearly identical to Oregon's definition. And, as in Oregon, a non-judicial foreclosure sale is allowed under the Idaho Act if, *inter alia,* "(1) [t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in mortgage records in the counties in which the property described in the deed is situated[.]" Idaho Code Ann. § 45-1505(1) *compare* ORS 86.735(1).[1]

---

[1] ORS 86.735(1) provides:

> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated[.]

PAGE 3 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
                MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Based on these statutes, two recent decisions from the state court in Idaho have rejected the kinds of claims and arguments asserted by Plaintiffs here. In *Trotter v. Bank of New York Mellon*, Case No. CV-10-95 (D. Idaho July 2, 2010), MERS executed and recorded an Assignment of Deed of Trust naming as a new beneficiary under the trust deed The Bank of New York Mellon as "Trustee for the Certificate Holders of CWALT, Inc. Alternative Loan Trust 2005-28CB Mortgage Pass-through Certificates Series 2005-28CB." *Trotter v. Bank of New York Mellon*, Memorandum Decision, Findings of Fact and Conclusions of Law and Order Re: Defendants' Motion to Dismiss and Plaintiff's Motion to Compel, at 2. The original lender had been Countrywide. An Appointment of Successor Trustee was also recorded, naming ReconTrust as the successor trustee under the trust deed. *Id*. at 3. ReconTrust then recorded a Notice of Default identifying The Bank of New York Mellon as the beneficiary. *Id*. Like Plaintiffs here, the plaintiff argued that MERS lacked authority to assign the Deed of Trust or appoint a successor trustee, and also argued that by securitizing plaintiff's loan obligation, the debt had been liquidated. *Id*. at p. 4.

The *Trotter* court rejected the plaintiff's arguments. First, the court found that defendants had standing, and referenced to the definition of "beneficiary" under Idaho's Act, which provides that a beneficiary is "the person named or otherwise designated in a trust deed." *Id*. at p. 8. The court also found that MERS was the beneficiary under the deed of trust, which contained language that "MERS is the beneficiary under this Security Instrument." *Id*. at p. 9. MERS transferred all rights and interests in the trust deed to The Bank of New York Mellon, which was entitled to appoint a successor trustee. *Id*. The *Trotter* court held that these actions, all recorded in the appropriate county, complied with Idaho's Act and dismissed the plaintiff's complaint for wrongful foreclosure. *Id*. at pp. 11-12. *See also Edwards v. MERS*, Case No. CV-10-2745 (D. Idaho Nov. 16, 2010), Memorandum Decision, Findings of Fact and Conclusions of Law and Order Re: Defendants' Motion for Summary Judgment (finding that defendants had standing to foreclose on plaintiff's property).

PAGE 4 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

b.  **Arizona's Trust Deed Act.**  Like Oregon and Idaho, Arizona law defines "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." Ariz. Rev. Stat. § 33-801(1). In interpreting this language, the Arizona District Court found that:

> The deed of trust, as quoted in Plaintiffs' amended complaint, designates MERS as the beneficiary and authorizes MERS to take any action to enforce the loan, including the right to foreclose and sell the property. To the extent Plaintiffs rely on a theory that the beneficiary must have an interest in the actual note, Plaintiffs have failed to cite any law so requiring. Further, Plaintiffs have failed to allege any facts or otherwise explain how the mere listing of MERS as the beneficiary renders the deed of trust invalid.

*Ciardi v. The Lending Company*, CV No. 10-0275, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010) (granting MERS motion to dismiss); *see also Mansour v. MERS,* 618 F. Supp. 2d 1178 (D. Ariz. 2009) (holding that MERS was entitled to foreclose and did not need to be in possession of the original note); *Blau v. America's Servicing Co.*, 2009 WL 3174823, *7-8 (D. Ariz. 2009) (explicitly discussing and rejecting the decision of the Kansas court in *Landmark* and holding that MERS was authorized to act on behalf of, and exercise the rights of, the loan originator); *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160, at *11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *In re Mortgage Electronic Registration Systems (MERS) Litigation*, MDL Docket No. 09-2119-JAT (D. Ariz. Sept. 30, 2010) (upholding MERS' authority to act as beneficiary and rejecting claim that MERS needs to possess the note prior to initiating foreclosure).

c.  **Utah's Trust Deed Act.**  Utah also defines a "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." Utah Code Ann. § 57-1-19(1). As in Arizona and Idaho, Utah courts interpreting the statute have rejected claims similar to those in plaintiff's complaint. In *McGinnis v. GMAC Mortgage Corp.*, 2010 WL 3418204 (D. Utah Aug. 27, 2010),

