**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants Bank of America, NA, and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,** | Case No. 10-CV-3111-PA |
| Plaintiffs, | Defendants'<br>SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT |
| v. | |
| **NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | (Oral Argument Requested) |
| Defendants. | |

SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................................... 3

    A.   The Parties. ...................................................................................................... 3

        1.   Plaintiffs Are Borrowers in Default. .......................................................... 3

        2.   Defendant Bank of America, NA is the Owner of the Debt by
            Transfer From the Original Lender. ............................................................ 3

        3.   Defendant MERS Is the Trust Deed Beneficiary as Nominee of the
            Lender, its Successors and Assigns. ........................................................... 4

    B.   The Function of MERS in the Mortgage Industry. ......................................... 5

    C.   The Hookers Expressly Acknowledged That MERS Could Act as the
        Nominee of the Lender, its Successors and Assigns. ...................................... 6

III. ARGUMENT ........................................................................................................... 8

    A.   The MERS® System Conforms To Oregon's Statutory Scheme. .................... 8

        1.   Oregon's Standard for Statutory Interpretation. ......................................... 8

        2.   MERS Complies With Oregon's Recording Act. ...................................... 10

        3.   The Use of a Nominee in Real Estate Transactions Is a Sanctioned
            and Legitimate Practice. ............................................................................ 12

    B.   Defendants Are In Full Compliance With Oregon's Trust Deed Act. ........... 15

        1.   Oregon's Foreclosure Statute Requires that Assignments of the
            "Trust Deed," Not the Promissory Note, Be Recorded. ............................ 15

        2.   Oregon Law Does Not Support the Conclusion That a Transfer of
            an Interest in the Promissory Note is an "Assignment" that
            Requires Recording Under Oregon Trust Deed Act as an
            Assignment of the Trust Deed. .................................................................. 19

    C.   Plaintiffs' Interpretation of The Foreclosure By Advertisement and Sale
        Statute Would Fundamentally Change and Have a Devastating Impact on
         Oregon's Title Records System. .................................................................... 21

IV.  CONCLUSION ....................................................................................................... 23

## TABLE OF AUTHORITIES

### CASES

*Hashop v. Fed. Home Loan Mtg. Corp.,*
    171 F.R.D. 208 (N.D. Ill. 1997) ...................................................................................... 5

*Holt v. Guaranty & Loan Co.,*
    136 Or. 272, 296 P. 852 (1931) ..................................................................................... 20

PAGE i -   SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

*In re Cushman Bakery,*
    526 F.2d 23 (1st Cir. 1975), *cert. denied,* 425 U.S. 937 (1976)......................................13, 14

*Jackson v. MERS,*
    770 N.W.2d 487 (Minn. 2009)...............................................................................passim

*MERSCORP, Inc. v. Romaine,*
    861 N.E.2d 81 (N.Y. Ct. App. 2006)...................................................................... 4

*PGE v. Bureau of Labor and Industries,*
    317 Or. 606, 859 P.2d 1143 (1993) ........................................................................ 9

*Roberts v. Sutherlin,*
    4 Or. 219 (1872) ..................................................................................................... 20

*Roth v. Troutdale Land Co.,*
    83 Or. 500, 162 P. 1069 (1917) .............................................................................. 20

*Schuh Trading Co. v. Comm'r,*
    95 F.2d 404 (7th Cir. 1938) ................................................................................... 12

*Security State Bank v. Luebke,*
    303 Or. 418, 737 P.2d 586 (1987) .......................................................................... 11

*State v. Gaines,*
    346 Or. 160, 206 P.3d 1042 (2009) ......................................................................... 9

*Zoller v. Bank of America,*
    U.S.D.C. Case No. 1:10-CV-03095-PA ...........................................................1, 3, 5

## STATUTES

ORS 73.0101-73.0605, 79.0101-79.0628, 93.610, 93.630, 93.640, and 205.130 ....................... 10

ORS 73.0203 ........................................................................................................ 11

ORS 73.0205(2) .................................................................................................... 11

ORS 73.0302(2) .................................................................................................... 11

ORS 86.705, *et seq.* ...........................................................................................passim

ORS 86.705(1) ..................................................................................................... 13

ORS 86.705(5) ...............................................................................................2, 16, 18

ORS 86.710 ......................................................................................................... 16

PAGE ii -   SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

707220.0017/905141.1

ORS 86.735 .................................................................................................................... passim

ORS 86.735(1) .......................................................................................................... 10, 17

ORS 86.735(4) ................................................................................................................. 17

ORS 86.755 ..................................................................................................................... 20

ORS 86.770 ..................................................................................................................... 21

ORS 86.775 ..................................................................................................................... 20

ORS 86.790 (1)(d) ........................................................................................................... 13

ORS 87.920 ..................................................................................................................... 20

ORS 93.610, 93.630, 205.130 ................................................................................... 12, 20

ORS 93.640 .............................................................................................................. 11, 16

ORS 174.020 ................................................................................................................. 8, 9

Restatement (Third) of Property ............................................................................... 13, 14

Uniform Commercial Code.................................................................................. 13, 10, 16

## OTHER AUTHORITIES

*A Survey of Oregon Legislation Enacted in 1959*, 39 Or. L. Rev. 113 (1959) ...................... 15, 19

*Black's Law Dictionary* 1076 (8th ed. 2007) ........................................................................ 12

*Mortgage Electronic Registration System*, 31 Idaho L. Rev. 805, 809 (1995) ........................... 5

*Note and Comment*, 44 Or. L. Rev. 112 (1965) ............................................................... 15, 19

*Real Estate Finance Law* (5th ed. 2007) ........................................................................... 4, 5

*Yes, There Is Life on MERS*, 11 Prob. & Prop. (Aug. 1997) ..................................................... 4

PAGE iii -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

# I.  **INTRODUCTION**[1]

Defendants Bank of America, NA and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") submit this Supplemental Memorandum consistent with the Court's February 2, 2011 Scheduling Order requesting additional briefing regarding Oregon's Trust Deed Act and the question certified by the federal court to the Minnesota Supreme Court in *Jackson v. MERS,* 770 N.W.2d 487 (Minn. 2009).  The question certified by the district court states:

> When MERS serves as mortgagee of record as nominee for a lender and that lender's successors and assigns, and the original lender subsequently sells, assigns, or transfers its rights under the mortgage, has there been an assignment of the mortgage that must be recorded pursuant to Minn. Stat. § 580.02 (2006) before MERS can commence a foreclosure by advertisement?

