James J. Stout, OSB #93473
E-Mail: jjstout1@aol.com
James J. Stout, PC
419 S. Oakdale Ave.
Medford, OR 97501
Phone: (541) 618-8888
Fax: (541) 618-9015
    Attorney for Plaintiffs Hooker

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| IVAN HOOKER AND KATHERINE HOOKER,<br>    Plaintiffs,<br>  vs.<br>NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br>    Defendants. | Case No.: 10-CV-3111-PA<br><br>SUPPLEMENTAL BRIEF RE: JACKSON V. MERS |

    It appears that the difference between the certified question and the reformulated question, revolves around whether there has been an assignment of the "mortgage" or an assignment of the underlying "note". In the reformulated question, the court dealt with the assignment of the promissory note without the assignment of the deed of trust. The certified question involves a transfer of its rights under the "mortgage", and in this case a deed of trust.

    ORS 86.735 states: "… (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and the appointment of a successor trustee are recorded in the mortgage records and the counties in which the property described in the deed is situated;"

The Minnesota statute read similarly: "(3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded..."

Judge Hogan's decision in the <u>Burgett</u> case and Judge Alley's decision in the <u>McCoy</u> case (attached hereto as Exhibit "1", and by this reference incorporated herein) solidify the fact that all assignments of the deed of trust have to be recorded as a prerequisite to foreclosure by advertisement and sale. It is clear, since MERS is acting as a beneficiary as nominee, that if MERS assigned the trust deed, that assignment would have to be recorded as a prerequisite to foreclosure by advertisement and sale. The certified question, is whether if the underlying lender assigns its rights under the trust deed, does that assignment have to be recorded. The answer is yes.

In this case, MERS is the agent and GN Mortgage was the principal. GN Mortgage was also the lender. Page 2 of the trust deed states: "this Security Instrument secures to <u>Lender</u>: (i) the repayment of the loan, and all renewals, extensions and modifications of the note;..." Although MERS may be listed as the beneficiary, it is only the beneficiary as nominee and GN Mortgage is the actual beneficiary under the trust deed. GN Mortgage is the one for whose benefit the trust deed is given. See <u>McCoy</u> page 5. Since a transfer by GN Mortgage is a transfer by the beneficiary, ORS 86.735, <u>Burgett</u> and <u>McCoy</u> require that transfer to be recorded.

Nor can the lender hide behind MERS. Remember, MERS is the agent. The principle cannot hide behind the agent. Normally this discussion resolves around the actions of MERS as it relates to the liability of the principle. In this instance, we are talking about the actions of the principle. As such, GN Mortgage is responsible for its own assignments. The fact that MERS is the nominee for the beneficiary's successors and assigns, and does not alter the fact that an assignment of the trust deed occurred by the principle (beneficiary) itself. The original beneficiary was GN Mortgage. MERS was only acting as its nominee. Since there was a transfer by the beneficiary, ORS 86.735, <u>Burgett</u> and <u>McCoy</u> require that transfer to be recorded.

If plaintiffs' counsel has misunderstood the court's question, please advise.


Dated: Monday, February 14, 2011

**JAMES J. STOUT, P.C.**

By<u>   /s/ James J. Stout          </u>
James J. Stout
OSB No. 93473
Attorney for Plaintiffs Hooker

CERTIFICATE OF SERVICE

**Case No.** 10-CV-3111-PA

I, James J. Stout, hereby certify that I served the foregoing **SUPPLIMENTAL RESPONSE TO MOTION TO DISMISS** on Monday, February 14, 2011, via ECF:

John M. Thomas
Routh Crabtree Olson, PC
11830 SW. Kerr Pkwy., Suite 385
Lake Oswego, OR 97035
    Attorney for Defendant NWTS

Stephen P. McCarthy
Pilar C. French
Lane Powell PC
601 SW. 2nd Ave., Suite 2100
Portland, OR 97204-3158
    Attorneys for Defendants MERS
    and Bank of America

Monday, February 14, 2011

    __/s/ James J. Stout, PC_____
    James J. Stout
    OSB No. 93473
    419 S. Oakdale Ave.
    Medford, Oregon 97501
    Phone: 541-618-8888
    Fax: 541-618-9015
    jjstout1@aol.com
        Attorney for plaintiff Hooker
            (clients/Hooker/certmail)