UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br>DONALD E. McCOY, III,<br>                      Debtor. | Bankruptcy Case<br>No. 10-63814-fra13 |
| DONALD E. McCOY, III,<br>                      Plaintiff,<br>vs.<br>BNC MORTGAGE, INC; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC; US BANK, NA; FINANCE AMERICA, LLC; LEHMAN BROTHERS HOLDINGS, INC; and IMPACT ONE MORTGAGE SVCS,<br>                      Defendants. | Adversary Proceeding<br>No. 10-6224-fra<br><br>Memorandum Opinion |

Plaintiff filed a complaint with claims for wrongful foreclosure and to quiet title in real property. Defendants Mortgage Electronic Registrations Systems, Inc. (MERS) and U.S. Bank N.A. filed a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6)[1]. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

// // //

// // //

---

[1] Made applicable by Fed.R.Bankr.P. 7012.

Page 1 - Memorandum Opinion

## BACKGROUND

Plaintiff received a loan in 2005 from Defendant BNC Mortgage in the amount of $320,000, secured by a deed of trust against real property in Central Point, Oregon, in Jackson County, which the Plaintiff and his wife were purchasing as their residence. BNC Mortgage was listed on the trust deed as "Lender" and Defendant MERS was listed as "Grantee" of the security instrument. Page 2 of the deed of trust document defines MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Page 3 of the document describes the "Beneficiary" of the deed of trust as "MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." The "Trustee" is designated as First American Title Insurance Co. The adjustable rate promissory note disclosed BNC Mortgage as the "Lender," and did not name any other party other than the borrowers.

The Complaint alleges that BNC Mortgage received funds from Defendant Lehman Brothers Holdings, which had obtained the funds from investors, to make the loan to the Plaintiff. After the loan was funded, the Complaint further alleges that the beneficial interest in the loan was sold to Lehman Brothers Holdings which in turn sold it to its subsidiary Structured Asset Securities Corp, which in turn sold the loan to the Structured Asset Securities Corporation Loan Trust Mortgage Pass-Through Certificates, Series 2005-10 (Defendant US Bank NA Trustee), which then transferred the loan and others it had acquired into a loan pool. All these transfers, the Complaint alleges, were made without recording any documents in the official records of Jackson County, Oregon.

On September 11, 2007, MERS, through Vice President Kathy Taggart, executed and filed in the Jackson County records: 1) An Appointment of Successor Trustee, naming Northwest Trustee Services, Inc. as successor trustee, and 2) An Assignment of Trust Deed, assigning the beneficial interest in the Trust Deed from MERS to US Bank NA. Also on that same day, Northwest Trustee Services, Inc., Trustee, executed and filed a Notice of Default and Election to Sell the Plaintiff's Central Point property. It was also signed by Kathy Taggart.

On February 6, 2008, a Rescission of Notice of Default was executed and filed by Northwest Trustee Services, Inc. and a second Notice of Election to Sell was executed and filed. Thereafter, Northwest Trustee

Page 2 - Memorandum Opinion

1  Services, Inc. executed and filed documents required under Oregon's Trust Deed Statutes found in ORS
2  Chapter 86, including an Affidavit of Mailing, a Trustee's Notice of Sale, Proof of Service, and an Affidavit
3  of Publication.
4       Plaintiff filed a chapter 7 bankruptcy petition on March 5, 2010, thereby activating the automatic stay
5  under 11 U.S.C. § 362(a)², preventing any action by Defendants to foreclose their interest in the trust deed.
6  Defendant US Bank NA obtained a default order granting relief from the automatic stay on May 6, 2010 to
7  foreclose its interest in the trust deed. On June 28, 2010, Plaintiff was granted a discharge of debts. On
8  June 24, 2010, Plaintiff filed a chapter 13 bankruptcy petition and maintains the chapter 13 bankruptcy even
9  though informed by the court that he is ineligible for a discharge of debts due to the discharge received in the
10 previously filed chapter 7 case. See § 1328(f)(1). The automatic stay was again in place. US Bank NA filed
11 an objection to confirmation of Plaintiff's chapter 13 Plan and again filed a motion for relief from the
12 automatic stay which was granted at a hearing on August 26, 2010. The lawsuit originally filed by Plaintiff
13 for wrongful foreclosure and to quiet title in Jackson County Circuit Court was removed to the U.S. District
14 Court on September 17, 2010, and thereafter transferred to Bankruptcy Court to be litigated in this forum.
15                                MOTION TO DISMISS
16      Review of a complaint under Fed.R.Civ.P. 12(b)(6) is based on the contents of the complaint, the
17 allegations of which are accepted as true and construed in the light most favorable to the plaintiff. North
18 Slope Borough v. Rogstad *(In Re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997)(citations omitted). "[O]nce
19 a claim has been adequately stated, it may be supported by showing any set of facts consistent with the
20 allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007)(internal citation
21 omitted). This standard requires "enough fact to raise a reasonable expectation that discovery will reveal
22 evidence [supporting the cause of action]." Id. at 556. However, the court need not accept as true
23 unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Naert v. Daff,
24
25 ───────────
26     ²Unless otherwise specified, all statutory references herein refer to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

