**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants Bank of America, NA, and Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,**<br><br>Plaintiffs,<br><br>v.<br><br>**NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br><br>Defendants. | Case No. 10-CV-3111-PA<br><br>Defendants' MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING QUESTION POSED BY COURT |

### I.    INTRODUCTION

As set forth below and in their opening memorandum, Defendants contend that the certified question as reformulated by the Minnesota Supreme Court in *Jackson* and that Court's analysis and holding provide important guidance regarding the interpretation and application of Oregon's Trust Deed Act. The plain wording of Oregon's Trust Deed Act does not require

PAGE 1 -    MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING QUESTION POSED BY COURT

MERS or any of the other defendants to record anything more that an assignment of the trust deed and the appointment of a successor trustee before non-judicial foreclosure pursuant to ORS 86.735, which is Oregon's foreclosure by advertisement and sale statute.

## II.    ARGUMENT

A.    **The Answer to the Reformulated Question in *Jackson* Is Instructive Regarding the Application of Oregon's Trust Deed Act to Plaintiffs' Default.**

As an initial matter, Plaintiffs appear to suggest that there is a difference between the question certified by the Minnesota District Court and the Minnesota Supreme Court's reformulated question. (Pls.' Supp. Brf. Re: Jackson v. MERS ("Pls.' Supp. Brf.") 1.) There are no material differences between the two questions. All the Minnesota Supreme Court did when reformulating the question was to remove any ambiguity by clarifying the terminology to draw a distinction between the mortgage, which is the conveyance of an interest in real property that provides security for the debt and must be recorded, and the underlying indebtedness, which is the promissory note. *Jackson v. Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 489, 493 (Minn. 2009).

With respect to these proceedings, there is no substantive difference between the certified and reformulated questions. Both questions have the same answer. Under Minnesota's statutory scheme there is no obligation to record transfers of the underlying indebtedness in order to non-judicially foreclose the mortgage because such transfers are not a conveyance of a legal interest in real property. 770 N.W.2d at 501.

Plaintiffs also seem to contend that *Jackson* provides no guidance because *Jackson* concerns a "mortgage," while this case concerns a "trust deed." (Pls.' Supp. Brf. 1.) If Plaintiffs are indeed making that argument, the distinction between a mortgage and trust deed is a distinction that does not make a difference in the application of either Minnesota's or Oregon's statutes permitting non-judicial foreclosure. In both statutory schemes, the mortgage and trust deed are the conveyances of a legal interest in real property given by the borrowers to provide

PAGE 2 -    MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
             REGARDING QUESTION POSED BY COURT

security for the repayment of the promissory note. In this role, the mortgage and the trust deed are fundamentally the same. They are both conveyances of an interest in real property that require recordation. Similarly, under each state's respective non-judicial foreclosure statutes, the assignments of the mortgage and trust deed both require recordation before non-judicial foreclosure by advertisement and sale can occur.

Finally, both a mortgage and a trust deed are security for the underlying debt, which in both instances is a promissory note that does not convey an interest in real property and does not require recordation. Thus, for purposes of analyzing each state's statutory scheme, a mortgage and a trust deed should be viewed as having the same characteristics. It should be noted, however, that under Oregon's statutory scheme, the Oregon Legislature defined terms and prescribed which assignments of the trust deed must be recorded so Oregon's statute governing trust deeds provides even more compelling reasons for not requiring the recordation of transfers of the debt. Oregon's scheme prescribes that only "assignments of the trust deed *by the trustee or the beneficiary*" be recorded before non-judicial foreclosure by advertisement and sale. ORS 86.735(1). Thus, only assignments by the parties that have a recorded interest in the real property providing security—that is the trustee or the beneficiary—must be recorded. Oregon's scheme does not even contemplate that the holder of the debt would record its interest.

