**Stephen P. McCarthy**, OSB No. 894152
mccarthys@lanepowell.com
**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants Bank of America, N.A., and
Mortgage Electronic Registration Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **IVAN HOOKER and KATHERINE HOOKER,**<br><br>                              Plaintiffs,<br><br>            v.<br><br>**NORTHWEST TRUSTEE SERVICES, INC.; BANK OF AMERICA, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**<br><br>                              Defendants. | Case No. 10-CV-3111-PA<br><br>Defendants Bank of America and Mortgage Electronic Registration Systems, Inc.'s RESPONSE TO MOTION FOR AN AWARD OF ATTONEYS' FEES FOR PLAINTIFF |

Defendants Bank of America, N.A. ("Bank of America") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "defendants") file this response to plaintiffs' Motion for an Award of Attorneys' Fees for Plaintiff (ECF No. 35) and Memorandum in Support for an Award of Attorneys' Fees ("Memorandum") (ECF No. 36).

PAGE 1 -   DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS'
                    FEES FOR PLAINTIFF

## I. INTRODUCTION

Plaintiffs Ivan Hooker and Katherine Hooker ("plaintiffs") filed a motion for attorney fees under Fed. R. Civ. P. 54(d)(2) and LR 54-3 following the Court's order of May 25, 2011, that denied defendants' Motion to Dismiss and granted declaratory judgment in favor of plaintiffs. (ECF No. 32.) Plaintiffs' believe that they are entitled to an award of attorney fees because the note and trust deed provide defendants with the ability to recover fees in the event that they are required to enforce the terms of the loan. In support of their request, plaintiffs rely on the deed of trust and note in conjunction with ORS 20.096, which provides for the reciprocity of attorney fees in certain proceedings to enforce a contract. (Memorandum ¶ 2.) Plaintiffs are not entitled to fees under the reciprocity statute in this case for the following reasons:

1.   Plaintiffs' Complaint sought declaratory relief based upon defendants' alleged noncompliance with the statutory requirements of the Oregon Trust Deed Act ("OTDA"), not the terms of the note or trust deed. Thus, ORS 20.096 does not apply because their claim is not one "based on a contract."

2.   The Court's May 25, 2011, order expressly limited its scope to a "narrow" finding that defendants failed to comply with the OTDA, not that defendants breached their obligations under the note or trust deed. In fact, the Court did not bar defendants from seeking foreclosure in the future. Because of the Court's narrow holding, plaintiffs did not prevail on a claim "based on a contract" for the purposes of ORS 20.096, as they contend.

3.   Even if plaintiffs' claim was "based on a contract," they cannot recover because *their* material breach was the event that caused the foreclosure to be initiated in the first place.

Neither the terms of the note, trust deed, ORS 20.096, nor the Court's order on May 25, 2011, supports plaintiffs' motion for attorney fees. Accordingly, their motion should be denied.

PAGE 2 -   DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR PLAINTIFF

707220.0017/5104629.2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## II. ARGUMENT

**A.    Oregon's Reciprocity Statute Only Applies in Limited Circumstances Where a Party Prevails on a Claim "Based on a Contract."**

Section 22 of the deed of trust provides: "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Section 7(E) of the note provides: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

The language of the trust deed and note identified above clearly provide for an award of attorney fees for the lender or note holder. In an attempt to collect their attorney fees, plaintiffs employ ORS 20.096, a reciprocity statute that entitles parties to recover attorney fees under the same circumstances, even if one of the parties is not specifically named in the contract. *Benchmark Northwest, Inc. v. Sambhi*, 191 Or. App. 520, 524, 83 P.3d 348 (2004). The statute provides:

> (1) In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract.
>
> * * * *
>
> (3) As used in this section and ORS 20.097, "contract" includes any instrument or document evidencing a debt.

ORS 20.096. The provisions of ORS 20.096 only come into play if the action is "based on a contract" that provides for such fees. Such is not the case here, because plaintiffs' action is based on the provisions of the OTDA, not a contract.