PAGE 5 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
           MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/902018.1

plaintiff brought claims of fraud, quiet title and for injunctive relief based on the theory that MERS lacked the authority to foreclose on his property. *McGinnis*, Memorandum Decision and Order, at 4. The court noted that plaintiff had executed a trust deed that contained language indicating that MERS was acting as nominee for the lender and was the beneficiary under the security instrument. *Id*. The court also distinguished the Kansas *Landmark* decision and concluded that MERS possessed the authority to foreclose on behalf of the lender. *Id*.; *see also Burnett v. MERS*, Civ. No. 1:09-CV-00069DAK, 2009 WL 3582294, at *10-11 (D. Utah Oct. 26, 2009) (finding that MERS had the authority to initiate foreclosure proceedings, appoint a trustee, foreclose, and sell the property); *King v. American Mortgage Network*, 2010 WL 3222419 (N.D. Utah Aug. 16, 2010); *Rodeback v. Utah Financial*, 2010 WL 2757243 (D. Utah July 13, 2010).

          **d.** **Washington's Deed of Trust Act.** The Washington Deed of Trust Act defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a different obligation." Wash. Rev. Code § 61.24.005(2). While this language does not track Oregon's definition of "beneficiary," Washington courts have reached the same conclusion as those in Idaho, Utah, and Arizona regarding MERS' role in the foreclosure process. In *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485, at *5 (W.D. Wash. May 20, 2010), the court held that MERS had the ability to foreclose under Washington's Deed of Trust Act even though MERS does not hold the promissory note secured by the deed of trust: "The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interests, including the right to foreclose and sell the Property." *Id.* (citations omitted). *Id. See also Vawter v. Quality Loan Service Corporation of Jackson,* 2010 WL 1629355 (W.D. Wash. April 22, 2010) (even accepting plaintiff's allegation that MERS merely exists to maintain

PAGE 6 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
              MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

707220.0017/902018.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

records regarding ownership of mortgages, that does not mean that MERS cannot hold a beneficial interest under the trust deed).[2]

B.  **The Deed of Trust expressly authorizes MERS to act as nominee-beneficiary.**

During oral argument Plaintiffs' counsel also contended that there was no power of attorney, nominee agreement, or any other legal document recorded, which would allow MERS to execute the assignment. This argument is difficult to understand. The recorded Deed of Trust itself, signed by the Plaintiffs in exchange for the loan proceeds paid by the lender, clearly specifies that MERS is authorized to act as the nominee-beneficiary for the originating lender and its successors and assigns, and holds "legal title to the interests granted by the Borrower" including the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." (Complaint, Ex. 1, at 1-3.

---

[2] Numerous other federal courts have rejected arguments similar to Plaintiffs' here and upheld MERS authority to be designated by contract to serve as nominee for the lender and beneficiary under the deed of trust. *See In re Huggins*, 357 B.R. at 183 (MERS as nominee has standing to seek relief from stay). *Elias v. HomeEq Servicing*, 2009 WL 481270, *1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Derakshan v. Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 63176, *17-*18 (C.D. Cal. 2009) (same); *In re Roberts*, 367 B.R. at 684 (holding MERS is properly "empowered to act on behalf * * * [of] the equitable owner of the rights in the Deed of Trust" because "the Deed of Trust itself makes clear that MERS * * * may, if necessary, exercise all of the substantive rights of the * * * party who holds the beneficial ownership of the Deed of Trust"); *Jackson v. MERS, Inc.*, 770 N.W.2d 487, 496 (Minn. 2009) (holding MERS does not need to record assignments of underlying indebtedness to initiate foreclosure proceedings); *Mortgage Electronic Registration Systems, Inc., v. Azize*, 965 So.2d 151, 153 (Fla. App. 2d 2007) (acknowledging MERS could have standing to enforce obligation); *Mortgage Electronic Registration Systems, Inc., v. Revoverdo*, 955 So.2d 33, 34 (Fla. App. 3d 2007) (MERS has standing to initiate foreclosure proceedings); *MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.Ed.2d 81 (2006) (MERS trust deeds do not violate Real Property Law); *Santarose v. Aurora Bank FSB*, 2010 WL 3064047, 4 (S.D. Tex. Aug. 3, 2010) (finding that MERS had standing to foreclose given express authorization in deed of trust); *Athey v. MERS*, 2010 WL 1634066, 4 (Tex. App. April 22, 2010) (designation of MERS in deed of trust established authority to foreclose, MERS need not be note holder).