770 N.W.2d at 493.

The district court's question is a good starting point for analysis of Oregon's Trust Deed Act because, except for Oregon's use of trust deeds instead of mortgages, Oregon's Trust Deed Act mirrors the Minnesota statutes.  The district court's question is only a starting point for analysis, however, because the question certified by the district court used the term "mortgage," but did not make the important distinction between the mortgage security instrument, which was the security given to ensure performance of the underlying debt obligation, and the promissory note, which is the debt obligation of the borrowers.  Recognizing this important distinction, the Minnesota Supreme Court reformulated the certified question:

> Where an entity, such as defendant MERS, serves as mortgagee of record as nominee for a lender and that lender's successors and assigns and there has been no assignment of the ownership of the

---

[1] Defendants in *Zoller v. Bank of America*, U.S.D.C. Case No. 1:10-CV-03095-PA, are filing a similar Memorandum in that case.  The *Zoller* Memorandum is in many respects identical to this Memorandum, but there are some differences.  There are also some factual differences between the two cases.  The differences do not affect the legal analysis or the ultimate conclusion that the question certified by the court should be answered in the negative.

PAGE 1 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

> underlying mortgage itself, is an assignment of the ownership of the underlying indebtedness for which the mortgage serves as security an assignment that must be recorded prior to the commencement of a mortgage foreclosure by advertisement under Minn. Stat. ch. 580?

The Minnesota Supreme Court answered the certified question in the negative, holding that the transfer of beneficial interests in the promissory note are not recordable and need not be recorded before commencing a foreclosure by advertisement.

Like Minnesota law, Oregon's Trust Deed Act, makes a distinction between the trust deed, which is the security for the performance of an obligation, and the promissory note, which is the obligation for which the trust deed provides security. ORS 86.705(5). Indeed, plaintiffs allege that Defendants have not complied with Oregon's Trust Deed Act because they have not recorded each transfer of the ownership of the underlying indebtedness—the promissory note—before attempting to foreclose consistent with the terms of the trust deed and Oregon's non-judicial foreclosure by advertisement and sale statute. ORS 86.735. Therefore, the Minnesota Supreme Court's reformulated question concerning the distinction between the security and the debt answers the question posed by the district court and more accurately frames the issues with respect to Oregon's Trust Deed Act.[2]

As set forth more fully below, the plain wording of Oregon's Trust Deed Act does not require MERS or Bank of America to record anything more than an assignment of the trust deed and the appointment of a new trustee as part of a non-judicial foreclosure pursuant to

---

[2] With respect to Oregon's Trust Deed Act and the issues before this Court, the question probably is:

> When MERS serves as beneficiary of record in a trust deed as nominee for a lender and that lender's successors and assigns, and there has been no assignment of the trust deed itself, is a transfer of the ownership of the underlying indebtedness for which the trust deed serves as security an assignment that must be recorded prior to commencement of a trust deed foreclosure by advertisement and sale under ORS 86.735?

PAGE 2 -   SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

ORS 86.735, which is Oregon's advertisement and sale foreclosure statute. Like the court ruled in *Jackson*, Oregon does not require recordation of transfers of the promissory note in order to foreclose a trust deed by advertisement and sale under ORS 86.735.

## II.  STATEMENT OF FACTS

**A.    The Parties.**

**1.  Plaintiffs Are Borrowers in Default.**  The plaintiffs, Ivan and Katherine Hooker, borrowed $260,000 from a lender whose loan is secured by a deed of trust on residential real estate located in Jackson County, Oregon. The Hookers have not complied with their obligations to repay the money that they borrowed, and as a consequence their loan is in default and the process of non-judicial foreclosure through advertisement and sale consistent with Oregon's Trust Deed Act has commenced. The Hookers have not made a payment in over a year and remain in possession of the real property that is the security for the loan.

Although this is a single case involving two borrowers and a single loan, this case involves issues that could affect title to all residential property in Oregon in which MERS has been designated in a deed of trust as the beneficiary as a nominee for the lender, its successors and assigns. *Zoller v. Bank of America*, U.S.D.C. Case No. 1:10-CV-03095-PA, is also pending before this court. *Hooker* and *Zoller* are just a small sample of the cases that are pending and that could be pending in the future.

**2.    Defendant Bank of America, NA is the Owner of the Debt by Transfer From the Original Lender.**  Bank of America is a transferee of the beneficial interest in the promissory note and the current investor in the loan. Wells Fargo Home Mortgage ("Wells Fargo") is the servicer of the subject loan and is the agent of the investor Bank of America. On May 3, 2010, MERS as trust deed beneficiary as nominee for the original lender and its successors and assigns assigned the Deed of Trust to Bank of America, c/o Wells Fargo Bank, NA. (Complaint at ¶ 4 and Ex. 2.) The Assignment of Deed of Trust was recorded in the official records of Jackson County under Record No. 2010-014400. (*Id.*)

PAGE 3 -    SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

MERS, as beneficiary under the trust deed, appointed Northwest Trustee Services, Inc. as successor trustee. (Complaint, ¶ 4, Ex. 3.) The Appointment of Successor Trustee by MERS was also recorded in the official records of Jackson County.[3] (Complaint, ¶ 4, Ex. 3.) Both documents were properly recorded consistent with Oregon's Trust Deed Act.