Page 3 - Memorandum Opinion

*(In Re Washington Trust Deed Service Corp.)*, 224 B.R. 109, 112 (9th Cir. BAP 1998). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering the motion, the court may not consider any material "beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, material which is properly submitted as part of the complaint may be considered. Id. Exhibits submitted with the complaint may also be considered. Durning v. The First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Further, a document whose contents are alleged in the complaint, or which is crucial to the complaint, and whose authenticity no party questions, but which is not physically attached to the pleading, may be considered. Branch v. Tunnell, 14 F.3d 449, 453-454 (9th Cir. 1994), cert. den. 119 S. Ct. 510(1998)(contents alleged in, but not attached to, complaint); Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir. 1998)(not specifically alleged and unattached, but integral to plaintiffs claims). Finally, matters that may be judicially noticed may be considered, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991), including court records in related or underlying cases. In re American Continental Corp./ Lincoln Sav. & Loan Securities Litigation, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom., Lexecon Inc. v. Milberg Weiss Bershad Hynes and Lerach, 523 U.S. 26 (1998).

## DISCUSSION

A. Claim to Quiet Title

The Complaint alleges that the only entities who were ever owed money were the investors of the Structured Asset Investment Loan Trust, Series 2005-10 and that those investors have all been paid in full. They were paid, according to the Complaint, by one or more of the following: income from the trust, credit default swaps, TARP money, or federal bailout funds. Accordingly, since no party is owed any money, title to the real property should rest exclusively in the Plaintiff, free of any encumbrances.

// // //

Page 4 - Memorandum Opinion

The Complaint fails to assert "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 555. It merely asserts, without any actual assertion of fact, that the debt has been paid from one or more sources. The allegation that nobody is owed any money based on Plaintiff's promissory note and deed of trust is a conclusory legal allegation which the court is not required to accept. Accordingly, Defendants' motion to dismiss the claim to quiet title in Plaintiff will be granted.

B. Wrongful Foreclosure

> **ORS 86.735 Foreclosure by advertisement and sale.** The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:
>
> (1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated; . . .

The Complaint alleges that there were one or more assignments of the Lender's interest that were not recorded. If the Lender is the beneficiary, it follows that foreclosure by advertisement and sale is not authorized under ORS 86.735. On the other hand, non-judicial foreclosure may be authorized if (a) MERS is the beneficiary, and (b) there have been no unrecorded assignments of MERS's interest.

MERS claims to be the beneficiary because the Trust Deed declares it the beneficiary. The term "Beneficiary," however, is defined at ORS 86.705(1) not merely as the person named as such, but as "the person named or otherwise designated in the trust deed *as the person for whose benefit a trust deed is given, or the person's successor in interest. . . .*" [italics added]. In the deed of trust described in and attached to the Complaint, that person is not MERS, but BNC Mortgage, the Lender. BNC Mortgage is the entity that loaned the money to Plaintiff and to whom the Plaintiff was obligated under the promissory note. Moreover, the deed of trust provides that MERS is acting solely as the nominee of the Lender.

A deed of trust may authorize delegation of the beneficiary's powers to a separate nominee, as appears to have been the case here. However, the powers accorded to MERS by the Lender - with the borrowers' consent - cannot exceed the powers of the beneficiary. The beneficiary's right to require a non-judicial sale is limited by ORS 86.735. A non-judicial sale may take place only if any assignment by BNC Mortgage has been recorded. As the Complaint sets out a plausible claim that one or more assignments from

Page 5 -   Memorandum Opinion

BNC Mortgage were unrecorded, the Defendants' motion to dismiss the claim for wrongful foreclosure will be denied.[3]

It should be noted that ORS 86.735 applies only to non-judicial foreclosures and does not act to limit judicial foreclosures. Judicial foreclosure of trust deeds is authorized by ORS 86.710; when foreclosed judicially, trust deeds are treated as mortgages. Read together, the two provisions make it clear that Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record. When the public record is lacking, the foreclosing beneficiary must prove its interest in a judicial proceeding.

## CONCLUSION

For the reasons given, the motion to dismiss filed by Defendants MERS and US Bank NA will be denied as to Claim 1 for wrongful foreclosure and granted as to Claim 2 to quiet title, with leave to replead. An order will be entered by the court consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

---

[3] The Complaint also alleges that any actions taken by MERS in Oregon are a legal nullity because MERS is not authorized to do business in the state. However, as Defendant points out, even if MERS's activities in the state were not excepted at ORS 60.701(2) from the requirement that an entity be authorized by the Secretary of State to do business in the Oregon (although it appears that they are in this case), ORS 60.704(5) provides that "the failure of a foreign corporation to obtain authority to transact business in this state does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state."

Page 6 - Memorandum Opinion