Plaintiffs refer to *Burgett v. MERS,* Order dated October 19, 2010, USDC Case No.09-6244 (D.C. OR. 2010), and *In re McCoy*, Memorandum Opinion dated February 7, 2011, U.S. Bnkr. Case No. 10-63814-fra13, as standing for the proposition that assignments of the trust deed must be recorded as a prerequisite to foreclosure by advertisement and sale. (Pls.' Supp. Brf. 2.) Although Defendants disagree with other parts of the decisions in *Burgett* and *McCoy*, they do not disagree with plaintiffs' statement that assignments of the trust deed must be recorded in order to foreclose non-judicially under Oregon's statutory scheme. Defendants, however, strongly disagree with plaintiffs' contention that the certified question in *Jackson* was formulated to address the underlying lender's assignment of its right to the security. (*Id.*) Neither the

PAGE 3 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
            REGARDING QUESTION POSED BY COURT

certified question nor the reformulated question address the issue of a transfer of the security and plaintiffs' contention that it was addressed is simply wrong. *Jackson,* 770 N.W.2d at 489, 493.

Both the certified and the reformulated questions were intended to address whether under Minnesota's statutory scheme a transfer or sale of the debt—the promissory note—must be recorded as an assignment of the security—the mortgage—as prescribed by the Minnesota statute. Recognizing that only legal interests in the real property providing security for the debt need be recorded under Minnesota's statute, the *Jackson* court held that assignments of the debt do not need to be recorded before a non-judicial foreclosure sale can occur. 770 N.W.2d at 501.

The Minnesota statute and Oregon's statute mirror one another in this regard. Consequently, the *Jackson* decision is instructive. Oregon, like Minnesota, requires recordation of legal interests in the security held by trustees or beneficiaries. Oregon's statutory scheme, like Minnesota's, does not require recordation of beneficial interests in the debt.

**B.     Plaintiffs Conflate an Interest in the Security with an Interest in the Debt.**

Minnesota and Oregon both recognize the distinction between interests in the security and interests in a debt. Legal interests in the security must be recorded. Interests in the debt, which are governed by the Uniform Commercial Code, are not conveyances that require recordation. Plaintiffs in their brief appear to conflate the principles applicable to interests in the debt with interests in the security. (Pls.' Supp. Brf. 2.) As set forth in their opening memorandum, Defendants contend that the distinction between the security and the debt was not only important to the Minnesota Supreme Court, but is also an important part of Oregon's statutory scheme.

Plaintiffs cite orders in *Burgett* and *McCoy*. (*Id.*) Defendants do not understand how those cases relate to this Court's order to consider the questions posed in *Jackson* and the applications of the Jackson court's analysis to Oregon's Trust Deed Act. Neither *Burgett* nor the *McCoy* opinions appear to discuss the principles set forth in or to even cite *Jackson*. Defendants

PAGE 4 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
           REGARDING QUESTION POSED BY COURT

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/907386.2

therefore contend that *Burgett* and *McCoy* do not affect in any respect the court's analysis in *Jackson* and should not even be considered by this Court.

To the extent that plaintiffs, or possibly this Court, might rely on *Burgett* and *McCoy* for the proposition that transfers or sales of the beneficial interest in the debt secured by a trust deed must be recorded as assignments of the trust deed before foreclosure by advertisement and sale can occur, Defendants respectfully disagree for a number of reasons. (Pls.' Supp. Brf. 2.) First, unlike this Court, neither the *Burgett* nor the *McCoy* courts had the benefit of the briefing regarding *Jackson*. Had they had the benefit of the briefing they would have been apprised of the purposes behind the recording of interests in the security. The *Burgett* and *McCoy* courts would also have been informed that the recording of interests in the debt is not consistent with recordation of interests in the security, which is a conveyance of an interest in real property. Finally, they would have had the benefit of the reasoning of a state's highest court when construing a statute that mirror's Oregon's statute.