PAGE 3 -    DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR PLAINTIFF

B.  **Plaintiffs' Complaint for Declaratory Relief is Based On Statute, Not "on a Contract."**

The allegations contained in plaintiffs' Complaint for declaratory judgment were grounded in the provisions of the OTDA, ORS 86.705 et seq.  Specifically, plaintiffs argued that (i) MERS was a "sham" beneficiary that had no power to assign or transfer the trust deed; (ii) Bank of America lacked any right to foreclose; (iii) MERS was acting ultra vires because it was not licensed to do business in Oregon; and (iv) Northwest Trustee Services lacked authority to serve as successor trustee.  (*See* Complaint (ECF No. 1) Ex. 1; ¶ 5.)  In essence, plaintiffs argue that defendants' alleged noncompliance with the OTDA prevents the non-judicial foreclosure from being maintained.

To determine whether ORS 20.096 is applicable, it is also important to identify what plaintiffs did *not* allege.  Specifically, plaintiffs did not claim that Bank of America or MERS breached the terms of the note or deed of trust, or that the defendants were not entitled to pursue their contractual remedies following plaintiffs' default.  In fact, quite the opposite is true.  Plaintiffs actually admitted in their Complaint that *they* were the ones to breach the terms of the contract by defaulting on the note and deed of trust.  (*Id.* at ¶ 3 ("Due to economic forces beyond their control, plaintiffs became delinquent in the payments under the note.  Around September of 2009, plaintiffs could no longer make the payment.").)

There was no claim made that Bank of America, MERS, or any other party acted contrary to the obligations set forth in the note and trust deed.  Rather, plaintiffs' claim was based on their belief that defendants failed to comply with the statutory requirements in connection with the non-judicial foreclosure of the property.  That is, the plaintiffs did not prevail on a contractual claim that defendants breached the terms of the note or trust deed, and did not prevail on allegations that the note or trust deed are unenforceable.  In fact, plaintiffs themselves recognized that Wells Fargo Bank ("Wells Fargo") may still be able to pursue non-judicial foreclosure of the property:  "The court should issue a declaratory judgment declaring that the foreclosure is unlawful as set forth above and enjoining the defendants from foreclosing * * * *until they comply*

PAGE 4 -   DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR PLAINTIFF

*with ORS chapter 86* and have the right and authority to foreclose." (Complaint ¶ 6.) Plaintiffs themselves concede that defendants maintain a valid right to foreclose, and that the contract (i.e., the note and trust deed) is still enforceable. As a result, it cannot be said that plaintiffs have prevailed on a claim based on a contract, and they are not entitled to attorney fees under the reciprocity statute.

C. **The Court's Holding in its May 25, 2011, Order Was Based on Noncompliance With the OTDA, Not Any Contractual Right.**

The Court's order of May 25, 2011, much like the allegations in plaintiffs' Complaint, were based on the provisions of the OTDA as opposed to the note or trust deed. (ECF No. 32.) Indeed, the bulk of the Court's discussion and analysis revolved around the requirements and framework of Oregon's non-judicial foreclosure statute, not whether the parties had complied with their respective contractual obligations. (*Id.* at 5-16.)

The Court specifically focused on the widespread, national use of the MERS system as the foundation for its ruling. (*Id*. at 14 ("The MERS system raises serious concerns regarding the appropriateness and validity of foreclosure by advertisement and sale outside of any judicial proceeding.").) The Court also considered the effect that the MERS recording system has on a more comprehensive level, rather than limiting its discussion to the dispute between the parties at issue in this case. (*Id.* at 15 ("When no borrowers default, the problems inherent in the MERS system may go unnoticed. Unfortunately for banks, borrowers, investors, and courts throughout the country, many borrowers are now defaulting.").)