PAGE 7 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

C.  **All Assignments of the Trust Deed Have Been Recorded.**

Plaintiffs argue that ORS 86.735 requires that all prior assignments be recorded, and that this has not occurred in the present case. Plaintiffs misunderstand the requirement of ORS 86.735. Even assuming that Plaintiffs could allege or show the entity (or entities) that were the holder of the promissory note and successor and assignee to the originating lender, the statute does not require that their interests be recorded. ORS 86.735 provides, in pertinent part, as follows:

> The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments *of the trust deed* by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated[.]

(emphasis added).

It is not necessary, under Oregon's Trust Deed statutes, to record assignments or transfers of the promissory note. And as this Court (among many) has determined, the courts need not look behind the recorded documents. *See, e.g., Stewart v. MERS, et al.*, CV No. 09-687-PK, 2010 WL 1055131 (D. Or. 2010) (construing Oregon Trust Deed Act).[3] Defendants submit that this rule is hardly surprising. It is consistent with the purpose served by a system of ownership based on recorded legal title, which is to simplify the ownership and transfer of ownership of real property—and allows property to be held by agents or entities holding title on behalf of an extraordinary range of beneficial ownership interests.

---

[3] Plaintiff argues for a different rule, apparently relying on a New York decision concerning judicial foreclosure: "In an action for foreclosure, plaintiff must show that is the owner of the note as well as the mortgage at the time the action is commenced." Pl Supp Mem at 6, citing *LVNCORP v. Madison Real Estate, LLC*, 2010 NY Slip Op. 33376 (attached as Exhibit 3 to plaintiff's supplemental memorandum).

PAGE 8 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
          MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Here there was only one assignment of the trust deed, from MERS to Wells Fargo Bank, NA and it was recorded. (Complaint, Ex. 2.) The recorded document itself reflects the assignment from MERS to Wells Fargo Bank, NA. *Id.* As explained in Defendants' earlier briefing, participating mortgage lenders contractually agree to appoint MERS to be the beneficiary of the deed of trust and serve as the common nominee or agent for all MERS member lenders on all mortgage loans they register on the MERS System. When MERS becomes the deed of trust beneficiary of record, as is the case here, MERS remains the beneficiary of record on behalf of successive assignees when beneficial ownership interests or servicing rights are sold to another MERS member.[4] Accordingly, MERS had the authority to assign the deed of trust to Wells Fargo Bank, NA and any further intervening assignments of the deed of trust were not required under the Oregon Trust Deed Act.

Also during oral argument, plaintiffs' counsel suggested that the Assignment of the Deed of Trust was somehow defective because the Vice President of MERS signed it without noting MERS' capacity to assign. (Complaint, Ex. 2, p. 2.) The first paragraph of the Assignment clearly addresses counsel's concern by stating, "For Value Received, the undersigned *as Beneficiary*, hereby grants, conveys, assigns and transfers to Bank of America, National Association, * * * all beneficial interest under that certain deed of trust, dated 11/17/95, executed by IVAN E. HOOKER, KATHERINE J. HOOKER, Grantors, * * *." (Id.)(emphasis added) Thus, the person signed on behalf of MERS, as beneficiary, under the Deed of Trust given by plaintiffs.

As previously discussed, the Oregon Trust Deed Act does not require that transfers of the promissory note be recorded—it is sufficient if, prior to initiating a non-judicial foreclosure, all

---

[4] *See, e.g.,* Finding of Facts, Summary Judgment Memorandum and Order, *Mortgage Electronic Registration Systems, Inc. et al. v. Robert Bellistri*, 2010 WL 2720802 *6-8 (E.D. Mo. July 1, 2010). *See also* MERSCORP, Inc., Terms and Conditions, Rule 2, § 6 (available at: http://www.mersinc.org/MersProducts/publications.aspx?mpid=1).

PAGE 9 -   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

assignments *of the trust deed* and any appointment of a successor trustee are recorded.  In this case, that was done.  (*Id.*)

Plaintiffs' complaint fails to state a claim on which relief can be granted.

### III.   CONCLUSION

Defendants' motion to dismiss should be granted, and Defendants should be allowed to recover their reasonable costs and attorney fees incurred herein.

DATED:  January 31, 2011

LANE POWELL PC


By /s/ Stephen P. McCarthy
   Stephen P. McCarthy, OSB No. 894152
   Pilar C. French, OSB No. 962880
   Telephone:  503.778.2100
Attorneys for Defendants Bank of America, NA,
and Mortgage Electronic Registration Systems, Inc.

PAGE 10 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
            MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)