     **3.     Defendant MERS Is the Trust Deed Beneficiary as Nominee of the Lender, its Successors and Assigns.** In 1993, in the aftermath of the savings and loan crisis, several leading participants in the real estate finance industry decided it was time to develop an electronic registration system for tracking interests in mortgage loans, much like the book-entry system successfully used by the Depository Trust Company for the securities industry since the 1970s. R.K. Arnold, *Yes, There Is Life on MERS*, 11 Prob. & Prop., 32, 33-35 (Aug. 1997); Nelson and Whitman, 1 *Real Estate Finance Law*, pp. 624-625 (5th ed. 2007). The Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), the Government National Mortgage Association ("Ginnie Mae"), and the Mortgage Bankers Association of America joined forces to create an electronic registration system and clearinghouse known as the MERS® System. *MERSCORP, Inc. v. Romaine*, 861 N.E.2d 81, 83, n.2 (N.Y. Ct. App. 2006); *Real Estate Finance Law*, p. 625. The System, which became fully operational in 1997, tracks, on behalf of MERS members, transfers of beneficial ownership interests in mortgage loans, including loans secured by a deed of trust. *See Jackson v. MERS*, 770 N.W.2d 487, 490 (2009); 1 *Real Estate Finance Law*, p. 625.

     MERS is made the beneficiary and is the agent or nominee of the MERS member lender in the MERS deed of trust (mortgage). MERS becomes the beneficiary with respect to such mortgage loans, as nominee for such lenders, in one of two ways: (1) the borrower and the lender name MERS as the beneficiary of record at the time the mortgage loan is originated

---

[3] An Appointment of Successor Trustee by Wells Fargo was also recorded in the official records of Jackson County in September 2010. (McCarthy Decl. in Support of Motion to Dismiss, Ex. 2.)

PAGE 4 -    SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

(sometimes referred to by the acronym "MOM," standing for "MERS as original mortgagee"), or (2) the lender causes a mortgage loan that was previously originated and acquired by such lender to be assigned of record to MERS, so that MERS becomes the beneficiary of record in the land records in which the trust deed was recorded. In either case the security instrument constitutes a MERS Deed of Trust.

The MERS Deed of Trust names MERS as the beneficiary in the original security instrument. It identifies the name and address of the grantor (borrower), the lender, MERS as the beneficiary, and the trustee to whom the interest in real estate is transferred. It provides a description of the secured real estate and refers to the note executed contemporaneously with the trust deed. The MERS Deed of Trust also constitutes a conveyance of an interest in the security real estate to the trustee, the lender and to MERS as the beneficiary, in its nominee capacity for the lender. Equally important, for purposes of this proceeding, the MERS Deed of Trust confirms that MERS serves as the disclosed agent for the lender and the lender's successors and assigns and it also sets forth MERS' rights relating to the security instrument.

**B.      The Function of MERS in the Mortgage Industry.**

To better understand the negative consequences of what the Hookers ask this Court to do here, it is necessary to understand the function of MERS in the mortgage industry and its relationship to loan servicers and investors in the secondary mortgage market. For brevity, Defendants incorporate their prior briefing regarding MERS' role in the industry. In addition, Defendants incorporate defendants' submissions in *Zoller* including, but not limited to, the briefing, request for judicial notice, and declarations filed by the *Zoller* defendants including the affidavit of Dan McLaughlin. *See Zoller* Docket Nos. 3-6, 12, 20, and 22. Finally, Defendants refer the court to *Hashop v. Fed. Home Loan Mtg. Corp.*, 171 F.R.D. 208, 210 (N.D. Ill. 1997); Phyllis K. Slesinger & Daniel McLaughlin, *Mortgage Electronic Registration System*, 31 Idaho L. Rev. 805, 809 (1995); and Nelson and Whitman, 1 *Real Estate Finance Law*, pp. 624-625, for additional information regarding MERS' functions in the mortgage industry. In summary,

PAGE 5 -    SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

MERS was created to improve the efficiency of the primary and secondary mortgage markets by providing electronic registry to track transfers of mortgage loan interests for mortgage loan sellers, warehouse lenders, mortgage investors, document custodians, and mortgage servicers and by serving as a nominee for the lender and its successors and assigns.

**C.    The Hookers Expressly Acknowledged That MERS Could Act as the Nominee of the Lender, its Successors and Assigns.**

To better understand the ways in which MERS works, one need only look at the terms the Hookers agreed to when they executed their Deed of Trust and promissory note.  In the Deed of Trust executed by the Hookers in this case, the Hookers specifically acknowledged it was a four-party agreement among the borrowers, the original lender, MERS as the beneficiary as nominee for the original lender, its successors and assigns, and the trustee that holds interest in the property (the power of sale).  (Complaint, Ex. 1.)  The Deed of Trust and the promissory note that evidences the debt were executed by the Hookers contemporaneously.  The Deed of Trust, which was executed before a notary, was then recorded in the public land records in compliance with applicable recording requirements under Oregon law.  (*Id.*)  It is the recorded Deed of Trust, not the promissory note, which serves as notice to all other persons of the security interest in the affected real property.  The Deed of Trust states in pertinent part:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the beneficiary under this Security Instrument.**
>
> \* \* \* \*
>
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.
>
> \* \* \* \*
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security

PAGE 6 -    SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

> Instrument, but, if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender[.]*

(*Id.*, Ex. 1 at 1-3 (emphasis added).)

The Hookers expressly authorized MERS to act on behalf of the lender in connection with all interests of the lender and it successors and assigns including the right to foreclose with respect to the real property providing the security for the loan.  (*Id.*, Ex. 1 at 1, 3.)  Even though the beneficial ownership interest in the Hookers' mortgage loan was transferred in the secondary market by one MERS member to another, at all times the interest of the assignee through MERS as the beneficiary of the trust deed and its nominee has remained a matter of public record providing notice of the security interest in the real property to the outside world.[4]  Similarly, the trustee's interest in the real property has remained a matter of public record.  This is fully consonant with the purpose of Oregon's recording laws and the deed of trust statute.