Second, the opinion in *McCoy* is a ruling on a Motion to Dismiss pursuant to Rule 12(b)(6), which is made applicable to those bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012. The *McCoy* court denied the motion to dismiss because the "Complaint sets out a plausible claim that one or more assignments from BNC Mortgage were unrecorded[.]" *McCoy*, Opinion and Order, pp. 5-6.

Third, both *Burgett* and *McCoy* appear to have misconstrued the purposes behind the recording of interests in the security and the definition of beneficiary as used in Oregon's Trust Deed Act. In *Burgett*, the court equated the interests of subsequent lenders and servicers to beneficiaries "as holders of the beneficial interest as the principal of MERS who acts as the lender's agent under the trust deed." *Burgett,* Opinion and Order, dated October 19, 2010*,* pp. 6-7. Thus, the court seems to have equated beneficial interests in the debt with the "beneficiary" identified in the trust deed. However, Oregon's scheme requires only assignments of the trust deed by the beneficiary or the trustee because those are the holders of the interest in the security

PAGE 5 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING QUESTION POSED BY COURT

and those interests, particularly the interest of the trustee, are passed on to the purchaser at a foreclosure sale. Those interests are the legal interests in the title to the security that must be part of the record title. Beneficial interests in the debt do nothing to convey title or pass clear title.

Similarly, the *McCoy* court equated recording with confirmation of the beneficiary's and trustee's authority to act. However, the authority to act is not a conveyance of an interest in the security that is required to be recorded.

Finally, it appears that *Burgett* and *McCoy* by their results might incorrectly suggest that the requirement of recordation of interests in the security is intended to benefit the borrowers. Recordation is intended to benefit those who own the underlying debt (which the trust deed secures the repayment of by the borrower) and to put on notice the world at large that the property is encumbered by a lien. It is not intended to benefit those, like the borrowers, that are already well aware of their interest in the security and whose interest in the real property is expressly made subordinate to that of the beneficiary of the deed of trust. Indeed, Oregon's Trust Deed Act addresses borrowers by providing that following non-judicial foreclosure the borrowers are not subject to a deficiency. ORS 86.770.

C.  **The Holder of the Interest in the Note Is Not Hiding.**

Defendants do not understand what plaintiffs mean by their assertion that the lender cannot hide behind MERS. (Pls.' Supp. Brf. 2.) No one is hiding. MERS is identified in the trust deed as the beneficiary as nominee of the lender, its successors and assigns. The trust deed has been recorded. The assignment of the trust deed has also been recorded. The trustee is disclosed and recorded. All parties having an interest in the security are a matter of record and provide notice of their respective interests in the property providing security for the debt.

D.  **The *Agard* Decision Is Not Responsive to this Court's Order.**

Plaintiffs, in their most recent memorandum, attach a Memorandum Decision issued by a New York Bankruptcy Court in *In re Ferrel L. Agard*, U.S. Bnkr. Ct. Case No. 810-77338-reg (E.D. N.Y. Bnkr. Ct. Feb. 10, 2011). As with the *Burgett* and *McCoy* decisions, Defendants are

PAGE 6 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
           REGARDING QUESTION POSED BY COURT

unable to discern how the *Agard* decision relates to this Court's scheduling order instructing the parties to brief the question certified by the federal court in *Jackson* and how that question applies under the Oregon Trust Deed Act. The *Agard* decision is not responsive to this Court's order because it does not cite or analyze the Minnesota statute at issue in *Jackson*, it does not discuss or analyze *Jackson*, and it does not concern the Oregon Trust Deed Act.

Defendants have cited and can continue to cite a number of cases where courts in a large number of other jurisdictions have reached a different conclusion than the court in *Agard*. Defendants have not submitted those other authorities because they do not analyze the issues set forth in this Court's order and Defendants, to the extent possible, are attempting to limit their briefing to the Minnesota Courts' questions and analysis and the Oregon Trust Deed Act.