Despite the broader discussion of the MERS system and the current economic climate in its order, the Court made a point to emphasize that it decided the instant case on "narrow grounds." (*Id.* at 16.) However, those grounds were not based on the parties' contractual rights or obligations. The Court ultimately held that "[b]ecause defendants failed to record all assignments of the trust deed, the non-judicial foreclosure proceedings violated the Oregon Trust Deed Act. Therefore, plaintiffs are entitled to declaratory relief on that claim." (*Id.*)

PAGE 5 -   DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS'
           FEES FOR PLAINTIFF

Moreover, the Court plainly recognized that it was *plaintiffs* that had failed to fulfill their obligations under the note and deed of trust.  (*Id.* at 2 ("In September 2009, plaintiffs defaulted.").)  Importantly, the Court did *not* find that Wells Fargo wrongfully declared a default or accelerated the note, that Wells Fargo could not pursue judicial foreclosure proceedings in the future, or even that an action for non-judicial foreclosure could not be maintained under Oregon law.  In other words, the remedies provided by the note and trust deed remain available to defendants because their rights under the contract are unaffected by plaintiffs' successful action for declaratory judgment.  Consequently, it is clear that plaintiffs did not prevail on a claim based on a contract, but rather on their claim relating to defendants' compliance with a statute.

**D.    Plaintiffs Should Not Recover Because Their Breach is the Basis for the Foreclosure.**

Finally, even if it is determined that plaintiffs' action was based on a contract between the parties, their recovery is barred because it is undisputed that they are in material breach.  Just as one seeking equity must do equity, *Haskin v. Glaser*, 138 Or. 427, 435, 6 P.2d 1092 (1932), plaintiffs here should not be entitled to an award of attorney fees because they have admitted that their breach was the impetus for the loan to be declared in default and accelerated.

"It is well established, at least as a general rule, that a plaintiff who seeks to recover under the terms of an express contract for defendant's failure to perform its terms must plead and prove his own substantial performance or a valid excuse for his failure to perform." *Wasserburger v. Amer. Sci. Chem.*, 267 Or. 77, 82, 514 P.2d 1097, 1099 (1973) (citations omitted).  Here, plaintiffs have not done so, as they have admitted that they defaulted by failing to make payments as required under the loan's terms.  (Complaint ¶ 3.)  A breaching party should not benefit from their admitted failure to fulfill the terms of an agreement they agreed to be bound by, except where a valid excuse has been proved.  *Lamb-Weston, Inc. v. Oregon Auto. Ins. Co.*, 219 Or. 110, 116, 341 P.2d 110 (1959) ("While it is true that one suing on a contract must allege and prove performance of its conditions upon his part, it is also well-established in

PAGE 6 -    DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR PLAINTIFF

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

707220.0017/5104629.2

the law that if he has not performed he may allege and prove in lieu thereof a valid excuse therefor.")

Plaintiffs here have neither alleged nor shown that they have any valid excuse for their admitted default. Rather, plaintiffs state that it was caused by "economic forces beyond their control." (Complaint ¶ 3.) Therefore, even if this Court finds that the plaintiffs have prevailed on a claim based on a contract giving rise to the reciprocity provisions of ORS 20.096, plaintiffs are barred from recovering because their admitted breach set the non-judicial foreclosure proceedings in motion.

### III.  CONCLUSION

For the reasons stated above, defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. respectfully request that this Court enter an order denying plaintiffs' Motion for an Award of Attorneys' Fees for Plaintiff.

DATED:  June 23, 2011

LANE POWELL PC


By /s/ Pilar C. French
   Stephen P. McCarthy, OSB No. 894152
   Pilar C. French, OSB No. 962880
   Telephone:  503.778.2100
Attorneys for Defendants Bank of America, N.A.,
and Mortgage Electronic Registration Systems, Inc.

PAGE 7 -   DEFENDANTS' RESPONSE TO MOTION FOR AN AWARD OF ATTORNEYS' FEES FOR PLAINTIFF

707220.0017/5104629.2

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200