Finally, the transfers of interests in the underlying debt have also been tracked by the MERS® System.  For example, in December 2005 when the beneficial interests in the promissory note associated with the Hookers' loan were transferred from Guaranty Bank FSB, as investor, to Wells Fargo Home Mortgage, MERS remained an appropriate and specifically designated beneficiary of the Deed of Trust because MERS is the agent for Guaranty Bank and Wells Fargo, which are both MERS members.[5]  (*See* MERS Mortgage Identification Number Summary and Milestone Report attached as an Exhibit to the Supplemental Declaration of Stephen P. McCarthy.)  MERS is the beneficiary of the trust deed as nominee and disclosed

---

[4] Not only is MERS in the public record, but the Hookers and all other borrowers like them with MERS security instruments are free to access the MERS Servicer ID portion of the MERS® System to get the name and contact information for the current servicer of their mortgage loan.

[5] Even if the promissory note is transferred to a person or entity that is not a MERS member, under the wording of the trust deed, MERS serves as the beneficiary as the nominee for the successor or transferee.

PAGE 7 -    SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

agent for the originating lender identified in the Deed of Trust and the lender's "successors and assigns." MERS' status as the beneficiary is not inconsistent with any provision of Oregon's Trust Deed Act.

## III. ARGUMENT

**A.    The MERS® System Conforms to Oregon's Statutory Scheme.**

**1.    Oregon's Standard for Statutory Interpretation.**  The issue requiring additional briefing for this Court concerns the recording of a trust deed under Oregon's statutory recording laws and "any assignments of the trust deed by the trustee or beneficiary" in the mortgage records where the property is situated prior to non-judicial foreclosure consistent with Oregon's Trust Deed Act. The legal issue requires the interpretation of ORS 86.735, which governs non-judicial foreclosure by advertisement and sale.

As in *Jackson v. MERS,* 770 N.W.2d at 495, plaintiffs in this case allege that Defendants have not complied with the statutory requirement to record and give notice of assignments of the trust deed before foreclosure by advertisement and sale because promissory note transfers between MERS members have not been recorded. The plaintiffs in *Jackson* offered two main arguments for their position.  First, plaintiffs argued incorrectly that historically the term "mortgage" as used in the statutes had been used to refer to the security instrument and/or the promissory note. *Id.*  Second, plaintiffs argued that under longstanding principles of Minnesota real property law, a transfer of the promissory note carries the security instrument—the mortgage—with it and, thus, the transfer of the promissory note constitutes an assignment of the security instrument requiring an assignment to be recorded.

As in *Jackson*, the question before this Court requires the interpretation of applicable statutes.  It is notable that Oregon's statutes nearly mirror Minnesota's scheme and that the standards for statutory interpretation are nearly the same.  Both Oregon and Minnesota courts look to follow the intent of the legislature when analyzing statutes.  *See* ORS 174.020; 770

PAGE 8 -   SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

N.W.2d at 496. In construing statutes, Oregon's courts follow ORS 174.020[6] and the leading cases on statutory interpretation, *PGE v. Bureau of Labor and Industries,* 317 Or. 606, 859 P.2d 1143 (1993) *("PGE"),* and *State v. Gaines,* 346 Or. 160, 171-172, 206 P.3d 1042 (2009).

*PGE* directed the court to accept the plain meaning of a statute and "that words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE.* at 611. Following enactment of ORS 174.020, a party is free to proffer legislative history to the court, and the court will consult it after examining text and context, even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis. The extent of the court's consideration of that history, however, and the evaluative weight that the court gives it, is for the court to determine. If the Legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty. *State v. Gaines,* 346 Or. at 171-172. In this case, the text and context of Oregon's Trust Deed Act unambiguously permit MERS to be designated as the beneficiary in the Deed of Trust as the nominee of the lender and its successors and assigns. *See, e.g.,* ORS 86.705–86.795.

---

[6] ORS 174.020 provides:

> (1)(a) In the construction of a statute, a court shall pursue the intention of the legislature if possible.
>
> (b) To assist a court in its construction of a statute, a party may offer the legislative history of the statute.
>
> (2) When a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent.
>
> (3) A court may limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate.

PAGE 9 -   SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

Furthermore, as in *Jackson*, the text and context of Oregon's Trust Deed Act unambiguously require that assignments of the trust deed and appointments of successor trustee must be recorded in order to properly conduct a non-judicial foreclosure by advertisement and sale.   ORS 86.735(1).  There is, however, no requirement imposed by Oregon statute or Oregon state court's decisional law that transfers of the beneficial interest in a promissory note must be recorded as part of the non-judicial foreclosure process.

     **2.**     **MERS Complies With Oregon's Recording Act.**  The issue before this Court is whether Oregon's Trust Deed Act requires recordation of each transfer of a beneficial interest in a promissory note secured by a trust deed before non-judicial foreclosure by advertisement and sale can occur.  The answer here, as in *Jackson v. MERS,* 770 N.W.2d at 496, is an unequivocal, "No."

     Like in *Jackson,* the strictly legal issue before this Court revolves around the recording of deeds or security instruments.  There is a distinction between documents conveying an interest in real property—the trust deed—and those which transfer interests in the debt obligation, which are neither recorded nor susceptible of recordation.  For example, the trust deed is a conveyance of an interest in real property requiring recording while the underlying debt obligation (promissory note) is a negotiable instrument whose transfer is governed by contract law and/or Articles 3 or 9 of the Uniform Commercial Code.  *See, e.g*, ORS 73.0101-73.0605, 79.0101-79.0628, 93.610, 93.630, 93.640, and 205.130.