If this Court intends to consider *Agard* even though it clearly falls outside the scope of this Court's order, this Court should note that it is distinguishable. The court in *Agard* was interpreting New York State Real Property and Contract law. The *Agard* gloss on that law is inconsistent with decisions in New York's state courts that already ruled that "a written assignment of the note and mortgage by MERS, in its capacity as nominee, confers good title to the assignee" *U.S. Bank v. Flynn,* 897 N.Y.S. 2d 855 (Suffolk County Supreme Court, 2010); *see also, HSBC v. MacPherson*, Suffolk County Supreme Court No. 08-29742 (May 24, 2010).

In *MERSCORP, Inc. v. Romaine*, 861 N.E.2d 81, (N.Y. Ct. App. 2006), the New York Supreme Court (Suffolk County) reviewed the ability of a nominee to be the mortgagee, and ruled that MERS was a proper mortgagee. In contrast to the court ruling in *Agard*, the New York Supreme Court held that "MERS can legally be denominated an agent of the lender under R.P.A.P.L.§ 1921(9)(a) mortgage." In *Agard*, the Bankruptcy Court refused to interpret this same definition of mortgagee in the New York State Real Property Actions & Proceedings Law as including "nominee."

PAGE 7 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
          REGARDING QUESTION POSED BY COURT

707220.0017/907386.2

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Similarly, in *MERS v Coakley*, 838 N.Y.S.2d 622 (2d Dept. 2007), the New York Supreme Court, Second Department Appellate Division, upheld MERS' standing to foreclose a mortgage, interpreting the same text of the mortgage used in Agard, that is, "further support for MERS' standing may be found on the face of the mortgage instrument itself. Coakley [the borrower] expressly agreed without qualification that MERS had the right to foreclose in the event of default."

The *Agard* decision relies on *Landmark National Bank v. Kesler*, 289 Kan. 528 (2009). *In re Martinez*, Case No. 09-40886, 17 (Bankr. D. Kansas February 11, 2011), the Bankruptcy Court for the District of Kansas earlier this month examined *Kesler* and recognized that the *Kesler* court had failed to consider the rights of the note holders. The *Martinez* court held that the lender's interest "is secured and it has the right to enforce the Note and Mortgage through its agent, MERS or on its own (by directing its agent to assign the mortgage to it)." The *Martinez* court went on to say that "Although the Kansas Supreme Court did address the relationship between MERS and its member lenders in *Landmark*—likening MERS to a "straw man"—the court did not specifically hold that no agency relationship existed." The court found that MERS presented the Court with sufficient undisputed evidence to establish that MERS was acting as an agent for the lender. The fact that MERS and the lender chose to use the word "nominee," rather than "agent," does not alter the underlying relationship between the two parties.

Finally, the language from *Agard* that plaintiffs rely upon is merely *dicta*. This Court should not give the *Agard* decision, particularly the language that plaintiffs rely upon, any precedential value or weight. The issues framed by this Court are set forth in *Jackson* and discussed in Defendants' briefs. The *Agard* decision has no relationship to those issues whatsoever.

### III.   CONCLUSION

Oregon's Trust Deed Act and the Minnesota statute interpreted in *Jackson* mirror one another with respect to the recording requirements before a non-judicial foreclosure. The legal

PAGE 8 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING QUESTION POSED BY COURT

issue presented in *Jackson* and that court's analysis of it is instructive.  Like the court ruled in *Jackson*, Oregon does not require recordation of transfers or sales of the promissory note in order to foreclose a trust deed by advertisement and sale under ORS 86.735.  Such a requirement is inconsistent with the wording of the statute, the intent of the statute, and the purposes of the applicable laws.

DATED:  February 25, 2011

LANE POWELL PC

By /s/ Stephen P. McCarthy
　Stephen P. McCarthy, OSB No. 894152
　Pilar C. French, OSB No. 962880
　Telephone:  503.778.2100
Attorneys for Defendants Bank of America, NA,
and Mortgage Electronic Registration Systems, Inc.

PAGE 9 -   MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF
　　　　　　　REGARDING QUESTION POSED BY COURT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/907386.2