     Promissory notes are not assigned.  They are transferred or negotiated.[7]  Transfers of negotiable instruments are accomplished by endorsement and delivery to a person for the purpose of giving the person receiving delivery the right to enforce the instrument.

---

[7] At times there can be a collision or tension between the requirements of the securities laws prescribing disclosure be given regarding a security and the proper usage of terms associated with commercial transactions.  At times, language used in a prospectus or other document relating to a security can be over inclusive describing the sale of the loan as a sale, transfer, assignment, etc.  When the transaction occurs, however, the debt instrument can only be transferred consistent with the Uniform Commercial Code.

PAGE 10 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

ORS 73.0203.  Indeed, if the note has been converted to bearer paper, it can be transferred or negotiated simply by delivery.  ORS 73.0205(2).  There is no requirement that the transfer be recorded, and recordation would be inconsistent with ensuring that negotiable instruments are indeed freely negotiable and available to create pools of capital for investment.  In fact, Oregon's Legislature has specifically stated a policy against recordation of negotiable instruments.  "Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the instrument."  ORS 73.0302(2).  Thus, Oregon commercial law disfavors recording of promissory notes by stripping recordation of an instrument of any of its notice benefits.

In contrast, Oregon's basic recording law states:

> Every conveyance, deed, land sale contract, assignment of all or any portion of a seller's or purchaser's interest in a land sale contract or other agreement or memorandum thereof affecting the title of real property within this state which is not recorded as provided by law is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof * * *.  As used in this section, "every conveyance, deed, land sale contract, assignment of all or any portion of a seller's or purchaser's interest in a land sale contract or other agreement or memorandum thereof affecting the title of real property" includes mortgages, trust deeds, and assignments for security purposes or assignments solely of proceeds, given by purchasers or sellers under land sale contract.

ORS 93.640.

The purpose of recording is to protect third parties (e.g. subsequent bona fide purchasers or judgment creditors) by informing them there is an encumbrance on the real property.  *Security State Bank v. Luebke,* 303 Or. 418, 421, 737 P.2d 586 (1987).  Thus, the primary objective of the recording statutes is to memorialize for the benefit of outside third parties the interests that affect title to real property.  *Id.*  This is done by recording one simple document—a conveyance of an

PAGE 11 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

interest in real property that is in the form of a trust deed—with the county clerk or County Recorder.  ORS 93.610, 93.630, 205.130.[8]

Once the world is placed on notice, interested parties must undertake further investigation as to the status of the security interest in the real property.  Since the borrowers already know there is a security interest and have in fact explicitly granted that interest, the notice provided by the recording statutes is not for the borrowers' benefit.  Nor are the recording statutes consumer protection statutes designed to confer rights on borrowers.  Indeed, the parties least considered by the recording statutes who have given a trust deed are the borrowers; recording the Deed of Trust is for the benefit of the lender and outside third parties, not the borrowers.

**3.    The Use of a Nominee in Real Estate Transactions Is a Sanctioned and Legitimate Practice.**  The Deed of Trust clearly discloses that MERS serves as the beneficiary for record purposes and as nominee for the lender, its successors, and assigns.  In this role, MERS represents the interests of MERS member lenders, their successors, and assigns.  In this case, the lender and the borrowers accepted MERS' nominee role or agency when the Hookers entered into their Deed of Trust and the lender accepted it.  The role of nominee simply means:

> One designated to act for another as his representative in a rather limited sense. It is used sometimes decedent by an agent or trustee. It has no connotation, however, other than that of acting for another, or as a grantee of another * * *.

*Schuh Trading Co. v. Comm'r*, 95 F.2d 404, 411 (7th Cir. 1938); *see, e.g., Black's Law Dictionary* 1076 (8th ed. 2007).

MERS' status as "nominee" is a common occurrence in public land records and "has long been sanctioned as a legitimate practice." *In re Cushman Bakery*, 526 F.2d 23, 30 (1st Cir.

---

[8] Promissory notes, in contrast, are not conveyances of real property and are not recorded, nor are they susceptible to recordation.  ORS 93.610, 93.630, 205.130.  A recorded promissory note would not serve the purpose of the recording statutes because the promissory note does not have a description of the property, it does not transfer title to real property, and it does not affect title.

PAGE 12 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

1975), *cert. denied,* 425 U.S. 937 (1976) (citing cases).  Individuals frequently confer rights on a "nominee," "agent," or "trustee" for a variety of purposes, including to execute or hold security instruments.  The use of the nominee is also authorized under the UCC:

> The Uniform Commercial Code does not require that the secured party is listed in such statement be a principal creditor and not an agent * * *.  The purpose of filing this financing statement is to give notice to potential future creditors or purchasers of the collateral. It makes no difference as far as such notices concerned whether the secured party listed in the filing statement is a principal or an agent, and no provision in the Uniform Commercial Code draws such a distinction.

*Id.* at 30.

Indeed, Oregon's Trust Deed statute does not impose a requirement that the trust deed beneficiary and the holder of the beneficial interest of the promissory note be identical.  *See* ORS 86.705, *et seq.*  Oregon's Trust Deed Act defines "beneficiary" as "the person named *or otherwise designated* in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790 (1)(d)."  ORS 86.705(1) (emphasis added).  Thus, the wording of the statute contemplates that the holder of the beneficial interest of the obligation can "designate" a person or entity in the trust deed to act as the holder's agent, trustee, or nominee.

Note holders may appoint agents to act as beneficiaries under a companion trust deed. The Restatement (Third) of Property explains:

> *Mortgage may not be enforced except by a person having the right to enforce the obligation or one acting on behalf of such a person.* As mentioned, in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation.  For example, assume that the original mortgagee transfers the mortgage alone to A and the promissory note that it secures to B. Since the obligation is not enforceable by A, A can never suffer a default and hence cannot foreclose the mortgage.  B, as holder of the note, can suffer a default.  However, in the absence of some additional facts creating authority in A to enforce the mortgage for B, B cannot cause the mortgage to be foreclosed since B does not own the mortgage. ***The result is changed if A has authority from***

PAGE 13 - SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

> ***B to enforce the mortgage on B's behalf. For example, A may be a trustee or agent of B*** with responsibility to enforce the mortgage at B's direction. A's enforcement of the mortgage in these circumstances is proper * * * ***The trust or agency relationship may arise from the terms of the assignment, from a separate agreement, or from other circumstances. Courts should be vigorous in seeking to find such a relationship, since the result is otherwise likely to be a windfall for the mortgagor and the frustration of B's expectation of security.***

Restatement (Third) of Property § 5.4 cmt. e (emphasis in bold added); *see also id.* § 5.4(c) ("mortgage may be enforced only by, *or on behalf of*, a person who is entitled to enforce the obligation the mortgage secures") (emphasis added). Thus, the law recognizes that there can be a division of labor whereby different parties act, but through the trust or agency relationship there is a unity of interest.

There is no reason why, under a trust deed arrangement, the entity holding or owning beneficial interest in the note must disclose its ownership of the loan evidenced by the promissory note, which governs the terms of the obligation of the loan. The trust deed, as the security instrument, when recorded, simply provides record notice and inquiry notice to the world that the real property is burdened property as security for a note. The rationale for upholding the validity of real estate loans, where the lender is acting through a nominee or agent, lies at the heart of the purpose of the recording system. *See, e.g., In re Cushman Bakery*, 526 F.2d at 30. That is, the recording system is to provide notice of security interests to all persons, not necessarily notice of the identity of the ultimate owner of the underlying debt obligation. If the Oregon legislature intended that all transfers or negotiations of the promissory note must be recorded, it would have specified as much in the recording statutes and Oregon's Trust Deed Act. It did not do so because it recognized that such recordation is unnecessary, particularly because under the trust deed an interest in real property was conveyed to the trustee for the benefit of the beneficiary and/or its nominee. *See, e.g.*, 93.610, 93.630, and 205.130.

PAGE 14 - SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

**B.    Defendants Are in Full Compliance With Oregon's Trust Deed Act.**

Oregon's Trust Deed Act was first enacted in 1959.[9]  ORS 86.705, *et seq.*; *see A Survey of Oregon Legislation Enacted in 1959*, 39 Or. L. Rev. 113, 126 (1959); *Note and Comment*, 44 Or. L. Rev. 112, 149 (1965).  The definitions of "beneficiary," "trust deed," and "trustee" have not changed materially since enactment of Oregon's Trust Deed Act.  ORS 86.705, *et seq.*[10] Similarly, the manner in which a trustee may foreclose by advertisement and sale has remained the same since enactment of the statute.  *Id.*

**1.    Oregon's Foreclosure Statute Requires that Assignments of the "Trust Deed," Not the Promissory Note, Be Recorded.**  The Hookers contend that the non-judicial foreclosure proceedings following their default are inconsistent with Oregon's Trust Deed Act because Defendants have not recorded all of the alleged transfers of interests in the promissory note.  Plaintiffs' argument is based solely on Oregon's statute governing non-judicial foreclosure by advertisement and sale.  ORS 86.735 states in pertinent part:

> The trustee may foreclose a *trust deed* by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The *trust deed*, any assignments of the *trust deed* by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated * * *.

(Emphasis added.)

Oregon's Legislature, as part of its enactment of the Trust Deed Act, defined "trust deed" to mean "a deed executed in conformity with ORS 86.705 to 86.795, and conveying an interest in real property to a trustee in trust to secure the performance of an obligation owed by the

---

[9]  A copy of the Act as enacted in 1959 is attached to the Second Supplemental McCarthy Declaration as Exhibit 1 filed with this Memorandum.

[10]  The Act was amended in 1961, 1965, 1983, 1985, and 1989.  Copies of the various amendments are attached to the Second Supplemental McCarthy Declaration as Exhibits 2-6.

PAGE 15 - SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

grantor or other person named in the deed to a beneficiary." ORS 86.705(5).[11]   When read together, these sections simply state that if a trust deed is to be foreclosed by advertisement and sale as prescribed by Oregon's Trust Deed Act, any assignments of the trust deed, which is the deed that confers the power of sale to the trustee who is to conduct the sale and convey title to the purchaser, must be recorded in the mortgage records.   This requirement of recording assignments of the deed of trust is to ensure that subsequent conveyances of interests in the real property are by a party with a recorded interest in the real estate. *See* ORS 93.640.

Oregon's Trust Deed Act further recognizes the distinction between the promissory note and the trust deed, which is the security instrument.   ORS 86.710 authorizes the use of trust deeds to "secure the performance of an *obligation* of a grantor, or any other person named in the deed, to the beneficiary."   (Emphasis added.)   Thus, the Legislature recognized that the obligation can be evidenced by something different than the trust deed.

Clearly, the Legislature requires only assignments of the trust deed to be recorded, not the obligation.   Again, if it intended the obligation to be recorded in order to foreclose consistent with the advertisement and sale statute, it could have done so and its failure to do so evidences legislative intent not to burden the public records with recordation of promissory notes or transfers of interests in those notes.   Promissory notes are governed by the UCC, whereas trust deeds and other conveyances of interests in real estate are governed by Oregon's recording and real estate laws.   There is a critical distinction between "assignments of the deed" and "transfers of the note" and they are governed by different parts of Oregon's statutory scheme.

The Hookers appear to be arguing that *all* transfers of a beneficial interest in the promissory note must be recorded as assignments of the trust deed before foreclosure by advertisement and sale can occur.   The Hookers' argument ignores the clear wording of the

---

[11] Copies of the amendments to ORS 86.705 and 86.735 since the enactment of Oregon's Trust Deed Act in 1959 are attached to the Second Supplemental McCarthy Declaration as Exhibits 2-6.

PAGE 16 - SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

statute and should be rejected.  The Oregon Legislature in ORS 86.735(1) clearly limits the assignments that must be recorded before foreclosure by advertisement and sale to "assignments of the trust deed *by the trustee or the beneficiary*" (emphasis added).  Further, promissory notes are negotiated by the lender—not the trustee or the beneficiary designated in the deed of trust. When the Oregon Legislature enacted Oregon's Trust Deed Act, it did not prescribe that all transfers that might relate to the trust deed be recorded before foreclosure by advertisement and sale can occur.  It specifically prescribed that only assignments of the **trust deed** by the "trustee" or the "beneficiary" must be recorded.  The trustee and beneficiary identified in the trust deed provide the record notice in the real property records that the real property is burdened by the security instrument and that the trustee has the power to pass title following foreclosure.  The Legislature therefore defined and limited the types of assignments that must be recorded to those assignments that directly concern the trust deed as a recorded document affecting title and not peripheral arrangements, agreements or transfers that might occur by operation of law.  This clear limitation further evidences the Oregon Legislature's intent not to burden the public records regarding title to real property with the recordation of transfers of promissory notes that do not affect title under Oregon's statutory scheme.

The Oregon Legislature decided that the trustee, who will pass title following foreclosure, and the beneficiary, which is the person or entity named or designated in the trust deed recorded in the public records, are responsible for recording any assignments of the trust deed.  Under, Oregon's statutory scheme the trustee and the beneficiary in the trust deed provide any and all record notice of the security that burdens the real property.  Here, the only assignment of the trust deed by the beneficiary was recorded consistent with Oregon's statute.

Like the Minnesota statutes, Oregon's advertisement and sale statute requires that "no action has been instituted to recover the debt or any part of it then remaining secured by the trust deed* * *."  770 N.W.2d at 496; ORS 86.735(4).  The *Jackson* court found that the clause "secured by the mortgage" important to its analysis because it identified the mortgage as the

PAGE 17 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

instrument that secures the debt, identifies the subject property, and provides for recovery of that property in case of failure to repay the debt. 770 N.W.2d at 496. Because the Minnesota Legislature specifically referred to the security aspect of the mortgage, the Minnesota Supreme Court concluded that the use of the term "mortgage" is unambiguous to the extent that it does not refer to the debt as evidence by the promissory note. *Id.* The Minnesota Supreme Court concluded that the term "mortgage" does not refer to the promissory note and, therefore, the statutory requirement to record assignments of the mortgage is not a requirement to record transfers of the promissory note. *Id.* The *Jackson* court held that the requirement of providing notice of mortgage assignments does not require giving notice of the transfers of only the debt. *Id.*

Like Minnesota, Oregon's use of the clause "secured by the trust deed" is important because it identified the trust deed as the instrument that secures the debt, identifies the subject property, and provides for recovery of that property in case of failure to repay the debt. This conclusion is supported by the definition of "trust deed," which is a "deed" conveying an interest in real property to secure the performance of an obligation. ORS 86.705(5). The promissory note given by plaintiffs is not a deed. It does not convey any interest in real property, provide legal or record title, or even adequately identify the real property. The term "trust deed" does not refer to the debt obligation. Thus, the plain wording of the Oregon statute requires a ruling that the requirement of providing notice of trust deed assignments does not require giving notice of the transfers of only the debt.

The wording of the Minnesota statutes mirror Oregon statutes regarding the recordation of assignments and foreclosure by advertisement and sale. *See*, 770 N.W.2d at 495-496. Like the court in *Jackson*, this Court should rule that the statutory requirement to record assignments of the trust deed is not a requirement to record transfers of an interest in a promissory note. *Id.* Just like Minnesota, the Oregon Legislature did not contemplate that transfers of promissory notes would be recorded.

PAGE 18 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

In this case, the Deed of Trust was assigned by MERS to Bank of America, NA and that assignment was properly recorded. Bank of America is foreclosing through a trustee. Oregon's statutory scheme has been complied with and foreclosure pursuant to the Oregon's advertisement and sale statute is appropriate.

  **2.**  **Oregon Law Does Not Support the Conclusion That a Transfer of an Interest in the Promissory Note is an "Assignment" that Requires Recording Under Oregon Trust Deed Act as an Assignment of the Trust Deed.** Plaintiffs appear to allege, like the plaintiffs in *Jackson*, that even if the plain language of Oregon's Trust Deed Act requires recordation of only assignments of the trust deed, a transfer of interests in the promissory note is an assignment of the security instrument by operation of law and, therefore, must be recorded to foreclose under Oregon's advertisement and sale statute. As discussed above, plaintiffs' allegations have no merit because Oregon's statutory scheme defines "trust deed" and limits the types of assignments that must be recorded to assignments by trustees and beneficiaries. By defining the term "trust deed" as a deed and specifying that only assignments of the deed by the trustee or beneficiary must be recorded, the Oregon Legislature addressed assignments of the promissory note. The Oregon scheme, which emphasizes the people and documents that appear in the chain of title, does not provide any opportunity to allege that assignments by operation of law must also be recorded in order to properly foreclosure by advertisement and sale. This makes sense because Oregon's statute was enacted over 100 years after Minnesota's statute, and unlike Minnesota's statute, Oregon's statute was enacted specifically to allow the use of trust deeds to foreclose with a power of sale instead of mortgages. ORS 86.705, *et seq.*; *see A Survey of Oregon Legislation Enacted in 1959*, 39 Or. L. Rev. at 126; *Note and Comment*, 44 Or. L. Rev. at 149; *Jackson*, 770 N.W.2d at 494. Consequently, because transfers of the promissory note are neither assignments of the deed that constitutes the trust deed nor are they assignments by the trustee or MERS, as the beneficiary and agent of the assignees, plaintiffs' operation of law argument fails.

PAGE 19 - SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

Oregon cases that state that the security follows the transfer of the promissory note predate the enactment of Oregon's Trust Deed Act. *See, e.g., Roberts v. Sutherlin,* 4 Or. 219 (1872)*; Roth v. Troutdale Land Co.,* 83 Or. 500, 162 P. 1069 (1917); *Holt v. Guaranty & Loan Co.,* 136 Or. 272, 296 P. 852 (1931). The cases state that the transferee of a promissory note receives the benefit of the security as an incident of the transfer. *Id.* None of the cases hold that the transfer of the promissory note is an assignment of a deed, a deed of trust, or an assignment that requires recordation. No Oregon case holds that transfer by operation of law of the benefits of the security instrument must be recorded before non-judicial foreclosure by advertisement and sale can occur.

Under Oregon law, a transfer of a promissory note is at best a delegation, by operation of law, of the benefits of the security instrument. *Id.* The transfer of the promissory note is not an assignment of a deed or trust deed instrument. *Id.* At most the transfer of the promissory note is an equitable transfer of the benefits of the security instrument. *Id.*

Oregon does not require the recording of equitable interests in security instruments. *See* ORS 93.610, 93.630, 205.130. Indeed, the recording of such interests is inconsistent with Oregon's policy and would not provide a benefit. *See* ORS 87.920 ("Except where filing of the document is specifically required or authorized by statute, no document filed for recording or otherwise with any public officer in this state before or after October 15, 1983, shall create a lien or encumbrance upon or affect the title to the real or personal property of any person or constitute actual or constructive notice to any person of the information contained therein.") Like in *Jackson*, there are no compelling reasons to require recordation of transfers of promissory notes in Oregon before non-judicial foreclosure by advertisement and sale.

Even if this Court is tempted to impose such a requirement to establish a clear chain of title, the requirement would not provide clear title. Under Oregon's scheme, title is transferred from the foreclosing trustee to the purchaser at the foreclosure sale. ORS 86.735, 86.755, 86.775. Recordation of transfers of the promissory note would do nothing to establish a clear

PAGE 20 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

chain of title.  Consequently, the policy reasons for imposing such a condition in Oregon are far less compelling than those cited by the plaintiffs in *Jackson* and rejected by that court.

Here, MERS as the beneficiary of record provides notice to the world that the real property is subject to a security interest.  The trustee is also a matter of record and also provides notice.  MERS represents the interests of the transferee of the note.  If there are any disputes, the disputes do not affect the grantors of the trust deed particularly since the grantors are not subject to a deficiency following foreclosure.  ORS 86.770.  Thus, like the court in *Jackson*, if the issue of recordation of equitable transfers of interests is considered, this Court should hold that a mere transfer of the beneficial interests in the trust deed does not need to be recorded to comply with the statutory requirements to commence foreclosure by advertisement and sale.  *Jackson*, 770 N.W.2d at 501.

## C.    Plaintiffs' Interpretation of the Foreclosure By Advertisement and Sale Statute Would Fundamentally Change and Have a Devastating Impact on Oregon's Title Records System.

The Hookers' interpretation of the non-judicial foreclosure by advertisement sale statute by reinterpreting Oregon's recording statutes would have a devastating impact on both the residential financial system and the real state title records in Oregon.  At its core, plaintiffs' suit constitutes nothing less than a frontal attack on Oregon's statutory trust deed and foreclosure framework, undercutting the sanctity of contract and the requirement that parties perform their contractual obligations.  If this attack is successful, it would have a devastating impact on the availability of capital that makes it possible for Oregonians to obtain residential loans.  More significantly, it would severely disrupt the system of recording interests in real property across the state.

Public policy clearly favors the enforcement of contracts according to their terms, and the interests of the public at large are served by that policy.  It also favors the protection of legitimate business interests, as well as parties' reliance on freely negotiated agreements.

PAGE 21 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Permitting plaintiffs to escape their responsibility for their loan would undermine these established public policy interests. It should be noted that plaintiffs raise absolutely no defenses to the foreclosure they are seeking to stop and cancel.

Finally, the consequences as to what plaintiffs seek here are too many to discuss in this brief, however, a few are worth noting. It would be impossible to get assignments of the promissory note from lenders no longer in existence. The additional recording costs of all of these assignments would be borne by future borrowers. If all of the assignments are unable to be procured, all would-be non-judicial foreclosures would become judicial foreclosures which would overwhelm the state court system as is the case in many judicial foreclosure states further delaying the transfer of homes to new buyers.

As to those foreclosures that have already taken place, foreclosed parties may contend that they are entitled to set aside the foreclosures affecting those *bona fide* purchasers who bought foreclosed properties. The entire foreclosure process would need to be unwound requiring purchasers and mortgage companies to void their agreements, returning any advanced funds, and revert the property to someone who lost the property initially because he or she failed to meet their obligations and pay their residential loan. In addition, conveyances by a trustee grantee will be called into question and subject to challenge. Every subsequent conveyance will need to be predicated on a recordation of all interests in the debt clouding title invalidating hundreds of thousands of mortgage satisfactions and reconveyances of interests in real estate coming thereafter. This would detrimentally affect the borrowers whose obligations never go into foreclosure. This clearly would not be in the public's interest and is contrary to Oregon law.

PAGE 22 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

### III.  CONCLUSION

For the forgoing reasons, this Court should rule that Oregon's Trust Deed Act does not impose a requirement that transfers of the promissory note be recorded in order to non-judicially foreclose pursuant to Oregon's advertisement and sale statute.

DATED:  February 14, 2011

LANE POWELL PC


By   /s/ Stephen P. McCarthy
    Stephen P. McCarthy, OSB No. 894152
    Pilar C. French, OSB No. 962880
    Telephone:  503.778.2100
Attorneys for Defendants Bank of America, NA,
and Mortgage Electronic Registration Systems, Inc.

PAGE 23 -  SUPPLEMENTAL MEMORANDUM RE QUESTION POSED BY COURT